*VR*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | | |
|---|---|---|
| B.F.G., by his parents and next friends, R.G and B.G., and R.G., and B.G., | ) ) ) | **08CV1565** |
| Plaintiffs, | ) ) | **JUDGE CONLON** |
| v. | ) ) | **MAG.JUDGE NOLAN** |
| Willie Blackmon, Investigator, Division of Child Protection, ("DCP"), of the Illinois Department of Children and Family Services("DCFS"), in his individual capacity; Kimberly Smith-Foote, Investigative Supervisor (DCP), in her individual capacity; Danielle Butts, supervisor, Child Advocacy Center of Southwest Cook County, Illinois ("CAC"), in her individual capacity; Rhonda Casady, attorney for DCFS, in her individual capacity, Detective Tibordan and Officer Widlacki, police officers, Willow Springs Police Department, in their individual capacities; Village of Willow Springs, Illinois, a Municipal Corporation; and ~~J.S. and K.S.~~ John G. Scaramello Kathleen A. Scaramello Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Jury Demand F I L E D MAR 1 8 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |

## COMPLAINT AT LAW

Plaintiff, B.F.G., by his parents and next friends, R.G. and B.G., and R.G. and B.G., by

and through their attorneys, James G. Sotos and Julie K. Bisbee of JAMES G. SOTOS &

ASSOCIATES, LTD., and Lance Northcutt of BERG, NORTHCUTT & BERG, complain of

Defendants as follows:

### NATURE OF CLAIM

1.    This action is asserted pursuant to the First, Fourth, and Fourteenth Amendments

to the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and

includes supplemental state law claims, premised upon violations of Plaintiffs' rights under

Illinois law. Plaintiffs' claims arise from the flawed investigation, false arrest, abusive

persecution, and public condemnation of B.F.G. for the alleged sexual abuse of N.S. and J.L.S.

## JURISDICTION AND VENUE

2.    Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1343,  and 28

U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all

parties reside within Cook County, Illinois and all relevant acts occurred in the Northern District

of Illinois, in the County of Cook, State of Illinois.

## PARTIES

4.    Plaintiff B.F.G., a minor, resides with his mother and father, and younger

brother and sister in a western suburb of Chicago, Illinois.  Prior to the events which form the

basis of this Complaint, B.F.G. was a middle school honor student, and a well-adjusted and

happy teenager who was active in neighborhood and athletic activities, and enjoyed the respect,

friendship and companionship of neighbors and members of the surrounding community.  B.F.G.

is now a high school freshman.

5.    Plaintiffs R.G. and B.G., are B.F.G.'s parents, and are doctors of medicine who

practice primarily in Chicago, Illinois.  Prior to the events which form the basis of this

Complaint, R.G. and B.G. were thriving members of and enjoyed much goodwill in their

neighborhood, and were well-respected physicians, neighbors, and active members of their local

community.

2

6.    Defendant, Rhonda L. Casady was, at all relevant times, an attorney, and an employee and/or independent contractor providing attorney services to the Illinois Department of Children and Family Services (DCFS). Defendant Casady represented DCFS in B.F.G.'s administrative appeal and acted under color of state law. Defendant Casady is sued in her individual capacity.

7.    Defendant Danielle Butts was, at all relevant times, a supervisor at the Child Advocacy Center of Southwest Cook County, Illinois (CAC), Defendant Butts conducted Victim Sensitive Interviews ("VSIs") of the various children involved in the investigation of B.F.G. At all relevant times, Defendant Butts acted under color of state law, and is sued in her individual capacity.

8.    Defendant Willie Blackmon was, at all relevant times, the lead DCFS investigator in the case against B.F.G., and acted under color of state law. Defendant Blackmon is sued in his individual capacity.

9.    Defendant Kimberly Smith-Foote was, at all relevant times, a DCFS supervisor who oversaw Defendant Blackmon's investigation of B.F.G. Defendant Smith-Foote acted under color of state law and is sued in her individual capacity.

10.    At all times relevant, Defendant Officer Widlacki acted under color of state law as a police officer with the Village of Willow Springs Police Department. Defendant Widlacki is sued in his individual capacity.

11.    At all times relevant, Defendant Detective Tibordan acted under color of state law as a police officer with the Willow Springs Police Department. Defendant Tibordan is sued in his individual capacity.

3

12.    Defendant Village of Willow Springs is an Illinois municipal corporation and, as such, is responsible for the policies, practices and customs of the Willow Springs Police Department. Defendant Village of Willow Springs at all relevant times was the employer of Defendants Tibordan and Widlacki. The Village of Willow Springs is responsible for the acts of Defendants Tibordan and Widlacki while acting within the scope of their employment.

13.    Defendants J.S. and K.S. are a married couple who reside in west suburban Cook County and are the parents of J.L.S and N.S. .

## FACTS

## INITIAL OUTCRY

14.    From July through November 2006, B.F.G. occasionally babysat J.L.S. and N.S., the nine and seven year old children of Plaintiffs' neighbors, Defendants J.S. and K.S.

15.    On January 15, 2007, J.L.S. and N.S. were caught by their grandmother touching each other in their genital areas, and using sexually inappropriate language. After being confronted by their mother, K.S., the children fabricated wild and obviously false accusations that they had been abused by B.F.G., who, while babysitting, had forced toy objects into J.L.S.'s anus, and made N.S. do naked flips, during games of "truth or dare". They also contended that B.F.G. had committed some of these acts upon and in the presence of his own younger siblings E.G. and M.G.

16.    J.L.S. and N.S. would later add even more outrageous and preposterous allegations including that B.F.G. inserted toys into N.S.'s anus, and punched N.S. in the nose causing her to bleed. At the time these allegations were raised, Defendants K.S. and J.S. knew

4

that their children had histories of fabricating false stories and acting out sexually which occurred well before B.F.G. ever babysat the children.

## POLICE AND DCFS INVESTIGATION

17.     On January 16, 2007, Defendants J.S. and K.S. reported their childrens' preposterous accusations to Defendant Widlacki at the Willow Springs police department. Defendants K.S. and J.S. provided Defendant Widlacki with a toy plastic carrot and banana, which purportedly had been inserted into J.L.S.'s anus, as evidence.  No forensic testing was ever performed on these physical items.

18.     Defendant Widlacki contacted DCFS on January 16, 2007, and, on the following day, Defendant Blackmon was assigned by DCFS to investigate.  Defendant Smith-Foote was also assigned to the case.

19.     At the very beginning of his investigation, on January 17, 2007, Defendant Blackmon violated DCFS protocols and policies by demanding to confront Plaintiffs about the allegations against B.F.G. without first having interviewed the alleged victims, J.L.S. and N.S., and their parents.  Defendant Blackmon further threatened to forcibly remove M.G. and E.G. from their family home if R.G. did not allow him to interview her children at that time.  As a result of Defendant Blackmon's coercion, and in an ultimately futile attempt to preserve the integrity and sanctity of her family, Plaintiff R.G. permitted Defendant Blackmon to interview her and her two youngest children without any opportunity to prepare them for the ordeal.

20.     During these interviews, both E.G. and M.G., each of whom were interviewed separately, and had no opportunity to prepare, rehearse, be coached or collaborate, credibly

5

denied the accusations that B.F.G. had sexually abused them or had abused N.S. and J.L.S. in their presence.

21.    Defendant Blackmon found E.G. and M.G. to be credible witnesses, and, upon information and belief, reported his findings to his supervisor, Defendant Smith-Foote.

22.    Plaintiff R.G. further informed Defendant Blackmon that she was customarily at home with her children and that the allegations could not be truthful. Further, R.G. assured Defendant Blackmon that the home was a safe environment.

23.    R.G. also truthfully informed Defendant Blackmon that N.S. and J.L.S. had histories of serious behavioral problems which included playing "naked theater", N.S. attempting to strangle, and permanently scarring E.G. with a kite string, J.L.S. repeatedly playing with others with his pants down, and J.L.S. having asked E.G. to take her pants off. All of these incidences pre-dated B.F.G.'s babysitting duties with N.S. and J.L.S.

24.    Though Defendant Blackmon found Plaintiffs' recounting of events to be credible, and there was no safety risk posed to B.F.G.'s siblings, he inexplicably instructed R.G. that B.F.G. must leave the home due to the bizarre and unsubstantiated hearsay allegations. Notwithstanding M.G. and E.G.'s unrehearsed statements to Blackmon that their brother never abused them, Defendant Blackmon coerced R.G. to remove her son from their home after he came home from school on January 17, 2007, by threatening that if she did not agree to remove B.F.G., Blackmon would have him forcibly removed.

25.    As a result of Defendant Blackmon's threats, and to protect her children from the debilitating emotional and psychological trauma of seeing B.F.G. forcibly removed from his

6

home and placed into custody without cause, R.G. submitted to Blackmon's threats and removed B.F.G. from the family home.

26.    After forcing Plaintiffs to remove B.F.G. from his home, Defendant Blackmon further violated DCFS policies and protocols by failing to work with Plaintiffs to develop a safety plan, and instead unilaterally decided the terms of the plan without even discussing the details with Plaintiffs, and without providing them a copy of the plan.

27.    Following B.F.G.'s removal from his home, Defendant Blackmon, with the acquiescence and approval of Defendant Smith-Foote, continued to run roughshod over DCFS policies and protocols designed to safeguard the rights of an accused during a DCFS investigation by:

> (a)    failing to ever interview the accusers;
>
> (b)    failing to interview the accusers' father;
>
> (c)    failing to interview B.G.;
>
> (d)    failing to investigate credible information that the accusers had histories of lying and acting out sexually;
>
> (e)    failing to make any effort to assess the credibility of the accusers' allegations;
>
> (f)    failing to inspect any of the three alleged locations of the alleged abuse;
>
> (g)    failing to collect relevant evidence;
>
> (h)    failing to examine evidence which had been collected;
>
> (I)    failing to conduct forensic testing on key physical evidence;
>
> (j)    failing to make notes of investigative contacts;

7

 (k) falsifying records in order to cover up his failure to complete required investigative steps;

 (l) falsely attesting that he had obtained essential history information from Plaintiffs;

 (m) falsely attesting that he had investigated key aspects of the case;

 (n) delaying the Victim Sensitive Interviews ("VSI") of the accusers for a week, while B.F.G. was separated from his family under debilitating stress;

 (o) failing to interview the physician who examined the accusers for signs of abuse; and

 (p) failing to examine the report of the accusers' medical examination even though he had it in his possession.

28. On January 23, 2007, Defendant Butts finally conducted VSI's of J.L.S. and N.S., at the CAC. Defendant Butts blatantly ignored essential procedures required by DCFS and the CAC intended to assess whether children are truthful in their narratives and are not influenced by their perception of what the interviewer, or others, want them to say; to wit:

 (a) she failed to make any effort to test the credibility of the accusers;

 (b) she failed to explore the accusers' histories of sexual acting out and lying;

 (c) she failed to explore the circumstances of the accusers' "outcry", which constituted an obvious attempt to deflect responsibility from their own conduct after being caught acting out sexually;

8

(d)     she failed to inquire into DCFS's prior interviews of E.G. and M.G., both

of whom had credibly denied that any abuse had occurred; and

(e)     she rushed through the VSI's of J.L.S. and N.S. in only eight and eleven

minutes respectively, including the time it took to establish rapport,

explain the purpose of the VSI, and determine that the children understood

the process and the consequences of lying.

29.     In further violation of DCFS policies and protocols, Defendant Blackmon skipped

much of Defendant Butts' VSI of N.S., and no assistant state's attorney was present for the VSI's

of either J.L.S. or N.S. Hence, Defendant Blackmon never observed N.S. for himself, and relied

on obviously unreliable hearsay regarding N.S.'s VSI to determine that she was credible.

30.     After J.L.S. and N.S.'s VSI's, during which they both coincidentally alleged for

the first time that B.F.G. had anally assaulted them with a stick of toy butter, the accusers were

taken to a hospital for medical screening. During her interview with a nurse, N.S. reported

additional bizarre, obviously fabricated, and wildly inconsistent allegations against B.F.G.

including that he had punched her in the nose and made it bleed, and that the plastic toys

allegedly used to sodomize her caused anal bleeding. Neither of the medical examinations of the

accusers revealed any evidence of abuse.

31.     On January 24, 2007, Defendant Butts conducted VSI's of E.G. and M.G.

Defendant Butts again violated CAC procedures by failing to have an assistant State's Attorney

present. During the VSI's both E.G. and M.G. again credibly reported that B.F.G. had never

abused them in any fashion. Nonetheless, Defendant Butts, in her continued efforts to railroad

B.F.G., and build a case against him at any cost, falsely implied that E.G., was lying to protect her brother.

32.     After the VSI's of E.G. and M.G., both of which further established that J.L.S. and N.S. were not credible, Defendant Blackmon advised R.G. that B.F.G. could move back home. However, Defendants Blackmon and Smith-Foote waited another two days to terminate the safety plan so that B.F.G. was inexplicably prevented from returning to his family home until January 26, 2007.

33.     Following the VSI's of E.G. and M.G., Defendants Blackmon and Butts attempted to coerce R.G. into having B.F.G. confess. Though they were not responsible for determining whether or not B.F.G. would be charged with any crime, Defendants Butts and Blackmon stated that if B.F.G. confessed, they would recommend he be charged as a minor and only have to undergo counseling as a punishment. B.F.G. refused to confess to the false allegations against him.

34.     Notwithstanding the lack of any corroborating evidence, and the presence of compelling exculpatory evidence, and as a result of the investigative misconduct described above, Defendant Blackmon, on January 25, 2007, found that the charge of sexual exploitation against B.F.G. was supported by credible evidence, and was, therefore, "indicated". The effect of an "indicated" finding of sexual exploitation is placement on the State Central Register of indicated persons for at least five years. The State Central Register is a database of persons against whom DCFS has "indicated" abuse and/or neglect charges which, in addition to its stigmatizing effect, is disclosed to school districts, employers, and potential employers.

35.    Defendant Blackmon "indicated" the charge of sexual exploitation against B.F.G. notwithstanding that the accusers' statements were wildly inconsistent, obviously fabricated, uncorroborated, unsupported by any physical evidence, and credibly refuted by two of the alleged victims, E.G. and M.G.   Moreover, Defendant Blackmon's finding was based solely upon the hearsay statements of the accusers, even though he knew that both accusers had histories of lying and acting out sexually prior to Plaintiff B.F.G. ever having babysat them, and that their accusations were prompted by having been caught engaging in sexually inappropriate conduct and conversation by their grandmother.

### B.F.G.'s ARREST AND PUBLIC CONDEMNATION

36.    On January 25, 2007, Defendant Widlacki, upon the direction of Defendant Tibordan, arrested Plaintiff B.F.G., without probable cause, for criminal sexual assault.  After the arrest, the case was tendered to the Cook County State's Attorney's Juvenile Division, which promptly declined any charges against B.F.G.

37.    Though B.F.G. was never charged with a crime, Defendant Widlacki wrote a letter to B.F.G.'s Middle School around April of 2007, which defamed Plaintiff by falsely stating that B.F.G. was charged with criminal sexual assault.

38.    Due to the defamatory accusations in Officer Widlacki's letter, B.F.G.'s Middle School took safety precautions which included not allowing B.F.G. to use the student bathrooms and not allowing him to be unsupervised at school at any time.  B.F.G. was also targeted for exclusion from the School's eighth grade trip.

39.    Plaintiffs sought the intervention of the Cook County State's Attorneys' Office. After learning of Officer Widlacki's blatant misrepresentations to school officials, a state's

attorney's representative advised B.F.G.'s school administrators that B.F.G. had not been charged with any crime. Only then did the school retract the restrictions, and restore B.F.G.'s rights and privileges at the school.

## B.F.G.'S ADMINISTRATIVE APPEAL

40.    Following the indicated finding against him for sexual exploitation, B.F.G. requested an administrative appeal pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/7.16.

41.    The administrative appeal hearing proceeded from May 2007 to September 27, 2007. DCFS was represented by Defendant Casady.

42.    During the pendency of the administrative appeal, Defendants Casady, Blackmon, Tibordan, Butts, J.S. and K.S., conspired, through a pattern of intentional, deliberate, reckless, and illegal conduct, to railroad Plaintiff B.F.G. and prevent him from receiving a fair hearing on his appeal, to wit:

(a)    Despite knowing that DCFS had previously found the allegation of sexual penetration to be not credible, Defendant Casady, without any new evidence, unilaterally "indicated" additional charges of "sexual penetration", "sexual molestation", "substantial risk of Sexual Injury", and "Substantial Risk of Physical Injury" against B.F.G;

(b)    Defendants K.S.,J.S., and Blackmon repeatedly perjured themselves at the administrative hearing concerning glaring inconsistencies in the accounts of abuse provided by their children;

(c)    Defendants Casady, J.S. and K.S. conspired to hide key physical evidence from the court;

12

(d)    Defendants Casady, J.S. and K.S lied to the court in order to cover-up the true circumstances surrounding the suppression;

(e)    Defendants Casady, J.S. and K.S refused to cooperate with the court's efforts to investigate their suppression of the evidence;

(f)    after stating she would call ten witnesses and that DCFS's case would take about three hours, Defendant Casady tactically disrupted the presentation of evidence through repeated unconscionable delay tactics, causing the hearing to drag on for several months;

(g)    Defendant Blackmon falsely testified that Plaintiff R.G. had agreed to present B.F.G. for sex offender counseling;

(h)    Defendant Casady's misconduct during the proceedings reached a point where the first Administrative Law Judge's (ALJ), Lola Fahler filed a report of Casady's behavior with the Illinois Attorney Registration and Disciplinary Commission and was thereafter required to recuse herself from the hearing; and

(I)    After ALJ Fahler was replaced with ALJ Baechle, Defendant Casady continued to obstruct the hearing process to the point where ALJ Baechle repeatedly threatened to eject, and ultimately did eject her from the hearing.

43.    The administrative hearing finally ended in September 2007.  The administrative decision, sent to Plaintiffs on November 7, 2007, but dated September 24, 2007,  found that DCFS had not met its burden in proving the allegations against B.F.G., and further found that B.F.G. "is not a perpetrator of child abuse".  ALJ Baechle cited many reasons for the decision, including incredible witnesses and investigative misconduct by agents of DCFS.

13

## FURTHER PUBLIC CONDEMNATION OF PLAINTIFFS

44.    Notwithstanding the ALJ's finding that B.F.G. "is not a perpetrator of child abuse", Defendants K.S. and J.S. have continuously disseminated the false accusations against B.F.G. throughout their neighborhood and local school community.  J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does "bad sex things" to children.

45.    As a result, Plaintiffs have been rendered pariahs in their community, endured debilitating emotional and psychological distress and trauma, and the utter destruction of their good names and reputations, lost good will in the community, and Plaintiffs R.G. and B.G. have suffered financial losses in their medical practice.

46.    Defendant K.S. has further unconscionably attempted to interfere with E.G. and M.G.'s relationships at their school and has also attempted to preclude E.G. and M.G. from participating in school and/or community related events.

## COUNT I - SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983

47.    Plaintiffs reassert and reincorporate paragraphs 1-46 as paragraph 47 of this Count I.

48.    The Civil Rights Act, 42 U.S.C. Section 1983 provides a civil damages remedy against any person who, while acting under color of law, violates another person's constitutional rights.

49.    Plaintiffs R.G. and B.G., as parents of B.F.G., enjoyed a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to the care,

14

custody, control, and companionship of their son, B.F.G., which together, encompass their rights to familial association and family integrity.

50.    Plaintiff B.F.G., the son of R.G. and B.G., enjoyed a liberty interest in the right to family integrity under the Fourteenth Amendment to the U.S. Constitution which included the right to live within his family household where he will receive the care and companionship of his parents.

51.    Defendants Blackmon and Smith-Foote deprived Plaintiffs of their liberty interests as described above without due process by forcing B.F.G. to live outside of his parents' home for ten days when there existed no credible reason to believe that Plaintiff B.F.G.'s siblings were at risk of any harm.

52.    Further, Defendants Blackmon and Smith-Foote deprived Plaintiffs of their liberty interests in familial association and family integrity without due process of law when they unconscionably delayed Plaintiff B.F.G.'s return to his family home for two days after acknowledging that there was no threat to the safety of Plaintiff B.F.G.'s siblings.

53.    Defendants Blackmon and Smith-Foote were acting under the color of law when they deprived Plaintiffs of their right to family integrity.

54.    As a result of those actions, Plaintiffs suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award compensatory damages in favor of Plaintiffs in an amount in accordance with the proofs;

15

B.    Award punitive damages in favor of Plaintiffs and against Defendants Blackmon and Smith-Foote in an amount in accordance with the proofs;

C.    Award Plaintiffs  reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

**COUNT II - PROCEDURAL DUE PROCESS- 42 U.S.C. § 1983**

55.    Plaintiffs reassert and incorporate paragraphs 1-54 above as paragraph 55 of this Count II.

56.    Defendants Blackmon and Smith-Foote unreasonably deprived Plaintiffs of their liberty interest in family integrity without due process when they forced B.F.G. to live outside the family home for ten days without first holding a pre-deprivation hearing.

57.    As a result of those actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award Compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants Blackmon and Smith-Foote in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT III - FIRST AMENDMENT - 42 U.S.C. § 1983

58.     Plaintiff reasserts and incorporates paragraphs 1-57 above as paragraph 58 of this Count III.

59.     At all relevant times, Plaintiffs B.F.G., R.G., and B.G. enjoyed a right to free association under the First and Fourteenth Amendments of the U.S. Constitution.

60.     Plaintiffs B.G., R.G., and B.F.G. were denied of their rights of free association when Defendants Blackmon and Smith-Foote forced B.F.G. from his family home without cause and disrupted his relationship with his parents and siblings.

61.     Defendants Blackmon and Smith-Foote were acting under color of law when they deprived Plaintiffs of their associational rights.

62.     As a result of those actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.     Award Compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.     Award punitive damages in favor of Plaintiffs and against Defendants Blackmon and Smith-Foote in an amount in accordance with the proofs;

C.     Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.     Any and all other forms of relief this Honorable Court deems just and appropriate.

17

## COUNT IV- SUBSTANTIVE DUE PROCESS- 42 U.S.C. §1983

63.    Plaintiffs reassert and incorporate paragraphs 1-62 above as paragraph 63 of this Count IV.

64.    Plaintiff B.F.G., enjoyed a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to be free from the consequences and stigma of an "indicated" finding by DCFS on charges of sexual misconduct.

65.    Defendants Blackmon, Smith-Foote, Butts and Tibordan violated Plaintiff B.F.G.'s liberty interest without due process by "indicating" B.F.G. on charges of sexual exploitation, despite the absence of credible evidence to support any of the findings, and on the basis of the substantial instances of investigative misconduct and failings described above.

66.    Defendant Casady further violated Plaintiff B.F.G.'s liberty interest without due process by indicating B.F.G. on charges of sexual penetration, sexual molestation, substantial risk of physical injury and substantial risk of sexual injury, despite the absence of credible evidence to support any of the findings, and on the basis of the substantial instances of investigative misconduct and failings described above.

67.    Defendants were acting under the color of law when they deprived Plaintiff of his liberty interests as set forth above.

68.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff relief as follows:

A.    Award Compensatory damages in favor of Plaintiff and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiff and against Defendants Blackmon, Smith-Foote, Casady, Butts and Tibordan in an amount in accordance with the proofs;

C.    Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.    Award Plaintiff any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT V –UNLAWFUL ARREST – 42 U.S.C. § 1983

69.    Plaintiffs reassert and incorporate paragraphs 1-68 above as paragraph 69 of this Count V.

70.    Plaintiff B.F.G. enjoyed a right to be free from unlawful arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

71.    Defendants Tibordan, Widlacki, Blackmon, Smith-Foote, and Butts, caused B.F.G. to be arrested without probable cause and without credible evidence as set forth above.

72.    Defendants Tibordan, Widlacki, Blackmon, Smith-Foote, and Butts acted under the color of law when they caused B.F.G. to be arrested.

73.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and loss of reputation.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff relief as follows:

A.    Award Compensatory damages in favor of Plaintiff B.F.G. and against Defendants in an amount in accordance with the proofs;

19

B.    Award punitive damages in favor of Plaintiff and against Defendants Tibordan, Widlacki, Blackmon, Smith-Foote, and Butts in an amount in accordance with the proofs;

C.    Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

### COUNT VI - DUE PROCESS – 42 U.S.C. § 1983

74.    Plaintiffs reassert and incorporate paragraphs 1-73 above as paragraph 74 of this Count VI.

75.    Plaintiff B.F.G. enjoyed the right to a fair administrative hearing under the Fourteenth Amendment to the United States Constitution.

76.    Defendants Casady, J.S., and K.S. violated B.F.G.'s right to a fair and full administrative hearing by suppressing, and conspiring among themselves to suppress, exculpatory evidence, and by refusing to cooperate with the Court's investigation of the suppression, and by otherwise engaging in a pattern of willful and deliberate conduct specifically intended to prevent Plaintiff B.F.G. from receiving a fair and timely hearing on his administrative appeal.

77.    Defendant Blackmon violated B.F.G.'s right to a fair  administrative hearing by perjuring himself and otherwise engaging in a pattern of willful and deliberate conduct specifically intended to prevent B.F.G. from receiving a fair hearing on his administrative appeal.

78.    As a result of Defendants' actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

20

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff relief as follows:

A.    Award Compensatory damages in favor of Plaintiff B.F.G. and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiff and against Defendant Casady, J.S., K.S and Blackmon in an amount in accordance with the proofs;

C.    Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

### COUNT VII- CONSPIRACY - 42 U.S.C. § 1983

79.    Plaintiffs reassert and incorporate paragraphs 1-78 above as paragraph 79 of this Count VII.

80.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tibordan, Widlacki, J.S. and K.S. acted in concert to deprive B.F.G. R.G. and B.G. of their civil rights under the United States Constitution while acting under the color of law.

81.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tibordan, Widlacki, J.S. and K.S. acted in concert to cause Plaintiff B.F.G. to be removed from his family home without cause, falsely "indicated" and arrested based upon obviously false and unsubstantiated charges of sexual misconduct, and deprived of a fair administrative hearing through perjured testimony and the willful suppression of key exculpatory evidence, thus unlawfully depriving him of his rights to be free from false arrest, unreasonable seizure, and an unfair administrative hearing as well as his and his parents' rights to family integrity and free association.

82.    As a result of the above actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, attorney's fees and costs incurred in defending against the false charges, and further loss of income.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award Compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants Casady, Blackmon, Smith-Foote, Butts, Tibordan, Widlacki, J.S. and K.S., individually, in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

### COUNT VIII - STATE LAW CLAIM - MALICIOUS PROSECUTION

83.    Plaintiffs reassert and incorporate paragraphs 1-82 above as paragraph 83 of this Count VIII.

84.    Defendants Casady, Blackmon, Smith-Foote, Widlacki, Tibordan, K.S. and J.S. caused judicial proceedings against B.F.G. to be initiated when they indicated charges against B.F.G. without probable cause and with malice, causing him to be placed on the State Central Register of sex offenders.

85.    After B.F.G. filed his administrative appeal, Defendant Casady indicated additional allegations despite the lack of credible evidence and engaged in extreme and

22

outrageous misconduct, as described above, in defending DCFS during B.F.G.'s administrative appeal.

86.     Defendants acted without probable cause or credible evidence, and with malice in instituting and continuing the proceedings against B.F.G.

87.     The proceedings terminated in B.F.G.'s favor when ALJ Baechle found that DCFS had not met its burden in proving the allegations against B.F.G. and further found that B.F.G. "is not a perpetrator of child abuse".

88.     As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

WHEREFORE, Plaintiff respectfully pray the Court award Plaintiff relief as follows:

A.     Award Compensatory damages in favor of Plaintiff and against Defendants in an amount in accordance with the proofs;

B.     Award punitive damages in favor of Plaintiff and against Defendant Casady, Blackmon, Smith-Foote, Tibordan, Widlacki, K.S. and J.S. individually, and in an amount in accordance with the proofs;

C.     Award Plaintiff his reasonable attorneys' fees and costs; and

D.     Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT IX - STATE LAW CLAIM - CIVIL CONSPIRACY

89.     Plaintiffs reassert and incorporate paragraphs 1-88 above as paragraph 89 of this Count IX.

23

90.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tibordan, Widlacki, J.S. and K.S. acted in concert to deprive B.F.G., R.G. and B.G. of their rights under Illinois law.

91.    Defendants acted in concert to unlawfully arrest and indicate charges against B.F.G., as well as suppress exculpatory evidence and present perjured testimony, thereby unlawfully depriving him of his rights to be free from false arrest, an unfair administrative hearing and malicious prosecution, as well as his rights and his parents' rights to family integrity and free association.

92.    As a result of the above actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, attorney's fees and costs incurred in defending against the false charges, further loss of income, and damage to reputation.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award Compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants Casady, Blackmon, Smith-Foote, Butts, Tibordan, Widlacki, K.S. and J.S., individually, in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT X - STATE LAW CLAIM - DEFAMATION PER SE

93.    Plaintiffs reassert and incorporate paragraphs 1-92 above as paragraph 93 of this Count X.

24

94.    Notwithstanding the ALJ's finding that B.F.G. "is not a perpetrator of child abuse", Defendants K.S. and J.S. have continuously disseminated the false accusations against B.F.G. throughout their neighborhood and local school community. J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does "bad sex things" to children. As a result, Plaintiff has been rendered a pariah in his community, endured debilitating emotional and psychological distress and trauma, and the utter destruction of his good name and reputation, and lost good will in the community.

95.    Around April 2007, Defendant Widlacki disseminated the false allegation that B.F.G. had been charged with sexual assault to B.F.G's school administrators, thereby causing restrictions to be placed on Plaintiff B.F.G.'s freedom at school.

96.    Defendants' statements were undertaken maliciously, and with knowledge of, or reckless disregard for, their truth or falsity.

97.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and damage to his reputation.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff relief as follows:

A.    Award Compensatory damages in favor of Plaintiff and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiff and against Defendants Widlacki, J.S. and K.S. in an amount in accordance with the proofs;

C.    Award Plaintiff his reasonable attorneys' fees and costs; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT XI - STATE LAW CLAIM - INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

98.    Plaintiffs reassert and incorporate paragraphs 1-97 above as paragraph

98 of this Count XI.

99.    The conduct of Defendants Casady, Blackmon, Smithe-Foote, Widlacki, Butts,

and K.S. and J.S.,throughout the course of the DCFS investigation and administrative hearing, as

described above, has been extreme and outrageous, and calculated to, and did, in fact, cause

Plaintiffs to suffer severe emotional distress and psychological trauma.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award Compensatory damages in favor of Plaintiffs and against Defendants in an

amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants Casady,

Blackmon, Smith-Foote, Widlacki, Butts, and  K.S. and J.S.  in an amount in accordance with the

proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT XII - STATE LAW CLAIM - FALSE LIGHT INVASION OF PRIVACY

100.    Plaintiffs reassert and incorporate paragraphs 1-99 above as paragraph

100 of this Count XII

101.    Defendants Widlacki, and K.S. and J.S., as well as their children N.S. and

J.L.S. have caused the false allegations against B.F.G. to become public through communication

with the children's school administrators and classmates, and communication with  neighbors.

102.    A reasonable person would find publication of the false allegations to be highly offensive.

103.    Defendants' actions in publicizing the allegations against B.F.G. were undertaken maliciously, and with knowledge of, or reckless disregard for, their truth or falsity.

104.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and damage to his reputation.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff relief as follows:

A.    Award Compensatory damages in favor of Plaintiff and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiff and against Defendants Widlacki, K.S. and J.S. in an amount in accordance with the proofs;

C.    Award Plaintiff his reasonable attorneys' fees and costs; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT XIII - STATE LAW CLAIM - NEGLIGENT SUPERVISION OF MINORS

105.    Plaintiffs reassert and incorporate paragraphs 1-104 above as paragraph 105 of this Count XIII.

106.    Defendants K.S. and J.S. are the parents of N.S. and J.L.S. and, at all times relevant, had a duty to exercise reasonable care so to control N.S. and J.L.S. as to prevent the intentional harming of others.

107.    Defendants K.S. and J.S., at all relevant times, had the ability to control their children.

108.    Defendants K.S. and J.S. should have known the necessity of ensuring that

27

J.L.S. and N.S. did not discuss the allegations against B.F.G. with anyone. K.S. and J.S. should have known this was tortious conduct, and further, that it is unlawful conduct as all DCFS proceedings are confidential.

109.    Defendants K.S. and J.S. breached this duty to control their children when they allowed J.L.S. and N.S. to willfully and maliciously speak openly in their school and neighborhood communities regarding the allegations against B.F.G. and why they are not allowed to play with E.G. and M.G.

110.    The allegations that J.L.S. and N.S. have made known to their school communities have caused Plaintiff severe emotional distress and psychological trauma, and reputational damage.

111.    The allegations that J.L.S. and N.S. have made known to their school communities are false, were made maliciously, and are the actual and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff relief as follows:

A.    Award Compensatory damages in favor of Plaintiff and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiff and against Defendants K.S. and J.S. in an amount in accordance with the proofs;

C.    Award Plaintiff his reasonable attorneys' fees and costs; and

D.    Any and all other forms of relief this Honorable Court deems just and appropriate.

### COUNT XIV - STATE LAW CLAIM - PARENTAL LIABILITY

112.    Plaintiffs reassert and incorporate paragraphs 1-111 above as paragraph

28

112 of this Count XIV.

113.    J.L.S. and N.S., children of Defendants K.S. and J.S. maliciously committed the torts of defamation *per se*, the intentional infliction of emotional distress and false light invasion of privacy as against Plaintiffs.

114.    Under Illinois law, a parent of an unemancipated minor who resides with said parent is responsible for actual damages for the willful or malicious acts of such minor that causes injury to a person.  *See* 740 ILCS 115 *et. seq.*

115.    The torts committed by J.L.S. and N.S. caused actual damage to all of the Plaintiffs, as described above.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award actual damages in favor of Plaintiffs and against Defendants K.S. and J.S. in an amount in accordance with the proofs;

B.    Award Plaintiffs their reasonable attorneys' fees and costs; and

C.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT - XV - STATE LAW CLAIM - RESPONDEAT SUPERIOR

116.    Plaintiffs reassert and incorporate paragraphs 1-115 above as paragraph 116 of this Count XV.

117.    Defendants Tibordan and Widlacki were, at all times material to this Complaint, employees of the Defendant Village of Willow Springs, were acting within the scope of their employment and their acts which violated state law are directly chargeable to the Defendant Village of Willow Springs under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

29

A.   Award compensatory damages in favor of Plaintiffs and against the

Village of Willow Springs in an amount in accordance with the proofs;

B.   Award Plaintiffs their reasonable attorneys' fees and costs; and

C.   Any and all other forms of relief this Honorable Court deems just and

appropriate.

## COUNT XVI - STATE LAW CLAIM - 745 ILCS 10/9-102

118.   Plaintiffs reassert and incorporate paragraphs 1-117 above as paragraph

118 of this Count XVI.

119.   Defendant Village of Willow Springs was the employer of Defendants Tibordan

and Widlacki at all times relevant and material to this Complaint.

120.   These Defendants committed the acts alleged above under color of law and in the

scope of their employment as employees of the Village of Willow Springs.

WHEREFORE, Plaintiffs, pursuant to 745 ILCS § 10/9-102, respectfully pray the Court

award Plaintiffs relief as follows:

A.   Award judgment against the Village of Willow Springs, in the amounts

awarded to Plaintiffs against the individual Defendants as damages;

B.    Award judgment against the Village of Willow Springs, in the amounts

awarded to Plaintiffs against the individual Defendants as attorneys' fees and costs; and

C.    Any and all other forms of relief this Honorable Court deems just and

appropriate.

James G. Sotos, Attorney No. 06191975
Julie K. Bisbee, Attorney No. 06292401
JAMES G. SOTOS & ASSOCIATES, LTD.
550 E. Devon Avenue, Suite 150
Itasca, IL 60143
630-735-3300
630-773-0980 (Fax)
jsotos@jsotoslaw.com
jbisbee@jsotoslaw.com
*One of the Attorneys for Plaintiffs*


Lance D. Northcutt
Lance D. Northcutt, Attorney No. 06278144
BERG, NORTHCUTT & BERG
2100 W. 35th Street
Chicago, IL 60609
773-252-7220
773-252-7221 (Fax)
lance@bergandberg.net
*One of the Attorneys for Plaintiffs*

31

STATE OF ILLINOIS            )
                             )
COUNTY OF DUPAGE             )

## CERTIFICATE OF SERVICE

The undersigned having first been duly sworn under oath, states that he filed a complete copy of the foregoing **Plaintiffs' Complaint at Law** with the Clerk of the Court **under seal on March 18, 2008**, and will serve the following by personal service on **March 18, 2008** by 5:00 p.m.

Investigator Willie Blackmon
Department of Children & Family Services
Eisenhower Tower
1701 S. First
Maywood, IL  60153

Program Manager Danielle Butts
Children's Advocacy Center of Southwest
Cook County
8651 South 79th Avenue
Justice, IL  60458

Detective Robert Tibordan
Willow Springs Police Department
8255 Willow Springs Road
Willow Springs, IL  60480

John G. and Kathleen A. Scaramella
11904 Winding Trail
Willow Springs, IL  60480

Supervisor Kimberly Smith-Foote
Department of Children & Family Services
Eisenhower Tower
1701 S. First
Maywood, IL  60153

Rhonda L. Casady
Attorney at Law
200 South Michigan Avenue, Suite 1240
Chicago, IL  60604-2430

Officer Craig Widlacki
Willow Springs Police Department
8255 Willow Springs Road
Willow Springs, IL  60480

James G. Sotos, Attorney No. 06191975
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon, Suite 150
Itasca, Illinois  60143
630-735-3300
630-773-0980 (fax)
jsotos@jsotoslaw.com
*One of the Attorneys for Plaintiffs*

32