UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| B.F.G., by his parents and next friends, R.G. and B.G., and R.G., and B.G., <br><br> Plaintiffs, <br><br> vs. <br><br> Willie Blackmon, Investigator, Division of Child Protection, ("DCP"), of the Illinois Department of Children and Family Services ("DCFS"), in his individual capacity; Kimberly Smith-Foote, Investigative Supervisor (DCP), in her individual capacity; Danielle Butts, supervisor, Child Advocacy Center of Southwest Cook County, Illinois ("CAC"), in her individual capacity; Rhonda Casady, attorney for DCFS, in her individual capacity; Detective Tibordan and Officer Widlacki, police officers, Willow Springs Police Department, in their individual capacities; Village of Willow Springs, Illinois, a Municipal Corporation; and J.S. and K.S., <br><br> Defendants. | No. 08 C 1565 <br><br> The Honorable Suzanne B. Conlon, <br><br>  |

**DEFENDANTS J.S. AND K.S.' MOTION TO DISMISS
THE PLAINTIFFS' COMPLAINT**

Now come the defendants, J.S. and K.S., by and through their attorney, MICHAEL D. ETTINGER, and request this Court to enter an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing Plaintiffs' Complaint, and in support thereof, state as follows:

Defendants J.S. and K.S. reside in Willow Springs. From July through November 2006, B.F.G. occasionally babysat defendants J.S. and K.S.' children ("the children" or J.L.S. and N.S.). (Complaint ¶ 14) In January 2007, the children's grandmother overheard the children using sexually inappropriate language. (Complaint ¶ 15) The children were questioned by their mother, defendant

K.S., about the incident. The children informed their mother that plaintiff B.F.G. inserted toys into their anus, made N.S. do naked flips during games of "truth or dare," and punched N.S. in the nose causing her to bleed. (Complaint ¶¶ 15-16)

As a result of these revelations, the Willow Springs Police Department was contacted and an investigation ensued. On January 25, 2007, defendant (Officer) Widlacki arrested B.F.G. upon the direction of defendant (Detective) Tibordan, and B.F.G. was charged with criminal sexual assault. (Complaint ¶ 36) According to the Complaint, the Cook County State's Attorney subsequently decided not to charge B.F.G. (Complaint ¶ 36) However, the minor appeared in Juvenile Court.

B.F.G. requested an administrative appeal to remove his name from the list of sex offenders, pursuant to the Abused and Child Reporting Act, 325 ILCS 5/7.16. (Complaint § 40)

The Complaint alleges the following relevant accusations regarding defendants J.S. and K.S.:

> 42. During the pendency of the administrative appeal, Defendants Casady, Blackmon, Tibordan, Butts, J.S. and K.S., conspired, through a pattern of intentional, deliberate, reckless, and illegal conduct, to railroad Plaintiff B.F.G. and prevent him from receiving a fair hearing on his appeal, to wit:
>
> \* \* \* \* \*
>
> (b) Defendants K.S., J.S., and Blackmon repeatedly perjured themselves at the administrative hearing concerning glaring inconsistencies in the accounts of abuse provided by their children;
>
> (c) Defendants Casady, J.S. and K.S. conspired to hide key physical evidence from the court;
>
> (d) Defendants Casady, J.S. and K.S. lied to the court in order to cover-up the true circumstances surrounding the suppression;
>
> (e) Defendants Casady, J.S. and K.S. refused to cooperate with the court's efforts to investigate their suppression of the evidence; . . . .

I. **COUNT VI, 42 U.S.C. § 1983, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6).**

Count VI, of Plaintiff's § 1983 claim is without merit and should be dismissed because plaintiffs fail to allege an agreement or meeting of the minds between the defendants.

An essential element in a claim of conspiracy to deprive a plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. *Sales v. Murray*, 862 F.Supp. 1511, 1517 (W.D. Va. 1994) (citing *Ballinger v. North Carolina Agr. Extension Service*, 815 F.2d 1001 (4th Cir. 1987). *See also Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); and *Fantasia v. Kinsella*, 956 F.Supp. 1409, 1415-16 (N.D. Ill. 1997). Without such an agreement, individual acts of misconduct do not amount to a conspiracy. *See Murdaugh Volkswagon, Inc. v. First National Bank of South Carolina*, 639 F.2d 1073 (4th Cir. 1981). Vague and conclusory factual allegations are insufficient to state a conspiracy claim. *Kunick v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991). Thus, where the conspiracy complaint is conclusory and fails to allege facts which suggest an agreement among the defendants, the complaint must be dismissed. *See Woodrum v. Woodward County*, 866 F.2d 1121 (9th Cir. 1989).

Although the Complaint describes misconduct on the part of defendants J.S. and K.S., the Complaint does not set forth any allegation of an agreement on the part of these defendants to deprive plaintiff of his constitutional rights. Accordingly, the claim of conspiracy alleged in Count VI of the Complaint against defendants J.S. and K.S. must fail and should be dismissed. *See Fisk v. Letterman*, 401 F.Supp.2d 362, 376 (S.D. N.Y. 2005) ("Without a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy. . . . Here, the plaintiff has not set forth any allegation of agreement or 'meeting of the minds.'"); and *Sales v. Murray*, 862 F.Supp. 1511, 1517 (W.D. Va. 1994) (Plaintiff failed to set forth any allegations of an agreement on the part of the

3

defendants to deprive him of his constitutional rights, and conclusory allegations are insufficient to support a claim under § 1983 and the complaint will be dismissed.).

## II. COUNT VII, 42 U.S.C. § 1983, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6).

Count VII, of Plaintiff's § 1983 claim is without merit and should be dismissed because plaintiffs fail to allege an agreement or meeting of the minds between the defendants.

An essential element in a claim of conspiracy to deprive a plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. *Sales v. Murray*, 862 F.Supp. 1511, 1517 (W.D. Va. 1994) (citing *Ballinger v. North Carolina Agr. Extension Service*, 815 F.2d 1001 (4th Cir. 1987). *See also Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); and *Fantasia v. Kinsella*, 956 F.Supp. 1409, 1415-16 (N.D. Ill. 1997). Without such an agreement, individual acts of misconduct do not amount to a conspiracy. *See Murdaugh Volkswagon, Inc. v. First National Bank of South Carolina*, 639 F.2d 1073 (4th Cir. 1981). Vague and conclusory factual allegations are insufficient to state a conspiracy claim. *Kunick v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991). Thus, where the conspiracy complaint is conclusory and fails to allege facts which suggest an agreement among the defendants, the complaint must be dismissed. *See Woodrum v. Woodward County*, 866 F.2d 1121 (9th Cir. 1989).

Although the Complaint describes misconduct on the part of defendants J.S. and K.S., the Complaint does not set forth any allegation of an agreement on the part of these defendants to deprive plaintiff of his constitutional rights. Accordingly, the claim of conspiracy alleged in Count VI of the Complaint against defendants J.S. and K.S. must fail and should be dismissed. *See Fisk v. Letterman*, 401 F.Supp.2d 362, 376 (S.D. N.Y. 2005) ("Without a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy. . . . Here, the plaintiff has not set forth

4

any allegation of agreement or 'meeting of the minds.'"); and *Sales v. Murray*, 862 F.Supp. 1511, 1517 (W.D. Va. 1994) (Plaintiff failed to set forth any allegations of an agreement on the part of the defendants to deprive him of his constitutional rights, and conclusory allegations are insufficient to support a claim under § 1983 and the complaint will be dismissed.).

### III. COUNT VIII, STATE LAW CLAIM FOR MALICIOUS PROSECUTION, SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Counts VI and VII should be dismissed. These two counts are the only claims that arise from federal law and name Defendants J.S. and K.S. Count VIII is based upon state law for malicious prosecution. Not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225 (N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort).

As Count VIII is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

### IV. COUNT IX, STATE LAW CLAIM FOR CIVIL CONSPIRACY, SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Counts VI and VII should be dismissed. These two counts are the only claims that arise from federal law and name Defendants J.S. and K.S. Count IX is based upon state law for civil conspiracy. Not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225 (N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort).

As Count IX is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

### V. COUNT X, STATE LAW CLAIM FOR DEFAMATION, SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Counts VI and VII should be dismissed. These two counts are the only claims that arise from federal law and name Defendants J.S. and K.S. Count X is based upon state law for defamation.

Count X is without merit and should be dismissed because plaintiffs (1) fail to state any violation of their rights guaranteed by the United States Constitution or federal law, and (2) never allege J.S. or K.S. acted "under color of state law." Section 1983 provides a remedy to a plaintiff whose Constitutional or statutory rights have been violated. *See McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003). A plaintiff must plead two elements to state a claim under § 1983: (1) the deprivation of a right or privilege secured by the Constitution or laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Id.*

As § 1983 is not itself a source of substantive rights, but a vehicle for vindicating federal rights elsewhere conferred, a complaint alleging claims under § 1983 must specifically identify the constitutional provision under which the plaintiff has chosen to proceed. *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990). In the case at bar, plaintiffs never assert the alleged conduct violated any particular right or privilege provided by the U.S. Constitution or federal law.

Moreover, the Complaint must be dismissed for its failure to allege J.S. and K.S. acted under the color of state law. An action is not within the scope of § 1983 unless the defendant acts under the color of state law. *Case v. Milewski*, 327 F.3d 564, 565-67 (7th Cir. 2003). In the instant case, the Complaint never asserts J.S. or K.S. acted under the color of state law. Based upon these

6

deficiencies, Count X should be dismissed for failure to state a claim upon which relief can be granted.

In the alternative, not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225 (N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort). As Count X is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

### VI. COUNT XI, STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Counts VI and VII should be dismissed. These two counts are the only claims that arise from federal law and name Defendants J.S. and K.S. Count XI is based upon state law for intentional infliction of emotional distress. Not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225 (N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort).

As Count XI is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

### VII. COUNT XII, STATE LAW CLAIM FOR FALSE LIGHT INVASION OF PRIVACY, SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Counts VI and VII should be dismissed. These two counts are the only

claims that arise from federal law and name Defendants J.S. and K.S. Count XII is based upon state law for false light invasion of privacy.

Count XII is without merit and should be dismissed because plaintiffs (1) fail to state any violation of their rights guaranteed by the United States Constitution or federal law, and (2) never allege J.S. or K.S. acted "under color of state law." Section 1983 provides a remedy to a plaintiff whose Constitutional or statutory rights have been violated. *See McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003). A plaintiff must plead two elements to state a claim under § 1983: (1) the deprivation of a right or privilege secured by the Constitution or laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Id.*

As § 1983 is not itself a source of substantive rights, but a vehicle for vindicating federal rights elsewhere conferred, a complaint alleging claims under § 1983 must specifically identify the constitutional provision under which the plaintiff has chosen to proceed. *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990). In the case at bar, plaintiffs never assert the alleged conduct violated any particular right or privilege provided by the U.S. Constitution or federal law.

Moreover, the Complaint must be dismissed for its failure to allege J.S. and K.S. acted under the color of state law. An action is not within the scope of § 1983 unless the defendant acts under the color of state law. *Case v. Milewski*, 327 F.3d 564, 565-67 (7th Cir. 2003). In the instant case, the Complaint never asserts J.S. or K.S. acted under the color of state law. Based upon these deficiencies, Count XII should be dismissed for failure to state a claim upon which relief can be granted.

In the alternative, not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225

8

(N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort). As Count XII is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

### VIII. COUNT XIII, STATE LAW CLAIM FOR NEGLIGENT SUPERVISION OF MINORS, SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Counts VI and VII should be dismissed. These two counts are the only claims that arise from federal law and name Defendants J.S. and K.S. Count XIII is based upon state law for negligent supervision of minors.

Count XIII is without merit and should be dismissed because plaintiffs (1) fail to state any violation of their rights guaranteed by the United States Constitution or federal law, and (2) never allege J.S. or K.S. acted "under color of state law." Section 1983 provides a remedy to a plaintiff whose Constitutional or statutory rights have been violated. *See McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003). A plaintiff must plead two elements to state a claim under § 1983: (1) the deprivation of a right or privilege secured by the Constitution or laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Id.*

As § 1983 is not itself a source of substantive rights, but a vehicle for vindicating federal rights elsewhere conferred, a complaint alleging claims under § 1983 must specifically identify the constitutional provision under which the plaintiff has chosen to proceed. *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990). In the case at bar, plaintiffs never assert the alleged conduct violated any particular right or privilege provided by the U.S. Constitution or federal law.

Moreover, the Complaint must be dismissed for its failure to allege J.S. and K.S. acted under the color of state law. An action is not within the scope of § 1983 unless the defendant acts under

9

the color of state law. *Case v. Milewski*, 327 F.3d 564, 565-67 (7th Cir. 2003). In the instant case, the Complaint never asserts J.S. or K.S. acted under the color of state law. Based upon these deficiencies, Count XIII should be dismissed for failure to state a claim upon which relief can be granted.

In the alternative, not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225 (N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort). As Count XIII is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

IX. **COUNT XIV, STATE LAW CLAIM FOR PARENTAL LIABILITY, SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, FOR LACK OF SUBJECT MATTER JURISDICTION.**

As stated above, Counts VI and VII should be dismissed. These two counts are the only claims that arise from federal law and name Defendants J.S. and K.S. Count XIV is based upon state law for parental liability.

Count XIV is without merit and should be dismissed because plaintiffs (1) fail to state any violation of their rights guaranteed by the United States Constitution or federal law, and (2) never allege J.S. or K.S. acted "under color of state law." Section 1983 provides a remedy to a plaintiff whose Constitutional or statutory rights have been violated. *See McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003). A plaintiff must plead two elements to state a claim under § 1983: (1) the deprivation of a right or privilege secured by the Constitution or laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Id.*

10

As § 1983 is not itself a source of substantive rights, but a vehicle for vindicating federal rights elsewhere conferred, a complaint alleging claims under § 1983 must specifically identify the constitutional provision under which the plaintiff has chosen to proceed. *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990). In the case at bar, plaintiffs never assert the alleged conduct violated any particular right or privilege provided by the U.S. Constitution or federal law.

Moreover, the Complaint must be dismissed for its failure to allege J.S. and K.S. acted under the color of state law. An action is not within the scope of § 1983 unless the defendant acts under the color of state law. *Case v. Milewski*, 327 F.3d 564, 565-67 (7th Cir. 2003). In the instant case, the Complaint never asserts J.S. or K.S. acted under the color of state law. Based upon these deficiencies, Count XIV should be dismissed for failure to state a claim upon which relief can be granted.

In the alternative, not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96 (1979); *Wallace v. Batavia School District 101*, 870 F.Supp. 222, 225 (N.D. Ill. 1994); and *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (Action under § 1983 may not be based alone on violation of state law or on state tort). As Count XIV is based on state law, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367.

WHEREFORE, for the reasons stated above, defendants J.S. and K.S. respectfully request that this Honorable Court (a) dismiss the complaint as to each of them with prejudice; abd (b) grant them such other relief as is just and appropriate in the circumstances.

Dated: March 31, 2008

                Respectfully submitted,

                MICHAEL D. ETTINGER

                By:/s/ Michael D. Ettinger

                One of their Attorneys

Michael D. Ettinger
ETTINGER, BESBEKOS & SCHROEDER, P.C.
12413 South Harlem Avenue
Suite 203
Palos Heights, Illinois 60463
(708) 598-1111