**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| B.F.G., by his parents and next friends, | ) | |
| R.G. and B.G., and R.G. and B.G., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 C 1565 |
| | ) | HON. SUZANNE B. CONLON |
| WILLIE BLACKMON, Investigator, | ) | Judge Presiding |
| Division of Child Protection ("DCP"), of | ) | Magistrate Judge Nolan |
| The Illinois Department of Children and | ) | |
| Family Services ("DCFS"), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WILLIE BLACKMON'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

NOW COMES the Defendant Willie Blackmon by his attorney, Lisa Madigan, Attorney

General of the State of Illinois, and submits the following as his answer with affirmative

defenses to Plaintiffs' amended complaint:[1]

**ANSWER**

1.      This action is asserted pursuant to the First, Fourth, and Fourteenth Amendments

to the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and

includes supplemental state law claims, premised upon violations of Plaintiffs' rights under

Illinois law. Plaintiffs' claims arise from the flawed investigation, false arrest, abusive

persecution, and public condemnation of B.F.G. for the alleged sexual abuse of N.S. and J.L.S.

---

[1]   For the convenience of the Court and the parties, the allegations in the complaint are repeated,
except that the names of the Plaintiffs and the minors referred to in the complaint have been
deleted and replaced by their initials.  Defendant denies any assertions contained in any of the
headings of the Amended Complaint.

**ANSWER**:  Defendant Blackmon admits that Plaintiffs purport to bring this action pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and includes supplemental state law claims, premised upon violations of Plaintiffs' rights under Illinois law, but denies the legal basis upon which the suit is brought.  Defendant Blackmon denies each and every remaining allegation contained in paragraph 1.

2.      Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1343,  and 28 U.S.C. § 1367.

**ANSWER**:  Defendant Blackmon admits that if this action were proper, this Court would have jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. § 1367.  Defendant Blackmon denies each and every remaining allegation contained in paragraph 2.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all parties reside within Cook County, Illinois and all relevant acts occurred in the Northern District of Illinois, in the County of Cook, State of Illinois.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 3.

4.      Plaintiff B.F.G., a minor, resides with his mother and father, and younger brother and sister in a western suburb of Chicago, Illinois.  Prior to the events which form the basis of this Complaint, B.F.G. was a middle school honor student, and a well-adjusted and happy teenager who was active in neighborhood and athletic activities, and enjoyed the respect, friendship and companionship of neighbors and members of the surrounding community.  B.F.G. is now a high school freshman.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

2

5.      Plaintiffs R.G. and B.G., are B.F.G.'s parents, and are doctors of medicine who practice primarily in Chicago, Illinois.  Prior to the events which form the basis of this Complaint, R.G. and B.G. were thriving members of and enjoyed much goodwill in their neighborhood, and were well-respected physicians, neighbors, and active members of their local community.

**ANSWER**:  Defendant Blackmon admits that Plaintiffs R.G. and B.G. are B.F.G.'s parents and are doctors of medicine.  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.      Defendant, Rhonda L. Casady was, at all relevant times, an attorney, and an employee and/or independent contractor providing attorney services to the Illinois Department of Children and Family Services (DCFS).  Defendant Casady represented DCFS in B.F.G.'s administrative appeal and acted under color of state law.  Defendant Casady is sued in her individual capacity.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Defendant Hull House Association is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois; Defendant Hull House does business as the Child Advocacy Center of Southwest Cook County (CAC) in Justice, Illinois which provides investigative services in child sexual abuse cases.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      Defendant Danielle Butts was, at all relevant times, employed as the program manager of the CAC.  Defendant Butts conducted Victim Sensitive Interviews ("VSIs") of the

3

various children involved in the investigation of B.F.G.  At all relevant times, Defendant Butts acted under color of state law, and is sued in her individual capacity.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      Defendant Willie Blackmon was, at all relevant times, the lead DCFS investigator in the case against B.F.G., and acted under color of state law.  Defendant Blackmon is sued in his individual capacity.

**ANSWER**:  Defendant Blackmon admits that he was, at all relevant times, the DCFS investigator in the B.F.G. case.  Defendant Blackmon admits that Plaintiffs allege Defendant Blackmon acted under color of state law and have sued him in his individual capacity, but denies the legal basis upon which the suit is brought.  Defendant Blackmon denies the remaining allegations contained in paragraph 9.

10.      Defendant Kimberly Smith-Foote was, at all relevant times, a DCFS supervisor who oversaw Defendant Blackmon's investigation of B.F.G.  Defendant Smith-Foote acted under color of state law and is sued in her individual capacity.

**ANSWER**:  Defendant Blackmon denies the allegations contained in the first sentence of paragraph 10.  Defendant Blackmon avers that at all relevant times Kimberly Smith-Foote was a DCFS Child Protection Manager.  Defendant Blackmon admits that Plaintiffs allege Defendant Smith-Foote acted under color of state law and have sued her in her individual capacity, but denies the legal basis upon which the suit is brought.

11.      At all times relevant, Defendant Officer Widlacki acted under color of state law as a police officer with the Village of Willow Springs Police Department.  Defendant Widlacki is sued in his individual capacity.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.    At all times relevant, Defendant Detective Tabordon acted under color of state law as a police officer with the Willow Springs Police Department.  Defendant Tabordon is sued in his individual capacity.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.    Defendant Village of Willow Springs is an Illinois municipal corporation and, as such, is responsible for the policies, practices and customs of the Willow Springs Police Department.  Defendant Village of Willow Springs at all relevant times was the employer of Defendants Tabordon and Widlacki.  The Village of Willow Springs is responsible for the acts of Defendants Tabordon and Widlacki while acting within the scope of their employment.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

14.    Defendants J.S. and K.S. are a married couple who reside in west suburban Cook County and are the parents of J.L.S and N.S.

**ANSWER**:  Defendant Blackmon admits that J.S. and K.S. reside in west suburban Cook County and are the parents of J.L.S and N.S.  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

15.    From July through November 2006, B.F.G. occasionally babysat J.L.S. and N.S., the nine and seven year old children of Plaintiffs' neighbors, Defendants J.S. and K.S.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.    On January 15, 2007, J.L.S. and N.S. were caught by their grandmother touching each other in their genital areas, and using sexually inappropriate language.  After being confronted by their mother, K.S., the children fabricated wild and obviously false accusations that they had been abused by B.F.G., who, while babysitting, had forced toy objects into J.L.S.'s anus, and made N.S. do naked flips, during games of "truth or dare".  They also contended that B.F.G. had committed some of these acts upon and in the presence of his own younger siblings E.G. and M.G.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    J.L.S. and N.S. would later add even more outrageous and preposterous allegations including that B.F.G. inserted toys into N.S.'s anus, and punched N.S. in the nose causing her to bleed.  At the time these allegations were raised, Defendants K.S. and J.S. knew that their children had histories of fabricating false stories and acting out sexually which occurred well before B.F.G. ever babysat the children.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.    On January 16, 2007, Defendants J.S. and K.S. reported their childrens' preposterous accusations to Defendant Widlacki at the Willow Springs police department. Defendants K.S. and J.S. provided Defendant Widlacki with a toy plastic carrot and banana, which purportedly had been inserted into J.L.S.'s anus, as evidence.  No forensic testing was ever performed on these physical items.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     Defendant Widlacki contacted DCFS on January 16, 2007, and, on the following day, Defendant Blackmon was assigned  by DCFS to investigate.  Defendant Smith-Foote was also assigned to the case.

**ANSWER**:  Defendant Blackmon admits that Defendant Widlacki contacted DCFS on January 16, 2007, and that Defendant Blackmon was assigned to investigate this matter on or about January 17, 2007.  Defendant Blackmon denies the remaining allegations contained in paragraph 19.

20.     At the very beginning of his investigation, on January 17, 2007, Defendant Blackmon violated DCFS protocols and policies by demanding to confront Plaintiffs about the allegations against B.F.G. without first having interviewed the alleged victims, J.L.S. and N.S., and their parents.  Defendant Blackmon further threatened to forcibly remove M.G. and E.G. from their family home if R.G. did not allow him to interview her children at that time.  As a result of Defendant Blackmon's coercion, and in an ultimately futile attempt to preserve the integrity and sanctity of her family, Plaintiff R.G. permitted Defendant Blackmon to interview her and her two youngest children without any opportunity to prepare them for the ordeal.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 20.

21.     During these interviews, both E.G. and M.G., each of whom were interviewed separately, and had no opportunity to prepare, rehearse, be coached or collaborate, credibly denied the accusations that B.F.G. had sexually abused them or had abused N.S. and J.L.S. in their presence.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations that E.G. and M.G. had no opportunity to prepare, rehearse, be coached or collaborate about the accusations that B.F.G. had sexually abused them or had abused N.S. and J.L.S. in their presence.  Defendant Blackmon admits that E.G. and M.G. were interviewed separately and that they denied that B.F.G. had sexually abused them or had abused N.S. and J.L.S. in their presence.  Defendant Blackmon denies the remaining allegations contained in paragraph 21.

22.    Defendant Blackmon found E.G. and M.G. to be credible witnesses, and, upon information and belief, reported his findings to his supervisor, Defendant Smith-Foote.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 22.

23.    Plaintiff R.G. further informed Defendant Blackmon that she was customarily at home with her children and that the allegations could not be truthful.  Further, R.G. assured Defendant Blackmon that the home was a safe environment.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 23.

24.    R.G. also truthfully informed Defendant Blackmon that N.S. and J.L.S. had histories of serious behavioral problems which included playing "naked theater", N.S. attempting to strangle, and permanently scarring E.G. with a kite string, J.L.S. repeatedly playing with others with his pants down, and J.L.S. having asked E.G. to take her pants off.  All of these incidences pre-dated B.F.G.'s babysitting duties with N.S. and J.L.S.

**ANSWER**:   Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.    Though Defendant Blackmon found Plaintiffs' recounting of events to be credible, and there was no safety risk posed to B.F.G.'s siblings, he inexplicably instructed R.G.

that B.F.G. must leave the home due to the bizarre and unsubstantiated hearsay allegations. Notwithstanding M.G. and E.G.'s unrehearsed statements to Blackmon that their brother never abused them, Defendant Blackmon coerced R.G. to remove her son from their home after he came home from school on January 17, 2007, by threatening that if she did not agree to remove B.F.G., Blackmon would have him forcibly removed.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 25.

26.     As a result of Defendant Blackmon's threats, and to protect her children from the debilitating emotional and psychological trauma of seeing B.F.G. forcibly removed from his home and placed into custody without cause, R.G. submitted to Blackmon's threats and removed B.F.G. from the family home.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 26.

27.     After forcing Plaintiffs to remove B.F.G. from his home, Defendant Blackmon further violated DCFS policies and protocols by failing to work with Plaintiffs to develop a safety plan, and instead unilaterally decided the terms of the plan without even discussing the details with Plaintiffs, and without providing them a copy of the plan.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 27.

28.     Following B.F.G.'s removal from his home, Defendant Blackmon, with the acquiescence and approval of Defendant Smith-Foote, continued to run roughshod over DCFS policies and protocols designed to safeguard the rights of an accused during a DCFS investigation by:

(a)     failing to ever interview the accusers;

(b)     failing to interview the accusers' father;

(c)     failing to interview B.G.;

9

(d)     failing to investigate credible information that the accusers had histories of

lying and acting out sexually;

(e)     failing to make any effort to assess the credibility of the accusers'

allegations;

(f)     failing to inspect any of the three alleged locations of the alleged abuse;

(g)     failing to collect relevant evidence;

(h)     failing to examine evidence which had been collected;

(I)     failing to conduct forensic testing on key physical evidence;

(j)     failing to make notes of investigative contacts;

(k)     falsifying records in order to cover up his failure to complete required

investigative steps;

(l)     falsely attesting that he had obtained essential history information from

Plaintiffs;

(m)     falsely attesting that he had investigated key aspects of the case;

(n)     delaying the Victim Sensitive Interviews ("VSI") of the accusers for a

week, while B.F.G. was separated from his family under debilitating

stress;

(o)     failing to interview the physician who examined the accusers for signs of

abuse; and

(p)     failing to examine the report of the accusers' medical examination even

though he had it in his possession.

**ANSWER**: Defendant Blackmon denies the allegations contained in paragraph 28 and

each of its subparagraphs.

10

29.     On January 23, 2007, Defendant Butts finally conducted VSI's of J.L.S.and N.S., at the CAC.  Defendant Butts blatantly ignored essential procedures required by DCFS and the CAC intended to assess whether children are truthful in their narratives and are not influenced by their perception of what the interviewer, or others, want them to say; to wit:

(a)     she failed to make any effort to test the credibility of the accusers;

(b)     she failed to explore the accusers' histories of sexual acting out and lying;

(c)     she failed to explore the circumstances of the accusers' "outcry", which constituted an obvious attempt to deflect responsibility from their own conduct after being caught acting out sexually;

(d)     she failed to inquire into DCFS's prior interviews of E.G. and M.G., both of whom had credibly denied that any abuse had occurred; and

(e)     she rushed through the VSI's of  J.L.S. and N.S. in only eight and eleven minutes respectively, including the time it took to establish rapport, explain the purpose of the VSI, and determine that the children understood the process and the consequences of lying.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 29 and each of its subparagraphs.

30.     In further violation of DCFS policies and protocols, Defendant Blackmon skipped much of Defendant Butts' VSI of N.S., and no assistant state's attorney was present for the VSI's of either J.L.S. or N.S.  Hence, Defendant Blackmon never observed N.S. for himself, and relied on obviously unreliable hearsay regarding  N.S.'s VSI to determine that she was credible.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 30.

11

31.    After J.L.S. and N.S.'s VSI's, during which they both coincidentally alleged for the first time that B.F.G. had anally assaulted them with a stick of toy butter, the accusers were taken to a hospital for medical screening.  During her interview with a nurse, N.S. reported additional bizarre, obviously fabricated, and wildly inconsistent allegations against B.F.G. including that he had punched her in the nose and made it bleed, and that the plastic toys allegedly used to sodomize her caused anal bleeding.  Neither of the medical examinations of the accusers revealed any evidence of abuse.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 31.

32.    On January 24, 2007, Defendant Butts conducted VSI's of  E.G. and M.G.  Defendant Butts again violated CAC procedures by failing to have an assistant State's Attorney present.   During the VSI's both E.G. and M.G. again credibly reported that B.F.G. had never abused them in any fashion.  Nonetheless, Defendant Butts, in her continued efforts to railroad B.F.G., and build a case against him at any cost, falsely implied that E.G., was lying to protect her brother.

**ANSWER**:  Defendant Blackmon admits that on January 24, 2007, Defendant Butts conducted VSI's of  E.G. and M.G.  Defendant Blackmon denies the remaining allegations contained in paragraph 32.

33.    After the VSI's of E.G. and M.G., both of which further established that J.L.S. and N.S. were not credible, Defendant Blackmon advised R.G. that B.F.G. could move back home.  However, Defendants Blackmon and Smith-Foote waited another two days to terminate the safety plan so that B.F.G. was inexplicably prevented from returning to his family home until January 26, 2007.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 33.

34.    Following the VSI's of E.G. and M.G., Defendants Blackmon and Butts attempted to coerce R.G. into having B.F.G. confess.  Though they were not responsible for determining whether or not B.F.G. would be charged with any crime, Defendants Butts and Blackmon stated that if B.F.G. confessed, they would recommend he be charged as a minor and only have to undergo counseling as a punishment.  B.F.G. refused to confess to the false allegations against him.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 34.

35.    Notwithstanding the lack of any corroborating evidence, and the presence of compelling exculpatory evidence, and as a result of the investigative misconduct described above, Defendant Blackmon, on January 25, 2007, found that the charge of sexual exploitation against B.F.G. was supported by credible evidence, and was, therefore, "indicated".  The effect of an "indicated" finding of sexual exploitation is placement on the State Central Register of indicated persons for at least five years. The State Central Register is a database of persons against whom DCFS has "indicated" abuse and/or neglect charges which, in addition to its stigmatizing effect, is disclosed to school districts, employers, and potential employers.

**ANSWER**:  Defendant Blackmon admits that the effect of an "indicated" finding of sexual exploitation is placement on the State Central Register of indicated persons. Defendant Blackmon admits that the State Central Register is a database of persons against whom DCFS has "indicated" abuse and/or neglect charges.  Defendant Blackmon denies the remaining allegations contained in paragraph 35.

36.    Defendant Blackmon "indicated" the charge of sexual exploitation against B.F.G. notwithstanding that the accusers' statements were wildly inconsistent, obviously fabricated, uncorroborated, unsupported by any physical evidence, and credibly refuted by two of the

alleged victims, E.G. and M.G.   Moreover, Defendant Blackmon's finding was based solely

upon the hearsay statements of the accusers, even though he knew that both accusers had

histories of lying and acting out sexually prior to Plaintiff B.F.G. ever having babysat them, and

that their accusations were prompted by having been caught engaging in sexually inappropriate

conduct and conversation by their grandmother.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 36.

37.    On January 25, 2007, Defendant Widlacki, upon the direction of Defendant

Tabordon, arrested Plaintiff B.F.G., without probable cause, for criminal sexual assault.  After

the arrest, the case was tendered to the Cook County State's Attorney's Juvenile Division, which

promptly declined any charges against B.F.G.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 37.

38.    Though B.F.G. was never charged with a crime, upon information and belief,

Defendants advised B.F.G.'s school that B.F.G. had been detained for proceedings under the

Juvenile Court Act or for a criminal offense, whereupon B.F.G.'s school requested a report from

Defendant Widlacki regarding the charges filed against B.F.G., or his brother, M.G., By J.L.S.

In response to the school's request, despite the fact that Defendant Widlacki knew or should have

known that no charges were filed against B.F.G., and with a reckless disregard for B.F.G.'s

rights, Defendant Widlacki wrote a letter to B.F.G.'s school stating that he had found probable

cause that B.F.G. had committed sexual assault on the children he babysat, that the matter was

referred to the Juvenile State's Attorney, and that he had received a disposition from the

Bridgeview courthouse assigning B.F.G. to counseling.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.    Due to the misleading statements in Officer Widlacki's letter, B.F.G.'s school took safety precautions which included not allowing B.F.G. to use the student bathrooms and not allowing him to be unsupervised at school at any time.  B.F.G. was also targeted for exclusion from the School's eighth grade trip.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.    Plaintiffs sought the intervention of the Cook County State's Attorneys' Office. After learning of Officer Widlacki's letter to school officials, a state's attorney's representative advised B.F.G.'s school administrators that B.F.G. had not been charged with any crime.  Only then did the school retract the restrictions, and restore B.F.G.'s rights and privileges at the school.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.    Following the indicated finding against him for sexual exploitation, B.F.G. requested an administrative appeal pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/7.16.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 41.

42.     The administrative appeal hearing proceeded from May 2007 to September 27, 2007.  DCFS was represented by Defendant Casady.

**ANSWER**:   Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in first sentence of paragraph 42. Defendant Blackmon admits the allegations contained in second sentence of paragraph 42.

43.     During the pendency of the administrative appeal, Defendants Casady, Blackmon, Butts, J.S. and K.S., conspired, through a pattern of intentional, deliberate, reckless, and illegal conduct, to railroad Plaintiff B.F.G. and prevent him from receiving a fair hearing on his appeal, to wit:

(a)     Despite knowing that DCFS had previously found the allegation of sexual penetration to be not credible, Defendant Casady, without any new evidence, unilaterally "indicated" additional charges of "sexual penetration", "sexual molestation", "substantial risk of Sexual Injury", and "Substantial Risk of Physical Injury" against B.F.G;

(b)     Defendants K.S.,J.S., and Blackmon repeatedly perjured themselves at the administrative hearing concerning glaring inconsistencies in the accounts of abuse provided by their children;

(c)     Defendants Casady, J.S. and K.S. conspired to hide key physical evidence from the court;

(d)     Defendants Casady, J.S. and K.S lied to the court in order to cover-up the true circumstances surrounding the suppression;

(e)     Defendants Casady, J.S. and K.S refused to cooperate with the court's efforts to investigate their suppression of the evidence;

(f)     after stating she would call ten witnesses and that DCFS's case would take about three hours, Defendant Casady tactically disrupted the presentation of evidence through repeated unconscionable delay tactics, causing the hearing to drag on for several months;

16

(g)    Defendant Blackmon falsely testified that Plaintiff R.G. had agreed to present B.F.G. for sex offender counseling;

(h)    Defendant Casady's misconduct during the proceedings reached a point where the first Administrative Law Judge's (ALJ), Lola Fahler filed a report of Casady's behavior with the Illinois Attorney Registration and Disciplinary Commission and was thereafter required to recuse herself from the hearing; and

(I)    After ALJ Fahler was replaced with ALJ Baechle, Defendant Casady continued to obstruct the hearing process to the point where ALJ Baechle repeatedly threatened to eject, and ultimately did eject her from the hearing.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 43 and each of its subparagraphs.

44.    The administrative hearing finally ended in September 2007.  The administrative decision, sent to Plaintiffs on November 7, 2007, but dated September 24, 2007, found that DCFS had not met its burden in proving the allegations against B.F.G., and further found that B.F.G. "is not a perpetrator of child abuse".  ALJ Baechle cited many reasons for the decision, including incredible witnesses and investigative misconduct by agents of DCFS.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.    Notwithstanding the ALJ's finding that B.F.G. "is not a perpetrator of child abuse", Defendants K.S. and J.S. have continuously disseminated the false accusations against B.F.G. throughout their neighborhood and local school community.  J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does "bad sex things" to children.

17

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.    As a result, Plaintiffs have been rendered pariahs in their community, endured debilitating emotional and psychological distress and trauma, and the utter destruction of their good names and reputations, lost good will in the community, and Plaintiffs R.G. and B.G. have suffered financial losses in their medical practice.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.    Defendant K.S. has further unconscionably attempted to interfere with E.G. and M.G.'s relationships at their school and has also attempted to preclude E.G. and M.G. from participating in school and/or community related events.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.    Plaintiffs reassert and reincorporate paragraphs 1-47 as paragraph 48 of this Count I.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 47 as his answer to paragraph 48 and incorporates the same answers by reference as though fully set forth herein.

49.    The Civil Rights Act, 42 U.S.C. Section 1983 provides a civil damages remedy against any person who, while acting under color of law, violates another person's constitutional rights.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 49.

18

50.     Plaintiffs R.G. and B.G., as parents of B.F.G., enjoyed a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to the care, custody, control, and companionship of their son, B.F.G., which together, encompass their rights to familial association and family integrity.

**ANSWER**:  Defendant Blackmon admits that Plaintiffs R.G. and B.G., as parents of B.F.G., enjoy a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to the care, custody, control, and companionship of their son, B.F.G.  Defendant Blackmon denies the remaining allegations contained in paragraph 50.

51.     Plaintiff B.F.G., the son of R.G. and B.G., enjoyed a liberty interest in the right to family integrity under the Fourteenth Amendment to the U.S. Constitution which included the right to live within his family household where he will receive the care and companionship of his parents.

**ANSWER**:  Defendant Blackmon admits that Plaintiff B.F.G., the son of R.G. and B.G., enjoys a liberty interest in the right to family integrity under the Fourteenth Amendment to the U.S. Constitution.  Defendant Blackmon denies the remaining allegations contained in paragraph 51.

52.     Defendants Blackmon and Smith-Foote deprived Plaintiffs of their liberty interests as described above without due process by forcing B.F.G. to live outside of his parents' home for ten days when there existed no credible reason to believe that Plaintiff B.F.G.'s siblings were at risk of any harm.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 52.

53.     Further, Defendants Blackmon and Smith-Foote deprived Plaintiffs of their liberty interests in familial association and family integrity without due process of law when they unconscionably delayed Plaintiff B.F.G.'s return to his family home for two days after acknowledging that there was no threat to the safety of Plaintiff B.F.G.'s siblings.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 53.

54.     Defendants Blackmon and Smith-Foote were acting under the color of law when they deprived Plaintiffs of their right to family integrity.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 54.

55.     As a result of those actions, Plaintiffs suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 55.

56.     Plaintiffs reassert and incorporate paragraphs 1-55 above as paragraph 56 of this Count II.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 55 as his answer to paragraph 56 and incorporates the same answers by reference as though fully set forth herein.

57.    Defendants Blackmon and Smith-Foote unreasonably deprived Plaintiffs of their liberty interest in family integrity without due process when they forced B.F.G. to live outside the family home for ten days without first holding a pre-deprivation hearing.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 57.

58.    As a result of those actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 58.

59.    Plaintiff reasserts and incorporates paragraphs 1-58 above as paragraph 59 of this Count III.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 58 as his answer to paragraph 59 and incorporates the same answers by reference as though fully set forth herein.

60.    At all relevant times, Plaintiffs B.F.G., R.G., and B.G. enjoyed a right to free association under the First and Fourteenth Amendments of the U.S. Constitution.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 60.

61.    Plaintiffs B.G., R.G., and B.F.G. were denied of their rights of free association when Defendants Blackmon and Smith-Foote forced B.F.G. from his family home without cause and disrupted his relationship with his parents and siblings.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 61.

62.    Defendants Blackmon and Smith-Foote were acting under color of law when they deprived Plaintiffs of their associational rights.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 62.

63.    As a result of those actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 63.

64.    Plaintiffs reassert and incorporate paragraphs 1-63 above as paragraph 64 of this Count IV.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 63 as his answer to paragraph 64 and incorporates the same answers by reference as though fully set forth herein.

65.    Plaintiff B.F.G., enjoyed a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to be free from the consequences and stigma of an "indicated" finding by DCFS on charges of sexual misconduct.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 65.

66.     Defendants Blackmon, Smith-Foote, and Butts violated Plaintiff B.F.G.'s liberty interest without due process by "indicating" B.F.G. on charges of sexual exploitation, despite the absence of credible evidence to support any of the findings, and on the basis of the substantial instances of investigative misconduct and failings described above.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 66.

67.     Defendant Casady further violated Plaintiff B.F.G.'s liberty interest without due process by indicating B.F.G. on charges of sexual penetration, sexual molestation, substantial risk of physical injury and substantial risk of sexual injury, despite the absence of credible evidence to support any of the findings, and on the basis of the substantial instances of investigative misconduct and failings described above.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 67.

68.     Defendants were acting under the color of law when they deprived Plaintiff of his liberty interests as set forth above.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 68.

69.     As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 69.

70.    Plaintiffs reassert and incorporate paragraphs 1-69 above as paragraph 70 of this Count V.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 69 as his answer to paragraph 70 and incorporates the same answers by reference as though fully set forth herein.

71.    Plaintiff B.F.G. enjoyed a right to be free from unlawful arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 71.

72.    Defendants Tabordon, Widlacki, Blackmon, Smith-Foote, and Butts, caused B.F.G. to be arrested without probable cause and without credible evidence as set forth above.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 72.

73.    Defendants Tabordon, Widlacki, Blackmon, Smith-Foote, and Butts acted under the color of law when they caused B.F.G. to be arrested.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 73.

74.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and loss of reputation.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 74.

75.    Plaintiffs reassert and incorporate paragraphs 1-74 above as paragraph

75 of this Count VI.

**ANSWER:** Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 74 as his answer to paragraph 75 and incorporates the same answers by reference as though fully set forth herein.

76.     Plaintiff B.F.G. enjoyed the right to a fair administrative hearing under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 76.

77.     Defendants Casady, J.S., and K.S. violated B.F.G.'s right to a fair and full administrative hearing by suppressing, and conspiring among themselves to suppress, exculpatory evidence, and by refusing to cooperate with the Court's investigation of the suppression, and by otherwise engaging in a pattern of willful and deliberate conduct specifically intended to prevent Plaintiff B.F.G. from receiving a fair and timely hearing on his administrative appeal.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Defendant Blackmon violated B.F.G.'s right to a fair administrative hearing by falsely testifying and otherwise engaging in a pattern of willful and deliberate conduct specifically intended to prevent B.F.G. from receiving a fair hearing on his administrative appeal.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 78.

79.    As a result of Defendants' actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 79.

80.    Plaintiffs reassert and incorporate paragraphs 1-79 above as paragraph 80 of this Count VII.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 79 as his answer to paragraph 80 and incorporates the same answers by reference as though fully set forth herein.

81.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. acted in concert to deprive B.F.G. R.G. and B.G. of their civil rights under the United States Constitution while acting under the color of law.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 81.

82.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. acted in concert to cause Plaintiff B.F.G. to be removed from his family home without cause, falsely "indicated" and arrested based upon obviously false and unsubstantiated charges of sexual misconduct, and deprived of a fair administrative hearing through false testimony and the willful suppression of key exculpatory evidence; thus, Defendants unlawfully deprived him of his rights to be free from false arrest, free from the stigma associated with being falsely "indicated," as well as his right to a fair administrative hearing and his parents' rights to family integrity and free association.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 82.

83.    As a result of the above actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, attorney's fees and costs incurred in defending against the false charges, and further loss of income.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 83.

84.    Plaintiffs reassert and incorporate paragraphs 1-83 above as paragraph 84 of this Count VIII.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 83 as his answer to paragraph 84 and incorporates the same answers by reference as though fully set forth herein.

85.    Defendants Casady, Blackmon, Smith-Foote, K.S. and J.S. caused judicial proceedings against B.F.G. to be initiated when they indicated charges against B.F.G. without probable cause and with malice, causing him to be placed on the State Central Register of sex offenders.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 85.

86.    After B.F.G. filed his administrative appeal, Defendant Casady indicated additional allegations despite the lack of credible evidence and engaged in extreme and outrageous misconduct, as described above, in defending DCFS during B.F.G.'s administrative appeal.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     Defendants acted without probable cause or credible evidence, and with malice in instituting and continuing the proceedings against B.F.G.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 87.

88.     The proceedings terminated in B.F.G.'s favor when ALJ Baechle found that DCFS had not met its burden in proving the allegations against B.F.G. and further found that B.F.G. "is not a perpetrator of child abuse".

**ANSWER**:  Defendant Blackmon admits that ALJ Baechle found that DCFS had not met its burden in proving the allegations against B.F.G. and further found that B.F.G. "is not a perpetrator of child abuse."  Defendant Blackmon denies the remaining allegations contained in paragraph 88.

89.     As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 89.

90.     Plaintiffs reassert and incorporate paragraphs 1-89 above as paragraph 90 of this Count IX.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 89 as his answer to paragraph 90 and incorporates the same answers by reference as though fully set forth herein.

91.     Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. acted in concert to deprive B.F.G., R.G. and B.G. of their rights under Illinois law.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 91.

92.     Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. conspired together and acted in concert to indicate charges against B.F.G. and publicly condemn him, as well as suppress exculpatory evidence and present false testimony; and, acted in such a way throughout the course of the DCFS investigation, arrest, and administrative hearing of B.F.G. as to cause B.F.G., R.G. and B.G. extreme emotional distress, thereby unlawfully depriving B.F.G. of his rights to be free from malicious prosecution, defamation per se and false light invasion of privacy and subjecting B.F.G., R.G. and B.G. to intentional infliction of emotional distress.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 92.

93.     As a result of the above actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, attorney's fees and costs incurred in defending against the false charges, further loss of income, and damage to reputation.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 93.

94.     Plaintiffs reassert and incorporate paragraphs 1-93 above as paragraph 94 of this Count X.

**ANSWER:** Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 93 as his answer to paragraph 94 and incorporates the same answers by reference as though fully set forth herein.

95.    Notwithstanding the ALJ's finding that B.F.G. "is not a perpetrator of child abuse", Defendants K.S. and J.S. have continuously disseminated the false accusations against B.F.G. throughout their neighborhood and local school community. J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does "bad sex things" to children.  As a result, Plaintiff has been rendered a pariah in his community, endured debilitating emotional and psychological distress and trauma, and the utter destruction of his good name and reputation, and lost good will in the community.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.    Defendants' statements were undertaken maliciously, and with knowledge of, or reckless disregard for, their truth or falsity.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and damage to his reputation.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98.    Plaintiffs reassert and incorporate paragraphs 1-97 above as paragraph

98 of this Count XI.

**ANSWER:** Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 97 as his answer to paragraph 98 and incorporates the same answers by reference as though fully set forth herein.

99.    The conduct of Defendants Casady, Blackmon, Smithe-Foote, Butts, Tabordon, Widlacki, K.S. and J.S., throughout the course of the DCFS investigation, arrest, and administrative hearing, as described above, has been extreme and outrageous, and calculated to, and did, in fact, cause Plaintiffs to suffer severe emotional distress and psychological trauma.

**ANSWER**:  Defendant Blackmon denies the allegations contained in paragraph 99.

100.    Plaintiffs reassert and incorporate paragraphs 1-99 above as paragraph 100 of this Count XII.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 99 as his answer to paragraph 100 and incorporates the same answers by reference as though fully set forth herein.

101.    Defendants, K.S. and J.S., as well as their children N.S. and J.L.S., have caused the false allegations against B.F.G. to become public through communication with the children's school administrators and classmates, and communication with neighbors.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.    A reasonable person would find publication of the false allegations to be

highly offensive.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

103.    Defendants' actions in publicizing the allegations against B.F.G. were undertaken maliciously, and with knowledge of, or reckless disregard for, their truth or falsity.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and damage to his reputation.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.    Plaintiffs reassert and incorporate paragraphs 1-104 above as paragraph 105 of this Count XIII.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 104 as his answer to paragraph 105 and incorporates the same answers by reference as though fully set forth herein.

106.    Defendants K.S. and J.S. are the parents of N.S. and J.L.S. and, at all times relevant, had a duty to exercise reasonable care so to control N.S. and J.L.S. as to prevent the intentional harming of others.

**ANSWER**:  Defendant Blackmon admits the allegations contained in paragraph 106.

107.   Defendants K.S. and J.S., at all relevant times, had the ability to control their children.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.   Defendants K.S. and J.S. should have known the necessity of ensuring that J.L.S. and N.S. did not discuss the allegations against B.F.G. with anyone.  K.S. and J.S. should have known this was tortious conduct, and further, that it is unlawful conduct as all DCFS proceedings are confidential.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.   Defendants K.S. and J.S. breached this duty to control their children when they allowed J.L.S. and N.S. to willfully and maliciously speak openly in their school and neighborhood communities regarding the allegations against B.F.G. and why they are not allowed to play with E.G. and M.G.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.   The allegations that J.L.S. and N.S. have made known to their school communities have caused Plaintiff severe emotional distress and psychological trauma, and reputational damage.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.   The allegations that J.L.S. and N.S. have made known to their school

communities are false, were made maliciously, and are the actual and proximate cause of Plaintiff's damages.

**ANSWER**: Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112. Plaintiffs reassert and incorporate paragraphs 1-111 above as paragraph 112 of this Count XIV.

**ANSWER:** Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 111 as his answer to paragraph 112 and incorporates the same answers by reference as though fully set forth herein.

113. J.L.S. and N.S., children of Defendants K.S. and J.S. maliciously committed the torts of defamation *per se*, the intentional infliction of emotional distress and false light invasion of privacy as against Plaintiffs.

**ANSWER**: Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114. Under Illinois law, a parent of an unemancipated minor who resides with said parent is responsible for actual damages for the willful or malicious acts of such minor that causes injury to a person. *See* 740 ILCS 115 *et seq.*

**ANSWER**: Defendant Blackmon admits that Plaintiffs paraphrase a portion of the Illinois Parental Responsibility Law, 740 ILCS 115/3, but denies the legal basis upon which the suit is brought. Defendant Blackmon denies each and every remaining allegation contained in paragraph 114.

115. The torts committed by J.L.S. and N.S. caused actual damage to all of the Plaintiffs, as described above.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.   Plaintiffs reassert and incorporate paragraphs 1-115 above as paragraph 116 of this Count XV.

**ANSWER:**  Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 115 as his answer to paragraph 116 and incorporates the same answers by reference as though fully set forth herein.

117.   Defendants Tabordon and Widlacki were, at all times material to this Complaint, employees of the Defendant Village of Willow Springs, were acting within the scope of their employment and their acts which violated state law are directly chargeable to the Defendant Village of Willow Springs under state law pursuant to respondeat superior.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118.    Defendant Butts was, at all times material to this Complaint, an employee of the Hull House d/b/a the CAC, and was acting within the scope of her employment and her acts which violated state law are directly chargeable to the CAC under state law pursuant to respondeat superior.

**ANSWER**:  Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.   Plaintiffs reassert and incorporate paragraphs 1-118 above as paragraph 119 of this Count XVI.

**ANSWER:** Defendant Blackmon incorporates herein by reference his answers to the allegations of paragraphs 1 through 118 as his answer to paragraph 119 and incorporates the same answers by reference as though fully set forth herein.

120.    Defendant Village of Willow Springs was the employer of Defendants Ta<br>Taxordon and Widlacki at all times relevant and material to this Complaint.

**ANSWER**: Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.    These Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Willow Springs.

**ANSWER**: Defendant Blackmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

## AFFIRMATIVE DEFENSES

For his affirmative defenses, Defendant Blackmon states as follows:

### FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Complaint against Defendant Blackmon fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Blackmon affirmatively states that actions taken relating to the underlying allegations in this Complaint were in conformance with all applicable constitutional, statutory, and regulatory rules of law.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to award the relief requested in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Blackmon affirmatively states that his alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and he is therefore entitled to qualified immunity from civil damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Blackmon asserts that the Eleventh Amendment prohibits Plaintiffs from recovering any judgment against him for actions undertaken in his official capacity and that the actions nominally brought against him are, in fact, a suit against the State of Illinois and could operate to control the State or subject it to liability.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Blackmon asserts that the Plaintiffs' supplemental state claims against him brought pursuant to 28 U.S.C. § 1367 are barred by the doctrine of sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Blackmon affirmatively states that he is entitled to absolute immunity for the actions taken during his employment with the Illinois Department of Children and Family Services.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Blackmon affirmatively states that he is protected from liability for acts falling within his official discretion and that he is entitled to common law immunity as a public official.

WHEREFORE, Defendant Willie Blackmon prays that this Court dismiss the

Amended Complaint with prejudice and deny Plaintiffs' prayers for relief.

Respectfully submitted,

s/James C. Stevens, Jr.
James C. Stevens, Jr.  06191415
Barbara L. Greenspan
Assistant Attorneys General
Attorneys for Defendant Blackmon
Office of the Illinois Attorney General
100 W. Randolph St., Suite 11-200
Chicago, IL 60601
(312) 814-6788
(312) 814-7087
Fax # (312) 814-6885
jim.stevens@illinois.gov
barbara.greenspan@illinois.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed DEFENDANT WILLIE BLACKMON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and I hereby certify that I have sent by U.S. Mail, postage prepaid, the document to the following non CM/ECF participants:

Cheryl Ann Schroeder
Ettinger, Besbekos & Schroeder, P.C.
12413 South Harlem Ave., Suite 203
Palos Heights, Illinois 60463

s/James C. Stevens, Jr.
James C. Stevens, Jr.  06191415
Assistant Attorney General
Attorney for Defendant Blackmon
Office of the IL Attorney General
100 W. Randolph St., Suite 11-200
Chicago, IL 60601
(312) 814-6788
Fax # (312) 814-6885
jim.stevens@illinois.gov