IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B.F.G., etc., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-01565 |
| | ) | |
| WILLIE BLACKMON, etc., et al., | ) | Judge Conlon |
| | ) | |
| Defendants. | ) | Magistrate Judge Nolan |

## MOTION FOR LEAVE TO FILE REPLY *INSTANTER*

Defendants J.S. and K.S. ("Defendants"), by their attorneys, Dykema Gossett PLLC, and for their motion for leave to file their reply in support of their motion to dismiss *instanter*, state as follows:

1. Defendants' reply in support of their motion to dismiss was due June 30, 2008.

2. On June 30, 2008, Defendants filed an unopposed motion for extension of time of two days, until July 2, 2008, to file their reply. (Dkt. 85.) The motion was noticed for July 3, 2008.

3. Due to an oversight that was not recognized until today, July 2, 2008, Defendants' counsel did not submit a courtesy copy of their motion for extension to this Court as required by this Court's standing order. The motion was therefore stricken.

4. Defendants have attached their reply to this motion and are seeking leave to file it *instanter*.

5. This motion is not presented for purposes of unnecessary delay and will not serve to prejudice any party.

6. Plaintiffs' counsel has advised Defendants' counsel that plaintiffs have no objection to Defendants' filing of this reply today, July 2, 2008.

2

      WHEREFORE, Defendants, J.S and K.S., respectfully request leave to file their reply brief *instanter*, and for any other relief this Court deems appropriate.

                                    Respectfully submitted,

                                    s/Molly E. Thompson (ARDC No. 6293942)

Daniel M. Noland                            One of the Attorneys for Defendants,
Sonia Desai                                     J.S. and K.S.
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
312.876.1700

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed the foregoing **Motion for Leave to File *Instanter*** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

James G. Sotos & Associates, Ltd.
550 East Devon
Suite 150
Itasca, Illinois  60143
630.735.3300
630.773.0980 (facsimile)

James C. Stevens, Jr.
Office of the Illinois Attorney General
100 West Randolph Street, Suite 11-200
Chicago, Illinois  60601
312.814.6788
312.814.6885 (facsimile)

Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois  60604
312.540.7000
312.540.0578 (facsimile)

Ettinger, Besbekos, & Schroeder, P.C.
12413 South Harlem Avenue
Suite 203
Palos Heights, Illinois  60463
708.923.0368
708.598.0041 (facsimile)

Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois  60805
708.424.5678
708.425.1898 (facsimile)

Rhonda Lee Casady
200 S. Michigan Ave.
Suite 1240
Chicago, IL 60604
312-939-3456

                                            s/Molly E. Thompson (ARDC No. 6293942)
                                            Molly E. Thompson

CHICAGO\2465835.1
ID\METH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B.F.G., etc., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-01565 |
| | ) | |
| WILLIE BLACKMON, etc., et al., | ) | Judge Conlon |
| | ) | |
| Defendants. | ) | Magistrate Judge Nolan |

**REPLY TO PLAINTIFFS' OPPOSITION TO J.S.'S AND K.S.'S, MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants, J.S. and K.S. ("defendants"), by their attorneys, Dykema Gossett PLLC, in reply to plaintiffs' memorandum in opposition to defendants' motion to dismiss, state:

**INTRODUCTION**

Plaintiffs fail to state a cause of action against J.S. and K.S as their claims lack the necessary factual averments and are inadequate in pleading the required elements. The law cited by plaintiffs in their response to defendants' motion to dismiss does not support allowing plaintiffs' speculative and legally insufficient claims to survive a 12(b)(6) motion.

First, as demonstrated in defendants' motion to dismiss, plaintiffs have not met the standard for establishing a nexus between K.S. and J.S. and a state actor, such that these defendants could be liable under a Section 1983 due process claim. The recitation of legal conclusions in their opposition memorandum does not change the insufficiency of their due process allegations. Plaintiffs' conspiracy claims fail for a similar reason—they are made up of legal conclusions and lack facts that would demonstrate a conspiracy existed. Next, the law plaintiffs cite only supports the conclusion that plaintiffs do not allege the necessary facts to support a malicious prosecution claim. Plaintiffs' defamation *per se* and false light invasion of privacy claims fail because they fall far short of the standard of specificity required. In addition,

plaintiffs cannot wait for discovery to search for facts that would support a claim of intentional infliction of emotional distress when the factual basis of their claim, at this stage, is insufficient. Plaintiffs' opposition memorandum does not even address the fatal flaw in their negligent supervision claim—J.S. and K.S. did not have the ability to control what their children said outside their presence, and, thus, the facts are insufficient to state a claim. Finally, plaintiffs cannot hold J.S. and K.S. liable under the Parental Liability statute for J.L.S.'s post-November 2007 conduct when it is not clear from the complaint what that conduct was, whether any alleged conduct occurred during that time period, or, if it did occur, whether it was, in fact, tortious conduct.

## ARGUMENT

Plaintiffs have failed to explain how their conclusory and insufficient claims warrant survival past the pleading stage. The Federal Rules require plaintiffs to have a factual basis for their claims when they plead them—they cannot wait until discovery to attempt to collect facts that will support the recitation of legal conclusions that currently form their claims. Allowing these claims to continue until the summary judgment stage is not only unwarranted, but it would unnecessarily subject reporting children's parents to intrusive and highly sensitive discovery, given the underlying sexual abuse allegations in this case.

Moreover, granting plaintiffs any sort of leniency at this stage would work against the public policy goal of encouraging people to report child abuse. A chilling effect on the reporting of abuse would be the eventual result of permitting speculative claims, such as these, to proceed past the pleading stage. Individuals would be forced into the position of either risking litigation or ignoring indications of abuse.

I. **Plaintiffs' Due Process Claim Fails Because Plaintiffs Have Failed to Allege a Nexus Between J.S. and K.S. and a State Actor**

Plaintiffs argue that they have alleged a sufficient nexus between defendants, J.S. and K.S., as private parties, and a state actor, DCFS attorney Casady, to hold defendants liable under Section 1983, but their argument has no support in law. In order to hold a private party liable under Section 1983, there must be "a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The private decisions must have been, in effect, mandated by the State. *Rendell-Baker v. Kohn*, 457 U.S. 830, 843 (1982). This requirement is meant to "assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum*, 457 U.S. at 1004 (emphasis in original). The facts alleged in plaintiffs' complaint do not show a sufficiently close nexus between J.S. and K.S. and defendant Casady, the state actor.

In fact, plaintiffs cite no facts that support the existence of a nexus, only a conclusory allegation that one existed. Even in their opposition to defendants' motion to dismiss, they simply state "the symbiotic relationship between a state actor, Defendant Casady, and defendant J.S. and K.S., is evident," but do not actually cite any supporting allegations. (Opp. Mem. 12.) Also, as Defendant Casady was the DCFS prosecuting attorney and J.S .and K.S. are the alleged victims' parents, communication and cooperation between them naturally would arise because of their roles in the case. Thus, if the nominal facts alleged by plaintiffs could support a claim of joint action between a private person and state actor, the complaining private party witness in any prosecution would be vulnerable to a § 1983 claim. Plaintiffs have advanced no case law to support such a deviation from the well-settled state actor requirement.

As the basis of their procedural due process claim, plaintiffs allege that "the Defendants went to great lengths together to hide exculpatory evidence, conceal and lie about that evidence,

3

and then evade the administrative law judge's attempts to learn the truth about what had occurred." (Resp. 12; Compl. ¶ 42.) Thus, they are alleging a *Brady* violation, which occurs when State authorities suppress potentially exculpatory evidence in violation of an accused's Fourteenth Amendment right to a fair trial.[1]  *Brady v. Maryland*, 373 U.S. 83, 86 (1963).  It is well-established that "[a] violation of the *Brady* rule occurs only when the government withholds evidence which, had it been disclosed, creates a reasonable probability that the result of the trial would have been different."  *U.S. v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).  As a threshold matter, responding to plaintiffs' *Brady* claim is near impossible when plaintiffs do not allege why the evidence was exculpatory.  (*See* Compl. ¶¶ 41 – 44, 75 – 79, *and passim*.)  Moreover, the result of the hearing was in plaintiff's favor.  Despite the alleged suppression of evidence, at the end of the hearing, the ALJ allegedly found that plaintiff B.F.G. "is not a perpetrator of child abuse."  (Compl. ¶ 44.)  As such, the facts on their face do not satisfy the elements of a *Brady* claim, even if plaintiffs had alleged why the evidence was exculpatory and had alleged facts to support their claim of a conspiracy between J.S. and K.S. and Defendant Casady.

Also, it is well-settled that "a Brady violation occurs when the *government* fails to disclose evidence materially favorable to the accused."  *Steidl v. Fermon*, 494 F.3d 623, 631 (7th Cir. 2007) (emphasis in original) (*citing Youngblood v. West Virginia*, 126 S.Ct. 2188, 2190 (2006) (internal quotations omitted)).  So while prosecutors have an obligation under *Brady* to disclose exculpatory evidence and police officers and other state actors have a *Brady* obligation to disclose the exculpatory evidence to the prosecutor, the *Brady* rule does not extend to private

---

[1] To the extent plaintiffs are also alleging a procedural due process violation based upon defendants' alleged perjury at the hearing or preparation for their testimony, such a claim will not stand under Section 1983.  *Briscoe v. LaHue*, 460 U.S. 325 (1983) (witnesses have absolute immunity from a suit under 42 U.S.C. § 1983 for giving false testimony to the damage of the plaintiff.).  This is true whether the witness is a private citizen or state actor, such as a prosecutor.  *Id.* at 345.

persons. *See id.* at 630 – 631. In any event, plaintiffs' allegations show that J.S. and K.S. did in fact disclose the supposedly exculpatory evidence to the prosecutor. (*See* Compl. 76 – 79.) Thus, even if they had an obligation under *Brady*, which they clearly do not, they would have satisfied it.

Plaintiffs' procedural due process claim based on an alleged suppression of exculpatory evidence, also known as a *Brady* violation, is simply not viable. So not only have plaintiffs not set forth facts to show that J.S. and K.S. "somehow reached an understanding" with Defendant Casady to deprive plaintiff of a constitutional right, *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985), but they also have not demonstrated that B.F.G. was in fact deprived of a constitutional right. Accordingly, their procedural due process claim should be dismissed with prejudice.

## II. Plaintiffs' Section 1983 and State Law Conspiracy Claims Are Factually Insufficient

Plaintiffs argue in a footnote that the same nexus that supports their argument that defendants are liable as state actors, under Section 1983, supports their causes of action for conspiracy under state law and Section 1983. (Opp. Mem. 12, n. 2.) As with their due process claim, the factual allegations in plaintiffs' complaint are insufficient to support either conspiracy claim and the law they cite in their memorandum only supports dismissal of both claims.

"Plaintiffs must allege with *some particularity* that the public defendant, acting in his official capacity, conspired with the private defendants to deny plaintiffs their rights; vague or conclusory allegations of official participation are not sufficient to withstand a motion to dismiss." *Koch v. Schneider*, 550 F.Supp. 846, 850 (N.D. Ill. 1982) (internal quotations omitted) (finding that plaintiffs' allegation that the private party and state actor "explicitly or implicitly agreed to file the [false] charge" did not withstand a motion to dismiss because it lacked the necessary factual averments.) Similarly, for state law conspiracy claims, "mere characterization

of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 23 (1998). Plaintiffs, conclusorily, recite that a conspiracy existed, but they do not state how these defendants acted in concert. A combination of alleged acts is not enough. Plaintiffs' conspiracy claims should be dismissed with prejudice.

### III. Plaintiffs' Speculative Allegations Do Not Support A Malicious Prosecution Claim

For their claim of malicious prosecution in count XIII, Plaintiffs attempt to hold J.S. and K.S. liable for causing judicial proceedings to be initiated against B.F.G. (Compl. ¶ 85.) Yet, they offer no facts to support a conclusion that J.S. and K.S. knew the report was false when they made it, and, without that element, their malicious prosecution claim cannot stand. The facts do not support a knowingly false reporting, nor do they support plaintiffs' other conclusory allegation of "continued lies and manipulation of testimony and evidence". (Compl. ¶ 42; *see* Opp. Mem. 14.) Without facts that demonstrate that J.S. and K.S. knew they were making a false report and that support allegations of their purported continuing lies and manipulation, those allegations do not rise above speculation. As this Circuit and the Supreme Court have established, a plaintiff's allegations must contain sufficient factual detail and plausibly suggest the possibility of a right to relief above a "speculative level." *EEOC v. Concentra Health Servs.*, Inc. 496 F.3d 773, 776 -77 (7th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 65 (2007)).

Additionally, *arguendo,* even if J.S. and K.S. had knowingly made a false report to the police, they did not file a complaint and the prosecution of plaintiff was not based on that information, but upon independently gathered information. For malicious prosecution purposes, if the prosecution is based upon information separate from that given by the informer, the informer does not affect the officer's discretion, and the officer alone is responsible for the

prosecution.  *Randall v. Lemke*, 311 Ill.App.3d 848, 852 (2d Dist. 2000.)  Here, defendants, J.S. and K.S., reported the suspected abuse to the police, and the police then contacted the DCFS, the prosecuting party here.  The DCFS and Defendant Butts conducted interviews of B.F.G, E.G., M.G., J.L.S. and N.S.  (Compl. ¶¶ 21, 22, 29, 32.)  B.F.G. was placed on the indicated list and the judicial proceedings were brought against him based on that independent investigation.  (Compl. ¶ 36.)

While plaintiffs argue that the issue of whether defendants' reporting was in good faith is an issue more appropriate for summary judgment, their claim is fatally flawed because they are unable to allege facts indicating defendants should have known their report to the police was false.  Plaintiffs argue, in their Response: defendants "went to the police with allegations that they had every reason to know were fabricated by their own children as an alibi for their own sexual misbehavior—the same type of misbehavior that had occurred on other occasions with other children at a time before B.F.G. had any contact with them.  They withheld this critical information from the police."  (Resp. 15.)  Plaintiffs further argue that J.S. and K.S. did not tell the Willow Springs officers of their children's "histories of lying and engaging in sexually inappropriate behavior."  (Resp. 2.)  In their Complaint, however, plaintiffs never allege that J.S. and K.S. had knowledge that their children engaged in sexual misbehavior on other occasions with other children or knowledge that their children had ever lied about engaging in "sexual misbehavior" or being sexually abused.  (*See* Compl. ¶¶ 15 – 17, *and passim*).  Thus, there is no allegation J.S. and K.S. were even aware of this information, let alone in a position to pass it on to the officers.  Indeed*,* even if, *arguendo*, J.L.S.'s and N.S.'s allegations were false, J.S. and K.S. would have no way of knowing that they were and every reason to think they should not ignore the allegations and take the chance the abuse might continue.  J.S and K.S. acted

7

responsibly by reporting their children's allegations to the police so that the authorities could investigate and make their own determination.[2]

Indeed, "Illinois courts have long disfavored actions for malicious prosecution and have sought to encourage a policy of open access to courts." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 602 (7th Cir. 1995). To allow plaintiffs' claim to go forward here would not only be counter to that policy, but also would allow for burdensome and extensive discovery into a sensitive topic with potential for harm to the non-party children involved. Plaintiffs should not be granted the opportunity to move forward in the hopes that supporting facts might surface when, at this point, their malicious prosecution claim is unsupported and speculative.

### IV. Plaintiffs Misinterpret the Courts' Pleading Standard for Defamation Claims and False Light Claims and Fail to Show that They Have Met the Appropriate Standard.

Many judges of this District have made clear that plaintiffs must plead the specific words that they allege to be actionable. Plaintiffs' allegations, as compared with the standard set by the courts, are sorely insufficient. Indeed, one court has noted that the precise language or "*in haec verba*" requirement is employed by most courts in this district. *Woodward v. Am. Family Mut. Ins. Co.*, 950 F.Supp. 1382, 1388 (N.D. Ill. 1997) (collecting cases) ("The reason a plaintiff must, under notice pleading requirements, plead the specific words alleged to be actionable is that knowledge of the exact language used is necessary to form responsive pleadings."). *See also Treadwell v. St. Joseph High School*, No. 8 C 4906, 1999 WL 753929, at *7 (N.D. Ill. Sept. 15, 1999) ("The parties agree that even under the federal notice pleading standards, plaintiff must plead the specific words alleged to be actionable."); *Robinson v. Morgan Stanley*, 2007 WL

---

[2] Moreover, to the extent plaintiffs are arguing that a victim's past sexual behavior is relevant in determining the validity of that victim's present report of abuse, use of such evidence is barred by Federal Rule of Evidence 412. In any civil proceeding involving alleged sexual misconduct, Rule 412 bars: 1) evidence offered to prove that any alleged victim engaged in other sexual behavior, and 2) evidence offered to prove any alleged victim's sexual predisposition. The exception to this rule is narrow and inapplicable here. Fed. R. Evid. 412 (b)(2).

2815839, at *6 (N.D. Ill. Sep 24, 2007) (in order to satisfy the requirements of notice pleading, a "plaintiff claiming defamation must specifically set forth the words alleged to be actionable.") In *Robinson*, for example, the plaintiff alleged that "defendants made false written statements in performance reviews, supporting documents, and public records, and disclosed these statements, along with false verbal statements, to others within and outside the company." 2007 WL 2815839, at *6. The plaintiff further alleged that "[d]efendants used false and/or misleading statements, accusations, and other information in the manufacturing of a poor work record." *Id.* The court found these allegations insufficiently specific to withstand a motion to dismiss the defamation claim. *Id.* In contrast to *Robinson* and plaintiffs' allegations here, in *Emery v. Northeast Illinois Regional Commuter R.R. Corp*, the court found that the plaintiff's defamation claim, where "more than twenty of the alleged defamatory statements at issue [were] pled as direct quotes," could withstand a motion to dismiss. 2003 WL 22176077, *8 (N.D. Ill. Sept. 18, 2003).

Without specificity as to the alleged defamatory statements, a claim of defamation simply will not survive a motion to dismiss. *Dry Enterprises, Inc. v. Sunjut AS*, No. 07 C 1657, 2008 WL 904902, at *4 (N.D. Ill. Mar. 31, 2008). Likewise, to state a false light claim, there must be some "allegation as to what specific statement was false." *Hurst v. Capital Cities Media, Inc.*, 323 Ill.App.3d 812, 816 (2001). Plaintiffs do not allege any specific statements to support a false-light claim or defamation *per se* claim against J.S. and K.S.. Thus, counts X and XII should be dismissed with prejudice.

### V. The Alleged Facts Do Not Support a Claim of Intentional Infliction of Emotional Distress

Plaintiffs fail to state a cause of action for intentional infliction of emotional distress because their claim lacks facts and, even if the conduct was described in greater detail, it would still fall short of the required level of outrageousness for such a claim. While plaintiffs claim

9

that the determination of the alleged outrageousness of J.S.'s and K.S.'s behavior is better left for summary judgment, courts routinely dismiss intentional infliction of emotional distress claims at the pleading stage for failure to allege facts that support sufficiently outrageous conduct. *See, e.g.*, *Bellmer v. Charter Sec. Life Ins. Co.*, 105 Ill.App.3d 234, 239 (1982); *Public Finance Corporation v. Davis*, 66 Ill.2d 85, 90 (1977) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency."); *Schiller v. Mitchell*, 357 Ill.App.3d 435, 447 (2005). While plaintiffs attempt to boost J.S.'s and K.S.'s alleged conduct to an outrageous level with conclusory allegations and hyperbolic adjectives, as a matter of law, the allegations, even if they had been supported with sufficient facts, do not support a finding of outrageousness. Parents reporting their children's allegations of abuse to the police and their cooperation with the investigation that followed does not rise to the level of conduct that is "beyond all possible bounds of decency". Plaintiffs cannot wait, in hopes of further details arising during discovery, to find conduct that is arguably outrageous. The details must be pled now. Indeed, for an intentional infliction of emotional distress claim, plaintiffs "must be specific and detailed beyond what is normally considered permissible in pleading a tort action." *Welsh v. Commonwealth Edison Co.,* 306 Ill.App.3d 148, 155, 713 N.E.2d 679 (1999). Plaintiffs' allegations are insufficiently detailed or specific, and the basis of their claim does not reach the required level of outrageousness. Count IX should be dismissed with prejudice.

## VI. Plaintiffs Fail to Plead the Required Elements to Support a Negligent Supervision Claim

Plaintiffs' allegations in support of their negligent supervision claim do not give rise to a cause of action under Illinois law. While plaintiffs argue in their memorandum that they did in fact plead that J.S. and K.S. were aware of specific prior instances of conduct, the plaintiffs do not state what such prior conduct entailed. The complaint itself never alleges that J.L.S. and N.S.

10

had a <u>history</u> of <u>talking to others at school and in the community</u> about allegedly fabricated stories about B.F.G. and of which J.S. and K.S. were aware.

Even if, *arguendo,* plaintiffs had met the required element of showing that the parents were aware of specific instances of prior conduct, plaintiffs never even address the most obvious deficiency in their negligent supervision claim—J.S. and K.S. would have had no opportunity to control what their children said while outside their presence at school and in the neighborhood. (*See* Opp. Mem. 17-18.)  Courts will only impose a "duty on parents when they are in a position to exercise *immediate* control over their children to prevent some foreseeable harm." (emphasis added). *Bland v. Candioto*, No. 04 C 8361, 2006 WL 2735501, at *4 (N.D.Ill. 2006) (*citing Lott v. Strang*, 312 Ill.App.3d 521, 524 (2000)).  Plaintiffs have not met the basic elements of a negligent supervision claim.  Thus, count XIII should be dismissed with prejudice.

### VII. The Illinois Parental Responsibility Statute Plainly Does Not Permit Liability in This Case

Plaintiffs concede that they are unable to hold J.S. and K.S. liable under the Parental Responsibility statute for any conduct of N.S. and for any conduct of J.L.S. occurring before November 2007.  They ask the Court, however, to find J.S. and K.S. liable for the conduct of J.L.S. after he turned age eleven in November 2007.  The complaint is devoid of any specificity as to whether and what conduct occurred after November 2007.  Plaintiffs allege that "J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does 'bad sex things' to children."  That allegation, however, which is the only one conceivably constituting post-November 2007 conduct by J.L.S. (*see* Opp. Mem. 19), is not only too vague as to the time period during which it occurred, but is also insufficient as an allegation of tortious conduct to support liability under the Parental Responsibility statute.  It would be pure speculation for plaintiffs to allege that any such conduct occurred after November 2007.

## CONCLUSION

For all the reasons stated above and in defendants' memorandum in support of their motion to dismiss, Counts VI, VII, VIII, IX, X, XI, XII, XIII and XIV as alleged against defendants, J.S. and K.S., should be dismissed with prejudice.

Dated: July 2, 2008                                     Respectfully submitted,

                                                        s/ Molly E. Thompson (ARDC No. 6293942)
Daniel M. Noland                                        One of the Attorneys for Defendants,
Sonia A. Desai                                          J.S. and K.S.
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois  60606
312.876.1700

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2008, I electronically filed the foregoing **Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

James G. Sotos & Associates, Ltd.
550 East Devon
Suite 150
Itasca, Illinois  60143
630.735.3300
630.773.0980 (facsimile)

James C. Stevens, Jr.
Office of the Illinois Attorney General
100 West Randolph Street, Suite 11-200
Chicago, Illinois  60601
312.814.6788
312.814.6885 (facsimile)

Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois  60604
312.540.7000
312.540.0578 (facsimile)

Ettinger, Besbekos, & Schroeder, P.C.
12413 South Harlem Avenue
Suite 203
Palos Heights, Illinois  60463
708.923.0368
708.598.0041 (facsimile)

Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois  60805
708.424.5678
708.425.1898 (facsimile)

s/ Molly E. Thompson (ARDC No. 6293942)
Molly E. Thompson

CHICAGO\2463214.2
ID\METH