**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| B.F.G., by his parents and next friends, R.G and B.G., and R.G., and B.G., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| Willie Blackmon, Investigator, Division of Child Protection, ("DCP"), of the Illinois Department of Children and Family Services("DCFS"), in his individual capacity; Kimberly Smith-Foote, Investigative Supervisor (DCP), in her individual capacity; Danielle Butts, supervisor, Child Advocacy Center of Southwest Cook County, Illinois ("CAC"), in her individual capacity; Rhonda Casady, attorney for DCFS, in her individual capacity, Detective Tabordon and Officer Widlacki, police officers, Willow Springs Police Department, in their individual capacities; Village of Willow Springs, Illinois, a Municipal Corporation; and J.S. and K.S. | ) ) ) ) No. 08 C 1565 ) ) ) ) Honorable Judge Suzanne B. Conlon ) Magistrate Judge Nan R. Nolan ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT AT LAW

NOW COMES Defendant Danielle Butts by and through her attorneys, Steven C. Wolf, Patrick R. Grady and Jessica K. Burtnett of The Law Offices of Wolf & Wolfe, Ltd., and for her Answer to Plaintiffs Amended Complaint at Law state as follows:

### <u>NATURE OF CLAIM</u>

1.    This action is asserted pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and 2 includes supplemental state law claims, premised upon violations

of Plaintiffs' rights under Illinois law. Plaintiffs' claims arise from the flawed investigation, false arrest, abusive persecution, and public condemnation of B.F.G. for the alleged sexual abuse of N.S. and J.L.S.

**ANSWER:**    The allegations in paragraph 1 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts denies all allegations in paragraph 1.

## JURISDICTION AND VENUE

2.    Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. § 1367.

**ANSWER:**    Admit.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all parties reside within Cook County, Illinois and all relevant acts occurred in the Northern District of Illinois, in the County of Cook, State of Illinois.

**ANSWER:**    Upon information and belief, admit.

## PARTIES

4.    Plaintiff B.F.G., a minor, resides with his mother and father, and younger brother and sister in a western suburb of Chicago, Illinois. Prior to the events which form the basis of this Complaint, B.F.G. was a middle school honor student, and a well-adjusted and happy teenager who was active in neighborhood and athletic activities, and enjoyed the respect, friendship and companionship of neighbors and members of the surrounding community. B.F.G. is now a high school freshman.

**ANSWER:**    Danielle Butts admits that B.F.G. is a minor residing with his mother and father and younger brother and sister.   Danielle Butts is without sufficient

knowledge or information to form a belief as to the remaining allegations contained in paragraph 4 and therefore denies all remaining allegations in paragraph 4.

5.      Plaintiffs R.G. and B.G., are B.F.G.'s parents, and are doctors of medicine who practice primarily in Chicago, Illinois. Prior to the events which form the basis of this Complaint, R.G. and B.G. were thriving members of and enjoyed much goodwill in their neighborhood, and were well-respected physicians, neighbors, and active members of their local community.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 5 and therefore denies all allegations in paragraph 5.

6.      Defendant, Rhonda L. Casady was, at all relevant times, an attorney, and an employee and/or independent contractor providing attorney services to the Illinois Department of Children and Family Services (DCFS). Defendant Casady represented DCFS in B.F.G.'s administrative appeal and acted under color of state law. Defendant Casady is sued in her individual capacity.

**ANSWER:**  Upon information and belief, Danielle Butts admits that Rhonda L. Casady was an attorney providing legal services to D.C.F.S. at all relevant times. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 6 and therefore denies all remaining allegations in paragraph 6.

7.      Defendant Hull House Association is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois; Defendant Hull House does

business as the Child Advocacy Center of Southwest Cook County (CAC) in Justice, Illinois which provides investigative services in child sexual abuse cases.

**ANSWER:**  Danielle Butts admits that Jane Addams Hull House Association is a not-for-profit organization located in Chicago, Illinois.  Answering further, Danielle Butts denies Jane Addams Hull House Association does business as the Child Advocacy Center of Southwest Cook County.  Danielle Butts admits that the Child Advocacy Center of Southwest Cook County is a program of Jane Addams Hull House Association which provides, among other services, Victim Sensitive Interviews, family advocacy, and medical referrals in child sexual abuse cases.  Danielle Butts admits that the Child Advocacy Center of Southwest Cook County is located in Justice, Illinois. Danielle Butts denies all remaining allegations in paragraph 7.

8.    Defendant Danielle Butts was, at all relevant times, employed as the program manager of the CAC. Defendant Butts conducted Victim Sensitive Interviews ("VSIs") of the various children involved in the investigation of B.F.G. At all relevant times, Defendant Butts acted under color of state law, and is sued in her individual capacity.

**ANSWER:**   Danielle Butts admits she was the program manager of the Child Advocacy Center of Southwest Cook County at all relevant times.  Answering further, Danielle Butts admits she conducted Victim Sensitive Interviews of N.S., J.L.S., E.G. and M.G.  Danielle Butts denies all remaining allegations in paragraph 8.

9.     Defendant Willie Blackmon was, at all relevant times, the lead DCFS investigator in the case against B.F.G., and acted under color of state law. Defendant Blackmon is sued in his individual capacity.

**ANSWER:**    Upon information and belief, Danielle Butts admits that Willie Blackmon was employed by D.C.F.S. at all relevant times.  Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 9 and therefore denies all remaining allegations in paragraph 9.

10.    Defendant Kimberly Smith-Foote was, at all relevant times, a DCFS supervisor who oversaw Defendant Blackmon's investigation of B.F.G. Defendant Smith-Foote acted under color of state law and is sued in her individual capacity.

**ANSWER:**    Upon information and belief, Danielle Butts admits that Kimberly Smith-Foote was employed by D.C.F.S. at all relevant times.   Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 10 and therefore denies all remaining allegations in paragraph 10.

11.    At all times relevant, Defendant Officer Widlacki acted under color of state law as a police officer with the Village of Willow Springs Police Department. Defendant Widlacki is sued in his individual capacity.

**ANSWER:**    Upon information and belief, Danielle Butts admits that Defendant Widlacki was a police officer with the Village of Willow Springs Police Department at all relevant times. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 11 and therefore denies all remaining allegations in paragraph 11.

12.    At all times relevant, Defendant Detective Tabordon acted under color of state law as a police officer with the Willow Springs Police Department. Defendant Tabordon is sued in his individual capacity.

**ANSWER:** Upon information and belief, Danielle Butts admits that Defendant Tabordon was a police officer with the Village of Willow Springs Police Department at all relevant times. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 12 and therefore denies all remaining allegations in paragraph 12.

13.     Defendant Village of Willow Springs is an Illinois municipal corporation and, as such, is responsible for the policies, practices and customs of the Willow Springs Police Department. Defendant Village of Willow Springs at all relevant times was the employer of Defendants Tabordon and Widlacki. The Village of Willow Springs is responsible for the acts of Defendants Tabordon and Widlacki while acting within the scope of their employment.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 13 and therefore denies all allegations in paragraph 13.

14.     Defendants J.S. and K.S. are a married couple who reside in west suburban Cook County and are the parents of J.L.S and N.S.

**ANSWER:** Upon information and belief, admit.

## FACTS
## INITIAL OUTCRY

15.     From July through November 2006, B.F.G. occasionally babysat J.L.S. and N.S., the nine and seven year old children of Plaintiffs' neighbors, Defendants J.S. and K.S.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 15 and therefore denies all allegations in paragraph 15.

16.    On January 15, 2007, J.L.S. and N.S. were caught by their grandmother touching each other in their genital areas, and using sexually inappropriate language. After being confronted by their mother, K.S., the children fabricated wild and obviously false accusations that they had been abused by B.F.G., who, while babysitting, had forced toy objects into J.L.S.'s anus, and made N.S. do naked flips, during games of "truth or dare". They also contended that B.F.G. had committed some of these acts upon and in the presence of his own younger siblings E.G. and M.G.

**ANSWER:**    Danielle Butts admits that J.L.S. and N.S. made allegations that B.F.G. sexually abused them while babysitting.    Answering further, Danielle Butts admits that J.L.S. and N.S. made allegations that B.F.G. sexually abused them in the presence of E.G. and M.G.    Danielle Butts denies that any allegations or accusations of J.L.S. or N.S. were wild or obviously false on their face.    Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 16 and therefore denies all remaining allegations in paragraph 16.

17.    J.L.S. and N.S. would later add even more outrageous and preposterous allegations including that B.F.G. inserted toys into N.S.'s anus, and punched N.S. in the nose causing her to bleed. At the time these allegations were raised, Defendants K.S. and J.S. knew that their children had histories of fabricating false stories and acting out sexually which occurred well before B.F.G. ever babysat the children.

**ANSWER:** Danielle Butts admits that J.L.S. and N.S. made allegations that B.F.G. sexually abused them while babysitting. Danielle Butts denies that any allegations or accusations of J.L.S. or N.S. were outrageous or preposterous on their face. Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 17 and therefore denies all remaining allegations in paragraph 17.

## POLICE AND DCFS INVESTIGATION

18.    On January 16, 2007, Defendants J.S. and K.S. reported their children's preposterous accusations to Defendant Widlacki at the Willow Springs police department. Defendants K.S. and J.S. provided Defendant Widlacki with a toy plastic carrot and banana, which purportedly had been inserted into J.L.S.'s anus, as evidence. No forensic testing was ever performed on these physical items.

**ANSWER:** Upon information and belief, Danielle Butts admits that J.S. and K.S. reported allegations of sexual abuse committed by B.F.G. upon J.L.S. and N.S. to Defendant Widlacki at the Willow Springs Police Department. Danielle Butts denies that any allegations or accusations of J.L.S. or N.S. were preposterous on their face. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 18 and therefore denies all remaining allegations in paragraph 18.

19.    Defendant Widlacki contacted DCFS on January 16, 2007, and, on the following day, Defendant Blackmon was assigned by DCFS to investigate. Defendant Smith-Foote was also assigned to the case.

**ANSWER:**    Upon information and belief, Danielle Butts admits that D.C.F.S. was notified of the allegations of J.L.S. and N.S.    Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 19 and therefore denies all remaining allegations in paragraph 19.

20.    At the very beginning of his investigation, on January 17, 2007, Defendant Blackmon violated DCFS protocols and policies by demanding to confront Plaintiffs about the allegations against B.F.G. without first having interviewed the alleged victims, J.L.S. and N.S., and their parents. Defendant Blackmon further threatened to forcibly remove M.G. and E.G. from their family home if R.G. did not allow him to interview her children at that time. As a result of Defendant Blackmon's coercion, and in an ultimately futile attempt to preserve the integrity and sanctity of her family, Plaintiff R.G. permitted Defendant Blackmon to interview her and her two youngest children without any opportunity to prepare them for the ordeal.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 20 and therefore denies all allegations in paragraph 20.

21.    During these interviews, both E.G. and M.G., each of whom were interviewed separately, and had no opportunity to prepare, rehearse, be coached or collaborate, credibly denied the accusations that B.F.G. had sexually abused them or had abused N.S. and J.L.S. in their presence.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 21 and therefore denies all allegations in paragraph 21.

22.    Defendant Blackmon found E.G. and M.G. to be credible witnesses, and, upon information and belief, reported his findings to his supervisor, Defendant Smith-Foote.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 22 and therefore denies all allegations in paragraph 22.

23.    Plaintiff R.G. further informed Defendant Blackmon that she was customarily at home with her children and that the allegations could not be truthful. Further, R.G. assured Defendant Blackmon that the home was a safe environment.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 23 and therefore denies all allegations in paragraph 23.

24.    R.G. also truthfully informed Defendant Blackmon that N.S. and J.L.S. had histories of serious behavioral problems which included playing "naked theater", N.S. attempting to strangle, and permanently scarring E.G. with a kite string, J.L.S. repeatedly playing with others with his pants down, and J.L.S. having asked E.G. to take her pants off. All of these incidences pre-dated B.F.G.'s babysitting duties with N.S. and J.L.S.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 24 and therefore denies all allegations in paragraph 24.

25.     Though Defendant Blackmon found Plaintiffs' recounting of events to be credible, and there was no safety risk posed to B.F.G.'s siblings, he inexplicably instructed R.G. that B.F.G. must leave the home due to the bizarre and unsubstantiated hearsay allegations.   Notwithstanding M.G. and E.G.'s unrehearsed statements to Blackmon that their brother never abused them, Defendant Blackmon coerced R.G. to remove her son from their home after he came home from school on January 17, 2007, by threatening that if she did not agree to remove B.F.G., Blackmon would have him forcibly removed.

**ANSWER:** Danielle Butts denies that any allegations or accusations of J.L.S. or N.S. were bizarre or unsubstantiated on their face.  Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 25 and therefore denies all remaining allegations in paragraph 25.

26.     As a result of Defendant Blackmon's threats, and to protect her children from the debilitating emotional and psychological trauma of seeing B.F.G. forcibly removed from his home and placed into custody without cause, R.G. submitted to Blackmon's threats and removed B.F.G. from the family home.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 26 and therefore denies all allegations in paragraph 26.

27.    After forcing Plaintiffs to remove B.F.G. from his home, Defendant Blackmon further violated DCFS policies and protocols by failing to work with Plaintiffs to develop a safety plan, and instead unilaterally decided the terms of the plan without even discussing the details with Plaintiffs, and without providing them a copy of the plan.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 27 and therefore denies all allegations in paragraph 27.

28.    Following B.F.G.'s removal from his home, Defendant Blackmon, with the acquiescence and approval of Defendant Smith-Foote, continued to run roughshod over DCFS policies and protocols designed to safeguard the rights of an accused during a DCFS investigation by:

(a) failing to ever interview the accusers;

(b) failing to interview the accusers' father;

(c) failing to interview B.G.;

d) failing to investigate credible information that the accusers had histories of lying and acting out sexually;

(e) failing to make any effort to assess the credibility of the accusers' allegations;

(f) failing to inspect any of the three alleged locations of the alleged abuse;

(g) failing to collect relevant evidence;

(h) failing to examine evidence which had been collected;

(i) failing to conduct forensic testing on key physical evidence;

(j) failing to make notes of investigative contacts;

(k) falsifying records in order to cover up his failure to complete required investigative steps;

(l) falsely attesting that he had obtained essential history information from Plaintiffs;

(m) falsely attesting that he had investigated key aspects of the case;

(n) delaying the Victim Sensitive Interviews ("VSI") of the accusers for a week, while B.F.G. was separated from his family under debilitating stress;

(o) failing to interview the physician who examined the accusers for signs of abuse; and

(p) failing to examine the report of the accusers' medical examination even though he had it in his possession.

**ANSWER:** Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 28 and therefore denies all allegations in paragraph 28.

29.    On January 23, 2007, Defendant Butts finally conducted VSI's of J.L.S.and N.S., at the CAC. Defendant Butts blatantly ignored essential procedures required by DCFS and the CAC intended to assess whether children are truthful in their narratives and are not influenced by their perception of what the interviewer, or others, want them to say; to wit:

(a) she failed to make any effort to test the credibility of the accusers;

(b) she failed to explore the accusers' histories of sexual acting out and lying;

(c) she failed to explore the circumstances of the accusers' "outcry", which constituted an obvious attempt to deflect responsibility from their own conduct after being caught acting out sexually;

(d) she failed to inquire into DCFS's prior interviews of E.G. and M.G., both of whom had credibly denied that any abuse had occurred; and

(e) she rushed through the VSI's of J.L.S. and N.S. in only eight and eleven minutes respectively, including the time it took to establish rapport, explain the purpose of the VSI, and determine that the children understood the process and the consequences of lying.

**ANSWER:**   Danielle Butts admits that she conducted the VSI's of J.L.S. and N.S. at the Child Advocacy Center of Southwest Cook County on January 23, 2007. Danielle Butts denies all remaining allegations in paragraph 29, subparagraphs (a) through (e) inclusive.

30.    In further violation of DCFS policies and protocols, Defendant Blackmon skipped much of Defendant Butts' VSI of N.S., and no assistant state's attorney was present for the VSI's of either J.L.S. or N.S. Hence, Defendant Blackmon never observed N.S. for himself, and relied on obviously unreliable hearsay regarding N.S.'s VSI to determine that she was credible.

**ANSWER:**   Danielle Butts admits that Defendant Blackmon was not present for the entire VSI of N.S.  Answering further, Danielle Butts admits that an assistant state's attorney was not present for the VSI of either J.L.S. or N.S.  Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 30 and therefore denies all remaining allegations in paragraph 30.

31.    After J.L.S. and N.S.'s VSI's, during which they both coincidentally alleged for the first time that B.F.G. had anally assaulted them with a stick of toy butter, the accusers were taken to a hospital for medical screening. During her interview with a nurse, N.S. reported additional bizarre, obviously fabricated, and wildly inconsistent allegations against B.F.G. including that he had punched her in the nose and made it bleed, and that the plastic toys allegedly used to sodomize her caused anal bleeding. Neither of the medical examinations of the accusers revealed any evidence of abuse.

**ANSWER:**    Danielle Butts denies that any allegations or accusations of J.L.S. or N.S. were bizarre, obviously fabricated or wildly inconsistent on their face.  Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 31 and therefore denies all remaining allegations in paragraph 31.

32.    On January 24, 2007, Defendant Butts conducted VSI's of E.G. and M.G. Defendant Butts again violated CAC procedures by failing to have an assistant State's Attorney present. During the VSI's both E.G. and M.G. again credibly reported that B.F.G. had never abused them in any fashion. Nonetheless, Defendant Butts, in her continued efforts to railroad B.F.G., and build a case against him at any cost, falsely implied that E.G., was lying to protect her brother.

**ANSWER:**    Danielle Butts admits she conducted the VSI's of E.G. and M.G. on January 24, 2007.   Answering further, Danielle Butts admits an assistant State's Attorney was not present for the VSI's of E.G. or M.G.  Danielle Butts admits that E.G. and M.G. reported during their VSI's that B.F.G. did not sexually abuse them.  Danielle Butts denies all remaining allegations in paragraph 32.

33.    After the VSI's of E.G. and M.G., both of which further established that J.L.S. and N.S. were not credible, Defendant Blackmon advised R.G. that B.F.G. could move back home. However, Defendants Blackmon and Smith-Foote waited another two days to terminate the safety plan so that B.F.G. was inexplicably prevented from returning to his family home until January 26, 2007.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 33 and therefore denies all allegations in paragraph 33.

34.    Following the VSI's of E.G. and M.G., Defendants Blackmon and Butts attempted to coerce R.G. into having B.F.G. confess. Though they were not responsible for determining whether or not B.F.G. would be charged with any crime, Defendants Butts and Blackmon stated that if B.F.G. confessed, they would recommend he be charged as a minor and only have to undergo counseling as a punishment. B.F.G. refused to confess to the false allegations against him.

**ANSWER:**    Danielle Butts admits that she and Defendant Blackmon spoke with R.G. following the VSI of E.G. and M.G.  Answering further, Danielle Butts admits that she was not responsible for determining whether B.F.G. would be charged with a crime. Danielle Butts denies all remaining allegations in paragraph 35.

35.    Notwithstanding the lack of any corroborating evidence, and the presence of compelling exculpatory evidence, and as a result of the investigative misconduct described above, Defendant Blackmon, on January 25, 2007, found that the charge of sexual exploitation against B.F.G. was supported by credible evidence, and was, therefore, "indicated." The effect of an "indicated" finding of sexual exploitation is

placement on the State Central Register of indicated persons for at least five years. The State Central Register is a database of persons against whom DCFS has "indicated" abuse and/or neglect charges which, in addition to its stigmatizing effect, is disclosed to school districts, employers, and potential employers.

**ANSWER:**   Danielle Butts denies that any of her actions constituted investigative misconduct.   Upon information and belief, Danielle Butts admits that on January 25, 2007, Defendant Blackmon found the charge of sexual exploitation against B.F.G. was "indicated."   Answering further, Danielle Butts admits that the name of a person indicated as a perpetrator of child abuse is placed on the State Central Register for a minimum of five years.   Danielle Butts admits that the State Central Register is a list of persons against whom DCFS has "indicated" child abuse and/or neglect charges. Danielle Butts admits that employers or potential employers of people who work with children have access to the State Central Register. Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 35 and therefore denies all remaining allegations in paragraph 35.

36.    Defendant Blackmon "indicated" the charge of sexual exploitation against B.F.G. notwithstanding that the accusers' statements were wildly inconsistent, obviously fabricated, uncorroborated, unsupported by any physical evidence, and credibly refuted by two of the alleged victims, E.G. and M.G. Moreover, Defendant Blackmon's finding was based solely upon the hearsay statements of the accusers, even though he knew that both accusers had histories of lying and acting out sexually prior to Plaintiff B.F.G. ever having babysat them, and that their accusations were prompted by having been

caught engaging in sexually inappropriate conduct and conversation by their grandmother.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 36 and therefore denies all allegations in paragraph 36.

## B.F.G.'s ARREST AND PUBLIC CONDEMNATION

37.    On January 25, 2007, Defendant Widlacki, and, upon information and belief, at the direction of or with the approval of Defendant Tabordon, arrested Plaintiff B.F.G., without probable cause, for criminal sexual assault. After the arrest, the case was tendered to the Cook County State's Attorney's Juvenile Division, which promptly declined any charges against B.F.G.

**ANSWER:** Upon information and belief, Danielle Butts admits that B.F.G. was arrested.    Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 37 and therefore denies all remaining allegations in paragraph 37.

38.    Though B.F.G. was never charged with a crime, upon information and belief, Defendants advised B.F.G.'s school that B.F.G. had been detained for proceedings under the Juvenile Court Act or for a criminal offense, whereupon B.F.G.'s school requested a report from Defendant Widlacki regarding the charges filed against B.F.G., or his brother, M.G., by J.L.S. In response to the school's request, despite the fact that Defendant Widlacki knew or should have known that no charges were filed against B.F.G,. and with a reckless disregard for B.F.G.'s rights, Defendant Widlacki wrote a letter to B.F.G.'s school stating that he had found probable cause that B.F.G.

had committed sexual assault on the children he babysat, that the matter was referred to the Juvenile State's Attorney, and that he had received a disposition from the Bridgeview courthouse assigning B.F.G. to counseling.

**ANSWER:** Danielle Butts denies she advised B.F.G.'s school that B.F.G. had been detained for proceedings under the Juvenile Court Act or for a criminal offense. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 38 and therefore denies all remaining allegations in paragraph 38.

39.    Due to the misleading statements in Officer Widlacki's letter, B.F.G.'s school took safety precautions which included not allowing B.F.G. to use the student bathrooms and not allowing him to be unsupervised at school at any time. B.F.G. was also targeted for exclusion from the School's eighth grade trip.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 39 and therefore denies all allegations in paragraph 39.

40.    Plaintiffs sought the intervention of the Cook County State's Attorneys' Office.   After learning of Officer Widlacki's letter to school officials, a state's attorney's representative advised B.F.G.'s school administrators that B.F.G. had not been charged with any crime. Only then did the school retract the restrictions, and restore B.F.G.'s rights and privileges at the school.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 40 and therefore denies all allegations in paragraph 40.

## B.F.G.'S ADMINISTRATIVE APPEAL

41.    Following the indicated finding against him for sexual exploitation, B.F.G. requested an administrative appeal pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/7.16.

**ANSWER:**    Admit.

42.    The administrative appeal hearing proceeded from May 2007 to September 27, 2007. DCFS was represented by Defendant Casady.

**ANSWER:**    Danielle Butts admits Defendant Casady provided legal services for D.C.F.S. at the administrative appeal hearing.    Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 42 and therefore denies all remaining allegations in paragraph 42.

43.    During the pendency of the administrative appeal, Defendants Casady, Blackmon, Butts, J.S. and K.S., conspired, through a pattern of intentional, deliberate, reckless, and illegal conduct, to railroad Plaintiff B.F.G. and prevent him from receiving a fair hearing on his appeal, to wit:

(a) Despite knowing that DCFS had previously found the allegation of sexual penetration to be not credible, Defendant Casady, without any new evidence, unilaterally "indicated" additional charges of "sexual penetration", "sexual molestation", "substantial risk of Sexual Injury", and "Substantial Risk of Physical Injury" against B.F.G;

(b) Defendants K.S., J.S., and Blackmon repeatedly falsely testified at the administrative hearing concerning glaring inconsistencies in the accounts of abuse provided by their children;

(c) Defendants Casady, J.S. and K.S. conspired to hide key physical evidence from the court;

(d) Defendants Casady, J.S. and K.S lied to the court in order to cover-up the true circumstances surrounding the suppression;

(e) Defendants Casady, J.S. and K.S refused to cooperate with the court's efforts to investigate their suppression of the evidence;

(f) after stating she would call ten witnesses and that DCFS's case would take about three hours, Defendant Casady tactically disrupted the presentation of evidence through repeated unconscionable delay tactics, causing the hearing to drag on for several months;

(g) Defendant Blackmon falsely testified that Plaintiff R.G. had agreed to present B.F.G. for sex offender counseling;

(h) Defendant Casady's misconduct during the proceedings reached a point where the first Administrative Law Judge's (ALJ), Lola Fahler, filed a report of Casady's behavior with the Illinois Attorney Registration and Disciplinary Commission and was thereafter required to recuse herself from the hearing; and

(I) After ALJ Fahler was replaced with ALJ Baechle, Defendant Casady continued to obstruct the hearing process to the point where ALJ Baechle repeatedly threatened to eject, and ultimately did eject her from the hearing.

**ANSWER:** Danielle Butts denies she was involved in a conspiracy with anyone, including a conspiracy to prevent B.F.G. from receiving a fair hearing on his appeal. Answering further, Danielle Butts denies she intentionally, deliberately, recklessly or illegally railroaded B.F.G.  Danielle Butts denies her conduct prevented B.F.G. from

receiving a fair hearing on his appeal.  Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 43 and therefore denies all remaining allegations in paragraph 43.

44.    The administrative hearing finally ended in September 2007. The administrative decision, sent to Plaintiffs on November 7, 2007, but dated September 24, 2007, found that DCFS had not met its burden in proving the allegations against B.F.G., and further found that B.F.G. "is not a perpetrator of child abuse". ALJ Baechle cited many reasons for the decision, including incredible witnesses and investigative misconduct by agents of DCFS.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 44 and therefore denies all allegations in paragraph 44.

## **FURTHER PUBLIC CONDEMNATION OF PLAINTIFFS**

45.    Notwithstanding the ALJ's finding that B.F.G. "is not a perpetrator of child abuse," Defendants K.S. and J.S. have continuously disseminated the false accusations against B.F.G. throughout their neighborhood and local school community. J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does "bad sex things" to children.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 45 and therefore denies all allegations in paragraph 45.

46.    As a result, Plaintiffs have been rendered pariahs in their community, endured debilitating emotional and psychological distress and trauma, and the utter

destruction of their good names and reputations, lost good will in the community, and Plaintiffs R.G. and B.G. have suffered financial losses in their medical practice.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 46 and therefore denies all allegations in paragraph 46.

47.    Defendant K.S. has further unconscionably attempted to interfere with E.G. and M.G.'s relationships at their school and has also attempted to preclude E.G. and M.G. from participating in school and/or community related events.

**ANSWER:**    Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 47 and therefore denies all allegations in paragraph 47.

## COUNT I - SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983
(Directed against Defendants Blackmon and Smith-Foote)

48.    Plaintiffs reassert and reincorporate paragraphs 1-47 as paragraph 48 of this Count I.

**ANSWER:** The allegations in paragraph 48 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 47 above as if fully set forth herein.

49.    The Civil Rights Act, 42 U.S.C. Section 1983 provides a civil damages remedy against any person who, while acting under color of law, violates another person's constitutional rights.

**ANSWER:** The allegations in paragraph 49 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed

against Danielle Butts, Danielle Butts denies that paragraph 49 is a correct statement of the law and therefore denies all allegations in paragraph 49.

50.    Plaintiffs R.G. and B.G., as parents of B.F.G., enjoyed a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to the care, custody, control, and companionship of their son, B.F.G., which together, encompass their rights to familial association and family integrity.

**ANSWER:** The allegations in paragraph 50 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts admits that R.G and B.G. enjoyed certain liberty interests under the due process clause of the Fourteenth Amendment to the United States Constitution.   Danielle Butts denies R.G. and B.G.'s liberty interests under the due process clause of the Fourteenth Amendment to the United States Constitution are properly alleged and only admits the existence of certain liberty interests provided by law.  Danielle Butts denies all remaining allegations in paragraph 50.

51.    Plaintiff B.F.G., the son of R.G. and B.G., enjoyed a liberty interest in the right to family integrity under the Fourteenth Amendment to the U.S. Constitution which included the right to live within his family household where he will receive the care and companionship of his parents.

**ANSWER:** The allegations in paragraph 51 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts admits that B.F.G. enjoyed certain liberty interests under the Fourteenth Amendment to the U.S. Constitution.   Danielle Butts denies B.F.G.'s liberty interests under the due process clause of the Fourteenth Amendment to

the United States Constitution are properly alleged and only admits the existence of certain liberty interests provided by law. Danielle Butts denies all remaining allegations in paragraph 51.

52.    Defendants Blackmon and Smith-Foote deprived Plaintiffs of their liberty interests as described above without due process by forcing B.F.G. to live outside of his parents' home for ten days when there existed no credible reason to believe that Plaintiff B.F.G.'s siblings were at risk of any harm.

**ANSWER:** The allegations in paragraph 52 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts admits, upon information and belief, that B.F.G. lived outside of his parents' home for a period of time. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 52 and therefore denies all remaining allegations in paragraph 52.

53.    Further, Defendants Blackmon and Smith-Foote deprived Plaintiffs of their liberty interests in familial association and family integrity without due process of law when they unconscionably delayed Plaintiff B.F.G.'s return to his family home for two days after acknowledging that there was no threat to the safety of Plaintiff B.F.G.'s siblings.

**ANSWER:** The allegations in paragraph 53 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to

form a belief as to the allegations in paragraph 53 and therefore denies all allegations in paragraph 53.

54.    Defendants Blackmon and Smith-Foote were acting under the color of law when they deprived Plaintiffs of their right to family integrity.

**ANSWER:** The allegations in paragraph 54 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 54 and therefore denies all allegations in paragraph 54.

55.    As a result of those actions, Plaintiffs suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

**ANSWER:** The allegations in paragraph 55 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 55 and therefore denies all remaining allegations in paragraph 55.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## COUNT II - PROCEDURAL DUE PROCESS- 42 U.S.C. § 1983
(Directed against Defendants Blackmon and Smith-Foote)

56. Plaintiffs reassert and incorporate paragraphs 1-55 above as paragraph 56 of this Count II.

**ANSWER:** The allegations in paragraph 56 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 55 above as if fully set forth herein.

57. Defendants Blackmon and Smith-Foote unreasonably deprived Plaintiffs of their liberty interest in family integrity without due process when they forced B.F.G. to live outside the family home for ten days without first holding a pre-deprivation hearing.

**ANSWER:** The allegations in paragraph 57 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts admits, upon information and belief, that B.F.G. lived outside of his parents' home for a period of time. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 57 and therefore denies all remaining allegations in paragraph 57.

58. As a result of those actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

**ANSWER:** The allegations in paragraph 58 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the

proximate cause of any damages sustained by Plaintiffs. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 58 and therefore denies all allegations in paragraph 58.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed

## COUNT III - FIRST AMENDMENT - 42 U.S.C. § 1983
(Directed against Defendants Blackmon and Smith-Foote)

59. Plaintiff reasserts and incorporates paragraphs 1-58 above as paragraph 59 of this Count III.

**ANSWER:** The allegations in paragraph 59 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 58 above as if fully set forth herein.

60. At all relevant times, Plaintiffs B.F.G., R.G., and B.G. enjoyed a right to free association under the First and Fourteenth Amendments of the U.S. Constitution.

**ANSWER:** The allegations in paragraph 60 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts admits the allegations in paragraph 60.

61. Plaintiffs B.G., R.G., and B.F.G. were denied of their rights of free association when Defendants Blackmon and Smith-Foote forced B.F.G. from his family home without cause and disrupted his relationship with his parents and siblings.

**ANSWER:** The allegations in paragraph 61 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to

form a belief as to the allegations in paragraph 61 and therefore denies the allegations contained in paragraph 61.

62. Defendants Blackmon and Smith-Foote were acting under color of law when they deprived Plaintiffs of their associational rights.

**ANSWER:** The allegations in paragraph 62 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 62 and therefore denies the allegations contained in paragraph 62.

63. As a result of those actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, loss of companionship, loss of society, loss of comfort, loss of protection and loss of service.

**ANSWER:** The allegations in paragraph 63 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 63 and therefore denies the allegations contained in paragraph 63.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## COUNT IV- SUBSTANTIVE DUE PROCESS- 42 U.S.C. §1983
(Directed against Defendants Blackmon, Smith-Foote, Casady and Butts)

64. Plaintiffs reassert and incorporate paragraphs 1-63 above as paragraph 64 of this Count IV.

**ANSWER:** Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 63 above as if fully set forth herein.

65.     Plaintiff B.F.G. enjoyed a liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution to be free from the consequences and stigma of an "indicated" finding by DCFS on charges of sexual misconduct.

**ANSWER:**    Danielle Butts admits that Plaintiff B.F.G. enjoyed certain rights under the due process clause of the Fourteenth Amendment to the United States Constitution.  Danielle Butts denies B.F.G.'s rights under the due process clause of the Fourteenth Amendment to the United States Constitution are properly alleged and only admits the existence of certain rights provided by law.  Danielle Butts denies all remaining allegations in paragraph 65.

66.     Defendants Blackmon, Smith-Foote, and Butts violated Plaintiff B.F.G.'s liberty interest without due process by "indicating" B.F.G. on charges of sexual exploitation, despite the absence of credible evidence to support any of the findings, and on the basis of the substantial instances of investigative misconduct and failings described above.

**ANSWER:**    Danielle Butts denies she violated Plaintiff B.F.G.'s liberty interest. Answering further, Danielle Butts denies she participated in the decision to "indicate" B.F.G. on charges of sexual exploitation.  Danielle Butts further denies she committed investigative misconduct or failed to follow investigative procedures.  Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining

allegations in paragraph 66 and therefore denies all remaining allegations in paragraph 66.

66.

67.    Defendant Casady further violated Plaintiff B.F.G.'s liberty interest without due process by indicating B.F.G. on charges of sexual penetration, sexual molestation, substantial risk of physical injury and substantial risk of sexual injury, despite the absence of credible evidence to support any of the findings, and on the basis of the substantial instances of investigative misconduct and failings described above.

**ANSWER:**    Danielle Butts denies Danielle Butts committed investigative misconduct or failed to follow investigative procedures.    Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 67 and therefore denies all remaining allegations in paragraph 67.

68.    Defendants were acting under the color of law when they deprived Plaintiff of his liberty interests as set forth above.

**ANSWER:**    Danielle Butts denies she deprived Plaintiff of his liberty interests. Answering further, Danielle Butts denies she was acting under the color of law when she conducted the VSI's of J.L.S., N.S., E.G. or M.G.  Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 68 and therefore denies all remaining allegations in paragraph 68.

69.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

**ANSWER:** Danielle Butts denies that any act or omission on her part was a proximate cause of any of damages sustained by Plaintiffs.  Danielle Butts is without

sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 69 and therefore denies all remaining allegations in paragraph 69.

WHEREFORE, the Defendant, Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

### COUNT V –UNLAWFUL ARREST – 42 U.S.C. § 1983
(Directed against Defendants Tabordon, Widlacki, Blackmon, Smith-Foote, and Butts)

70.    Plaintiffs reassert and incorporate paragraphs 1-69 above as paragraph 70 of this Count V.

**ANSWER:**  Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 69 above as if fully set forth herein.

71.    Plaintiff B.F.G. enjoyed a right to be free from unlawful arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**  Admit.

72.    Defendants Tabordon, Widlacki, Blackmon, Smith-Foote, and Butts, caused B.F.G. to be arrested without probable cause and without credible evidence as set forth above.

**ANSWER:**   Danielle Butts denies she caused B.F.G. to be arrested.  Answering further, Danielle Butts denies B.F.G. was arrested without probable cause or without credible evidence.  Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 72 and therefore denies all remaining allegations in paragraph 72.

73.    Defendants Tabordon, Widlacki, Blackmon, Smith-Foote, and Butts acted under the color of law when they caused B.F.G. to be arrested.

**ANSWER:** Danielle Butts denies she caused B.F.G. to be arrested.  Answering further, Danielle Butts denies she acted under the color of law when she conducted the VSI's of J.L.S., N.S., E.G. or M.G.  Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 73 and therefore denies all remaining allegations in paragraph 73.

74.     As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, and loss of reputation.

**ANSWER:** Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 74 and therefore denies all remaining allegations in paragraph 74.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

**COUNT VI - DUE PROCESS – 42 U.S.C. § 1983**
(Directed against Defendants Casady, J.S., K.S. and Blackmon)

75. Plaintiffs reassert and incorporate paragraphs 1-74 above as paragraph 75 of this Count VI.

**ANSWER:** The allegations in paragraph 75 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 74 above as if fully set forth herein.

76. Plaintiff B.F.G. enjoyed the right to a fair administrative hearing under the Fourteenth Amendment to the United States Constitution.

**ANSWER:** The allegations in paragraph 76 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts admits the allegations in paragraph 76.

77. Defendants Casady, J.S., and K.S. violated B.F.G.'s right to a fair and full administrative hearing by suppressing, and conspiring among themselves to suppress, exculpatory evidence, and by refusing to cooperate with the Court's investigation of the suppression, and by otherwise engaging in a pattern of willful and deliberate conduct specifically intended to prevent Plaintiff B.F.G. from receiving a fair and timely hearing on his administrative appeal.

**ANSWER:** The allegations in paragraph 77 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 77 and therefore denies all allegations in paragraph 77.

78. Defendant Blackmon violated B.F.G.'s right to a fair administrative hearing by falsely testifying and otherwise engaging in a pattern of willful and deliberate conduct specifically intended to prevent B.F.G. from receiving a fair hearing on his administrative appeal.

**ANSWER:** The allegations in paragraph 78 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 78 and therefore denies all allegations in paragraph 78.

79. As a result of Defendants' actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

**ANSWER:** The allegations in paragraph 79 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 79 and therefore denies all remaining allegations in paragraph 79.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## COUNT VII- CONSPIRACY - 42 U.S.C. § 1983
(Directed against Defendants Casady, Blackmon, Smith-Foote,
Butts, Tabordon, Widlacki, J.S. and K.S.)

80.    Plaintiffs reassert and incorporate paragraphs 1-79 above as paragraph 80 of this Count VII.

**ANSWER:** Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 79 above as if fully set forth herein.

81.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. conspired together, and acted in concert to deprive B.F.G., R.G. and B.G. of their civil rights under the United States Constitution while acting under the color of law.

**ANSWER:**    Danielle Butts denies she conspired together or acted in concert with anyone to deprive B.F.G., R.G. or B.G. of their civil rights under the United States Constitution.  Answering further, Danielle Butts denies she acted under the color of law when she conducted the VSI's of J.L.S., N.S., E.G. or M.G. Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 81 and therefore denies all remaining allegations in paragraph 81.

82.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. conspired together, and acted in concert to cause Plaintiff B.F.G. to be removed from his family home without cause, falsely "indicated" and arrested based upon obviously false and unsubstantiated charges of sexual misconduct, and deprived of a fair administrative hearing through false testimony and the willful suppression of key exculpatory evidence; thus, Defendants unlawfully deprived him of his rights to be free from false arrest, free from the stigma associated with being falsely "indicated,' as well as his right to a fair administrative hearing and his and his parents' rights to family integrity and free association.

**ANSWER:**    Danielle Butts denies she conspired together or acted in concert with anyone to cause B.F.G. to be removed from his home, "indicated", arrested or deprived of a fair administrative hearing.  Danielle Butts denies she caused B.F.G. to be removed from his family home or "indicated" or arrested.  Answering further, Danielle Butts denies that any allegations or accusations of J.L.S. or N.S. were obviously false and unsubstantiated on their face.  Danielle Butts denies she caused B.F.G. to be denied a fair administrative hearing or his right to a fair administrative hearing.  Danielle Butts denies she suppressed evidence or deprived B.F.G. of his right to be free from

false arrest.  Danielle Butts denies she deprived B.F.G., R.G. or B.G. of their rights to family integrity or free association.   Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 82 and therefore denies all remaining allegations in paragraph 82.

83.    As a result of the above actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, attorney's fees and costs incurred in defending against the false charges, and further loss of income.

**ANSWER:** Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 83 and therefore denies all remaining allegations in paragraph 83.

WHEREFORE, the Defendant Danielle Buttss denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

### COUNT VIII - STATE LAW CLAIM - MALICIOUS PROSECUTION
(Directed against Defendants Casady, Blackmon, Smith-Foote, K.S. and J.S.)

84.    Plaintiffs reassert and incorporate paragraphs 1-83 above as paragraph 84 of this Count VIII.

**ANSWER:**   The allegations in paragraph 84 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 83 above as if fully set forth herein.

85.     Defendants Casady, Blackmon, Smith-Foote, K.S. and J.S. caused judicial proceedings against B.F.G. to be initiated when they caused false sex abuse charges to be indicated against B.F.G. without probable cause and with malice, causing him to be placed on the State Central Register of sex offenders.

**ANSWER:** The allegations in paragraph 85 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 85 and therefore denies all allegations in paragraph 85.

86.     After B.F.G. filed his administrative appeal, Defendant Casady indicated additional allegations despite the lack of credible evidence and engaged in extreme and outrageous misconduct, as described above, in defending DCFS during B.F.G.'s administrative appeal.

**ANSWER:** The allegations in paragraph 86 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 86 and therefore denies all allegations in paragraph 86.

87.     Defendants acted without probable cause or credible evidence, and with malice in instituting and continuing the proceedings against B.F.G.

**ANSWER:** The allegations in paragraph 87 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to

form a belief as to the allegations in paragraph 87 and therefore denies all in paragraph 87.

88.    The proceedings terminated in B.F.G.'s favor when ALJ Baechle found that DCFS had not met its burden in proving the allegations against B.F.G. and further found that B.F.G. "is not a perpetrator of child abuse".

**ANSWER:** The allegations in paragraph 88 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 88 and therefore denies all allegations in paragraph 88.

89.    As a result of those actions, Plaintiff has suffered substantial damages, including severe emotional distress and psychological trauma, damage to reputation, and attorney's fees and costs incurred in defending against the false charges.

**ANSWER:** The allegations in paragraph 89 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 89 and therefore denies all remaining allegations in paragraph 89.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## COUNT IX - STATE LAW CLAIM - CIVIL CONSPIRACY
(Directed against Defendants Casady, Blackmon, Smith-Foote,
Widlacki, Tabordon, K.S. and J.S.)

90.    Plaintiffs reassert and incorporate paragraphs 1-89 above as paragraph 90 of this Count IX.

**ANSWER:** Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 89 above as if fully set forth herein.

91.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. conspired together, and acted in concert to deprive B.F.G., R.G. and B.G. of their rights under Illinois law.

**ANSWER:** Danielle Butts denies she conspired together or acted in concert with anyone to deprive B.F.G., R.G. or B.G. of their rights under Illinois law. Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 91 and therefore denies all remaining allegations in paragraph 91.

92.    Defendants Casady, Blackmon, Smith-Foote, Butts, Tabordon, Widlacki, J.S. and K.S. conspired together and acted in concert to indicate charges against B.F.G. and publicly condemn him, as well as suppress exculpatory evidence and present false testimony; and, acted in such a way throughout the course of the DCFS investigation, arrest, and administrative hearing of B.F.G. as to cause B.F.G., R.G. and B.G. extreme emotional distress, thereby unlawfully depriving B.F.G. of his rights to be free from malicious prosecution, defamation per se and false light invasion of privacy and subjecting B.F.G., R.G. and B.G. to the intentional infliction of emotional distress.

**ANSWER:** Danielle Butts denies she conspired together or acted in concert with anyone to indicate charges against B.F.G., publicly condemn him, suppress exculpatory evidence or present false testimony. Danielle Butts denies she caused B.F.G. to be "indicated" or publicly condemned. Danielle Butts denies she suppressed evidence or presented false testimony. Answering further, Danielle Butts denies that any of her actions caused B.F.G, R.G. or B.G. extreme emotional distress. Danielle Butts denies she caused B.F.G. to be maliciously prosecuted or defamed or invaded B.F.G.'s privacy. Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 92 and therefore denies all allegations in paragraph 92.

93.    As a result of the above actions, Plaintiffs have suffered substantial damages, including severe emotional distress and psychological trauma, attorney's fees and costs incurred in defending against the false charges, further loss of income, and damage to reputation.

**ANSWER:** Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs. Answering further, Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 93 and therefore denies all remaining allegations in paragraph 93.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## COUNT X - STATE LAW CLAIM - DEFAMATION PER SE
(Directed against Defendants J.S. and K.S.)

94. Plaintiffs reassert and incorporate paragraphs 1-93 above as paragraph 94 of this Count X.

**ANSWER:** The allegations in paragraph 94 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 93 above as if fully set forth herein.

95. Notwithstanding the ALJ's finding that B.F.G. "is not a perpetrator of child abuse," Defendants K.S. and J.S. have continuously disseminated the false accusations against B.F.G. throughout their neighborhood and local school community. J.L.S. and N.S. have repeatedly made reference to B.F.G. as a child molester and a person who does "bad sex things" to children. As a result, Plaintiff has been rendered a pariah in his community, endured debilitating emotional and psychological distress and trauma, and the utter destruction of his good name and reputation, and lost good will in the community.

**ANSWER:** The allegations in paragraph 95 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 95 and therefore denies all allegations in paragraph 95.

96. Defendants' statements were undertaken maliciously, and with knowledge of, or reckless disregard for, their truth or falsity.

**ANSWER:** The allegations in paragraph 96 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 96 and therefore denies all allegations in paragraph 96.

97. As a result of those actions, Plaintiff B.F.G. has suffered substantial damages, including severe emotional distress and psychological trauma, and damage to his reputation.

**ANSWER:** The allegations in paragraph 97 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs. Answering further, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 97 and therefore denies all allegations in paragraph 97.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

**COUNT XI - STATE LAW CLAIM - INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS**
(Directed against Defendants Casady, Blackmon, Smith-Foote,
Butts, Tabordon, Widlacki, J.S. and K.S.)

98. Plaintiffs reassert and incorporate paragraphs 1-97 above as paragraph 98 of this Count XI.

**ANSWER:** Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 97 above as if fully set forth herein.

99.    The conduct of Defendants Casady, Blackmon, Smithe-Foote, Butts, Tabordon, Widlacki, K.S. and J.S., throughout the course of the DCFS investigation, arrest, and administrative hearing, as described above, has been extreme and outrageous, and calculated to, and did, in fact, cause Plaintiffs to suffer severe emotional distress and psychological trauma.

**ANSWER:**    Danielle Butts denies any of her conduct was extreme, outrageous or calculated to cause Plaintiffs to suffer severe emotional distress or psychological trauma.  Answering further, Danielle Butts denies any of her conduct caused Plaintiffs to suffer severe emotional distress or psychological trauma. Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 99 and therefore denies all remaining allegations in paragraph 99.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

**COUNT XII - STATE LAW CLAIM - FALSE LIGHT INVASION OF PRIVACY**
(Directed against Defendants J.S. and K.S.)

100.    Plaintiffs reassert and incorporate paragraphs 1-99 above as paragraph 100 of this Count XII.

**ANSWER:** The allegations in paragraph 100 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 99 above as if fully set forth herein.

101. Defendants, K.S. and J.S., as well as their children N.S. and J.L.S., have caused the false allegations against B.F.G. to become public through communication

with the children's school administrators and classmates, and communication with neighbors.

**ANSWER:** The allegations in paragraph 101 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 101 and therefore denies all allegations in paragraph 101.

102. A reasonable person would find publication of the false allegations to be highly offensive.

**ANSWER:** The allegations in paragraph 102 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 102 and therefore denies all allegations in paragraph 102.

103. Defendants' actions in publicizing the allegations against B.F.G. were undertaken maliciously, and with knowledge of, or reckless disregard for, their truth or falsity.

**ANSWER:** The allegations in paragraph 103 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 103 and therefore denies all allegations in paragraph 103.

104. As a result of those actions, Plaintiff B.F.G. has suffered substantial damages, including severe emotional distress and psychological trauma, and damage to his reputation.

**ANSWER:** The allegations in paragraph 104 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts denies any act or omission on her part was the proximate cause of any damages sustained by Plaintiffs.  Answering further, Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 104 and therefore denies all remaining allegations in paragraph 104.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## COUNT XIII - STATE LAW CLAIM - NEGLIGENT SUPERVISION OF MINORS
(Directed against Defendants J.S. and K.S.)

105. Plaintiffs reassert and incorporate paragraphs 1-104 above as paragraph 105 of this Count XIII.

**ANSWER:** The allegations in paragraph 105 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 104 above as if fully set forth herein.

106. Defendants K.S. and J.S. are the parents of N.S. and J.L.S. and, at all times relevant, had a duty to exercise reasonable care so to control N.S. and J.L.S. as to prevent the intentional harming of others.

**ANSWER:** The allegations in paragraph 106 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts admits, upon information and belief, that K.S. and J.S. are the parents of N.S. and J.L.S. Danielle Butts is without sufficient knowledge or information to form as belief as to the remaining allegations in paragraph 106 and therefore denies all remaining allegations in paragraph 106.

107. Defendants K.S. and J.S., at all relevant times, had the ability to control their children.

**ANSWER:** The allegations in paragraph 107 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 107 and therefore denies all allegations in paragraph 107.

108. Defendants K.S. and J.S. should have known the necessity of ensuring that J.L.S. and N.S. did not discuss the allegations against B.F.G. with anyone. K.S. and J.S. should have known this was tortious conduct, and further, that it is unlawful conduct as all DCFS proceedings are confidential.

**ANSWER:** The allegations in paragraph 108 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 108 and therefore denies all allegations in paragraph 108.

109. Defendants K.S. and J.S. breached this duty to control their children when they allowed J.L.S. and N.S. to willfully and maliciously speak openly in their school and neighborhood communities regarding the allegations against B.F.G. and why they are not allowed to play with E.G. and M.G.

**ANSWER:** The allegations in paragraph 109 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 109 and therefore denies all allegations in paragraph 109.

110. The allegations that J.L.S. and N.S. have made known to their school communities have caused Plaintiff B.F.G. severe emotional distress and psychological trauma, and reputational damage.

**ANSWER:** The allegations in paragraph 110 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 110 and therefore denies all allegations in paragraph 110.

111. The allegations that J.L.S. and N.S. have made known to their school communities are false, were made maliciously, and are the actual and proximate cause of Plaintiff's damages.

**ANSWER:** The allegations in paragraph 111 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to

form as belief as to the allegations in paragraph 111 and therefore denies all allegations in paragraph 111.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

### COUNT XIV - STATE LAW CLAIM - PARENTAL LIABILITY
(Directed against Defendants J.S. and K.S.)

112. Plaintiffs reassert and incorporate paragraphs 1-111 above as paragraph 112 of this Count XIV.

**ANSWER:** The allegations in paragraph 112 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 111 above as if fully set forth herein.

113. J.L.S. and N.S., children of Defendants K.S. and J.S. maliciously committed the torts of defamation *per se*, the intentional infliction of emotional distress and false light invasion of privacy as against Plaintiffs.

**ANSWER:** The allegations in paragraph 113 are not directed against Danielle Butts, as such no answer is required.  To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 113 and therefore denies all allegations in paragraph 113.

114. Under Illinois law, a parent of an unemancipated minor who resides with said parent is responsible for actual damages for the willful or malicious acts of such minor that causes injury to a person. *See* 740 ILCS 115 *et. seq.*

**ANSWER:** The allegations in paragraph 114 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts admits the allegations in paragraph 114.

115. The torts committed by J.L.S. and N.S. caused actual damage to all of the Plaintiffs, as described above.

**ANSWER:** The allegations in paragraph 115 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form as belief as to the allegations in paragraph 115 and therefore denies all allegations in paragraph 115.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

**COUNT - XV - STATE LAW CLAIM - RESPONDEAT SUPERIOR**
(Directed against Defendants Village of Willow Springs and
Jane Addams Hull House Association)

116. Plaintiffs reassert and incorporate paragraphs 1-115 above as paragraph 116 of this Count XV.

**ANSWER:** The allegations in paragraph 116 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 115 above as if fully set forth herein.

117. Defendants Tabordon and Widlacki were, at all times material to this Complaint, employees of the Defendant Village of Willow Springs, were acting within the scope of their employment and their acts which violated state law are directly

chargeable to the Defendant Village of Willow Springs under state law pursuant to respondeat superior.

**ANSWER:**   The allegations in paragraph 117 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 117 and therefore denies all allegations in paragraph 117.

118. Defendant Butts was, at all times material to this Complaint, an employee of the Hull House d/b/a the CAC, and was acting within the scope of her employment and her acts which violated state law are directly chargeable to the CAC under state law pursuant to respondeat superior.

**ANSWER:** The allegations in paragraph 118 are not directed against Danielle Butts, as such no answer is required.   To the extent said allegations are directed against Danielle Butts, Danielle Butts admits that she was, at all times material to this Complaint, an employee of Jane Addams Hull House Association acting within the scope of her employment.   Danielle Butts denies that Jane Addams Hull House Association was doing business as the CAC.   Danielle Butts denies all remaining allegations in paragraph 118.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

**COUNT XVI - STATE LAW CLAIM - 745 ILCS 10/9-102**
(Directed against Defendant Village of Willow Springs)

119.  Plaintiffs reassert and incorporate paragraphs 1-118 above as paragraph 119 of this Count XVI.

**ANSWER:** The allegations in paragraph 119 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts incorporates and restates her answers to the allegations in paragraphs 1 through 118 above as if fully set forth herein

120. Defendant Village of Willow Springs was the employer of Defendants Tabordon and Widlacki at all time relevant and material to this Complaint.

**ANSWER:** The allegations in paragraph 120 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 120 and therefore denies all allegations in paragraph 120.

121. These Defendants committed acts alleged above under color of law and in the scope of their employment as employees of the Village of Willow Springs.

**ANSWER:** The allegations in paragraph 121 are not directed against Danielle Butts, as such no answer is required. To the extent said allegations are directed against Danielle Butts, Danielle Butts is without sufficient knowledge or information to form a belief as to the allegations in paragraph 121 and therefore denies all allegations in paragraph 121.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## FIRST AFFIRMATIVE DEFENSE – 325 ILCS 5/9

NOW COMES the defendant Danielle Butts, by and through her attorneys, Steven C. Wolf, Patrick R. Grady and Jessica K. Burtnett of The Law Offices of Wolf & Wolfe, Ltd.,

and for her First Affirmative Defense to Plaintiffs' First Amended Complaint, in the alternative and without prejudice to her denials and other statements in her pleadings, states the following:

1.      Section 5/9 of Chapter 325 of the Illinois Compiled Statutes affords immunity from liability for any person participating in good faith in the investigation of a report or referral of child abuse or neglect under the Abused and Neglected Child Reporting Act.

2.      Danielle Butts participated in good faith in the investigation of reported child abuse committed by B.F.G.

3.      Danielle Butts is immune from liability for her actions pursuant to 325 ILCS 5/9 (2008).

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

## SECOND AFFIRMATIVE DEFENSE – QUALIFIED IMMUNITY

NOW COMES the defendant Danielle Butts, by and through her attorneys, Steven C. Wolf, Patrick R. Grady and Jessica K. Burtnett of The Law Offices of Wolf & Wolfe, Ltd., and for her Second Affirmative Defense to Plaintiffs' First Amended Complaint, in the alternative and without prejudice to her denials and other statements in her pleadings, states the following:

1.      Danielle Butts participated in good faith in the investigation of reported child abuse committed by B.F.G.

2.      Danielle Butts reasonably believed her actions were lawful.

3.      Danielle Butts did not violate any of the Plaintiffs' clearly established constitutional rights.

4.      Danielle Butts is entitled to qualified immunity.

WHEREFORE, the Defendant Danielle Butts denies Plaintiffs are entitled to recover any sums from her and prays that Plaintiffs' complaint be dismissed.

DANIELLE BUTTS


By:    S/ Patrick R. Grady
       One of her Attorneys

Patrick R. Grady
Jessica K. Burtnett
The Law Offices of Wolf & Wolfe, Ltd.
25 East Washington Street, Suite 700
Chicago IL 60602
Phone: (312) 855-0500
Fax: (312) 855-0500
F:\FILE\7609\ANSCOMP.doc