IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| B.F.G., etc., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 1565 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| WILLIE BLACKMON, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

B.F.G. by his parents and next friends, R.G. and B.G., and R.G., and B.G. (collectively, "plaintiffs") sued Willie Blackmon, Investigator, Division of Child Protection, ("DCP") with the Illinois Department of Children and Family Services ("DCFS"); Rhonda Casady, Attorney for DCFS; Willow Springs Police Detective Robert Tabordon and former Willow Springs Police Officer Craig Widlacki; the Village of Willow Springs ("Willow Springs"); J.S. and K.S.; and others (collectively, "defendants"). Plaintiffs allege Tabordon and Widlacki falsely arrested B.F.G. under 42 U.S.C. § 1983 (Count V), conspired to falsely arrest and deny a fair administrative hearing under 42 U.S.C. § 1983 (Count VII), conspired to falsely arrest and deny a fair administrative hearing under Illinois state law (Count IX), and inflicted intentional infliction of emotional distress ("IIED," Count XI). Plaintiffs bring state law claims against Willow Springs under respondeat superior (Count XV), and for damages under 745 ILCS 10/9-102 (Count XVI). Additionally, Plaintiffs allege J.S. and K.S. violated plaintiffs' due process rights under 42 U.S.C. § 1983 (Count VI), conspired to falsely arrest and deny a fair administrative hearing under 42 U.S.C. § 1983 (Count VII), maliciously prosecuted B.F.G. (Count VIII), conspired to falsely arrest and deny a fair administrative hearing under Illinois state law (Count

IX), defamed *per se* (Count X), IIED (Count XI), committed false light invasion of privacy (Count XII), negligently supervised minors (Count XIII), and are liable under 740 ILCS 115 (Count XIV).

## I.  MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the complaint on the basis of a failure to state a claim on which relief can be granted. In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in plaintiff's favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Plaintiffs need only provide enough detail to give defendants fair notice of its claims, show the claims are plausible, rather than merely speculative, and relief is warranted. *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964 (further citations omitted)). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## II.  BACKGROUND

B.F.G., a minor, babysat minors J.L.S. and N.S. over a period of five months between July and November 2006. Am.Compl. at ¶ 15. On January 15, 2007, J.L.S. and N.S. were found touching each other in their genital areas and using sexual language. *Id.* at ¶ 16. When K.S., the children's mother, questioned them, they stated they had been abused by B.F.G. *Id.* J.L.S. and N.S. stated the abuse included forcing toy objects into J.L.S.'s anus and forcing N.S. to do naked

2

flips. *Id.* At the time of the allegations, J.S. and K.S. knew their children, had histories of fabricating false stories and acting out sexually, which predated B.F.G.'s babysitting. *Id.*

J.S. and K.S. reported the accusations to Widlacki and gave him toys, which they said had been inserted into J.L.S.'s anus. *Id.* at ¶ 18. On the same day, Widlacki contacted DCFS. *Id.* at ¶ 19. DCFS conducted an investigation and concluded the charge of sexual exploitation against B.F.G. was supported by credible evidence, and was "indicated." *Id.* at ¶¶ 20-25, 34-35. Widlacki, at Tabordon's direction or with his approval, arrested B.F.G. for criminal sexual assault. *Id.* at ¶¶ 35, 37. The state did not pursue charges against B.F.G. *Id.* at ¶ 37.

Widlacki notified B.F.G.'s school about the proceedings involving B.F.G. under the Juvenile Court Act. *Id.* at ¶ 38. Widlacki provided a letter stating he found probable cause B.F.G. committed sexual assault on children, the matter was referred to the Juvenile State's Attorney and he received a disposition assigning B.F.G. to counseling. *Id.* Widlacki knew or should have known charges had not been filed against B.F.G. *Id.*

B.F.G. appealed the "indicated" finding under the Abused and Neglected Child Reporting Act 325 ILCS 5/7.16 before an administrative law judge. *Id.* at ¶ 41. During the administrative appeal hearing, J.S. and K.S. and Casady conspired to hide key physical evidence, cover-up the circumstances surrounding the suppression, and refused to cooperate with the court's efforts to investigate the suppression. *Id.* at ¶ 43. Ultimately, the court found DCFS had not met its burden of proving the allegations against B.F.G. *Id.* at ¶ 44.

J.S. and K.S. continue to disseminate false allegations against B.F.G. in their neighborhood and local school community. *Id.* at ¶ 45. Additionally, J.L.S. and N.S. have made

3

reference to B.F.G. as a child molester and a person who does "bad sex things" in the community. *Id.*

### III. DISCUSSION

#### A. Tabordon and Widlacki

Counts V (false arrest), VII (conspiracy) and IX (state conspiracy) involving Tabordon and Widlacki derive from the false arrest allegation. Defendants argue the false arrest claim is subject to dismissal due to Tabordon and Widlacki having probable cause to arrest B.F.G. Probable cause provides an absolute defense to § 1983 claims against police officers for wrongful arrest. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citations omitted). Probable cause is assessed based on the appearance of the facts to the arresting officer. *Holmes v. Willow Springs of Hoffman Estate*, 511 F.3d 673, 679 (7th Cir. 2007) (citations omitted). Police officers may enjoy qualified immunity when they reasonably rely upon information provided by public employees. *Spiegel v. Cortese*, 196 F.3d 717, 726 (7th Cir. 1999) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1247 (7th Cir. 1994) (where statements by emergency medical personnel provided probable cause for arrest)).

Plaintiffs acknowledge Widlacki requested an investigation by DCFS after the initial complaint by J.S. and K.S. Am.Compl. at ¶ 19. Plaintiffs also acknowledge Widlacki did not arrest B.F.G. until after the DCFS determined the sexual exploitation allegations were supported by credible evidence and were "indicated." *Id.* at ¶¶ 35, 37. Plaintiffs do not allege Tabordon and Widlacki had cause to question the statements by J.S. and K.S. or the DCFS finding. Drawing all inferences in plaintiffs' favor, the facts alleged establish probable cause to arrest B.F.G.

4

Additionally, Counts VII (conspiracy) and IX (state conspiracy), with respect to defendants Tabordon and Widlacki, relate to the false arrest allegation. A conspiracy claim cannot stand when the underlying claim is dismissed. *U.S. v. All Meat and Poultry Prods. Stored at Lagrou Cold Storage*, 470 F.Supp.2d 823, 829 (N.D. Ill. 2007). Accordingly, Counts V (false arrest), VII (conspiracy) and IX (state conspiracy) fail.

Defendants argue Count XI (IIED) should fail for lack of allegations showing extreme and outrageous conduct. A claim for IIED under Illinois law contains three elements: (1) the conduct must be extreme and outrageous; (2) the actor must intend to inflict severe emotional distress, or know there is a high probability the conduct will cause severe emotional distress; and (3) the conduct causes severe emotional distress. *McGrath v. Fahey*, 126 Ill.2d 78, 86 (Ill. 1988) (citations omitted). Plaintiffs allege Widlacki provided a letter to B.F.G.'s school despite the fact that Widlacki knew or should have known no charges were filed against B.F.G. Am.Compl. at ¶ 38. Under 105 ILCS 5/22-20, Widlacki was statutorily bound to report the proceedings against B.F.G. "The report shall include the basis for detaining the child, circumstances surrounding the events which led to the child's detention, and status of proceedings." *Id.* Plaintiffs do not allege the information in the report was false. Instead, plaintiffs allege Widlacki knew no charges were filed at the time. Based on the allegations of the complaint, Widlacki arrested B.F.G. with probable cause, and submitted a report to B.F.G's school as required by Illinois statute. Plaintiffs have failed to state a claim of IIED. Accordingly, Count XI (IIED) must be dismissed.

Counts XV (respondeat superior) and XVI (745 ILCS 10/9-102) fail due to dismissal of the claims involving Tabordon and Widlacki. Willow Springs is therefore dismissed with prejudice.

5

**B.     J.S. and K.S.**

Counts VI (due process), VII (conspiracy) and IX (state conspiracy) arise from the allegations of a conspiracy between defendants J.S., K.S., and Casady during B.F.G.'s administrative hearing. J.S. and K.S. allegedly suppressed evidence, conspired to suppress evidence, and participated in a cover-up. Am.Compl. at ¶ 43. For private actors to be liable under § 1983, plaintiffs must show they were deprived of a Constitutional right and the deprivation was under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982) (quotations and citations omitted). A conspiracy between a private party and a state official to violate a Constitutional right fulfills both requirements. *Id.* Notice pleading requires a claim of conspiracy to identify the parties, the purpose, and the approximate date of agreement to form the conspiracy. *Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007) (citations omitted). The amended complaint alleges J.S. and K.S. conspired to deny B.F.G. a fair administrative appeal by suppressing evidence and falsely testifying. Am.Compl. at ¶ 43. The complaint contains sufficient factual information to allow defendants J.S. and K.S. to respond. Therefore, Counts VI (due process), VII (conspiracy) and IX (state conspiracy) stand with respect to defendants J.S. and K.S. and the violation of B.F.G.'s due process rights. However, the false arrest claim cannot stand. Therefore, Counts VII (conspiracy) and IX (state conspiracy) fail with respect to conspiracy to falsely arrest.

Count VIII (malicious prosecution) alleges J.S. and K.S. caused judicial proceedings against B.F.G. without probable cause and with malice. To prevail on a claim of malicious prosecution plaintiffs must show (1) an original criminal or civil judicial proceeding by defendant; (2) termination of the proceeding in favor of plaintiffs; (3) the absence of probable

6

cause; (4) the presence of malice; and (5) damages. *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir. 2001) (citing *Swick v. Liautaud*, 169 Ill.2d 504 (Ill. 1996)). Probable cause provides a complete defense to malicious prosecution claims. *Id.* at 926. The complaint reflects probable cause existed for B.F.G.'s arrest. Count VIII is dismissed.

Counts X (defamation *per se*), XI (IIED), XII (false light), XIII (negligent supervision) and XIV (parental liability) derive from statements made by J.S., K.S., N.S. and J.L.S. Defamatory *per se* statements include statements imputing the commission of a crime. *Muzikowski v. Paramont Pictures Corp.*, 477 F.3d 899, 904 (7th Cir. 2007) (quotations and citations omitted). The basic substance of the statement and identifying the speaker may be sufficient. *Chisolm v. Foothill Capital Corp.*, 940 F.Supp. 1273, 1285 (N.D.Ill. Sept. 27, 1996) (finding pleading sufficient where plaintiff alleged defendant notified a potential employer plaintiff was terminated for "double dealing"). Plaintiffs allege J.S. and K.S. made remarks in the neighborhood and local school community stating B.F.G. is involved in child abuse. Am.Compl. at ¶ 45, 95. Accordingly, Count X (defamation *per se*) stands.

J.S. and K.S. argue Count XII (false light) is not sufficient. A false light claim requires plaintiffs to show: (1)defendants placed plaintiffs in a false light before the public; (2) the false light would be offensive to a reasonable person; and (3) defendants acted with actual malice. *Pope v. The Chronicle Publishing Company*, 95 F.3d 607, 616 (7th Cir. 1996). The allegations regarding J.S. and K.S.'s statements in the community are legally sufficient. Accordingly, Claim XII (false light) stands.

J.S. and K.S. argue Count XI (IIED) is insufficient well pled. In addition to the allegedly defamatory statements, plaintiffs allege J.S. and K.S. conspired to hide key physical evidence,

lied to the court to cover-up the true circumstances surrounding suppression of evidence and refused to cooperate with the court's efforts to investigate. Am.Compl. at ¶ 43. Accordingly, Count XI (IIED) stands.

J.S. and K.S. argue Count XIII (negligent supervision) fails to state a claim. To establish a claim for negligent supervision, plaintiffs must show defendants were aware of previous instances of conduct sufficient to provide notice the act complained of was likely to occur and they had the opportunity to control their child. *Norskog v. Pfiel*, 197 Ill.2d 60, 84 (2001); *Bland v. Candioto*, 2006 WL 2735501, at *3 (N.D.Ill. Sept. 21, 2006). Plaintiffs allege J.S. and K.S. were aware of previous incidents of false statements by J.L.S. and N.S. putting them on notice further fabrications were likely to occur. Am.Compl. at ¶ 36. Therefore, plaintiffs have pled sufficient facts to state a claim and to provide notice. Count XIII (negligent supervision) stands.

J.S. and K.S. argue Count XIV (parental liability) must fail due to the inapplicability of 740 ILCS 115. Under 740 ILCS 115/2, a minor is defined as "a person who is above the age of 11 years, but not yet 19 years of age." J.L.S. and N.S. were nine and seven years old on November 2006. Am.Compl. at ¶ 15. However, plaintiffs allege continuing tortious activity. Am.Compl. at ¶ 45. J.L.S. may fall under the 740 ILCS 115/2 definition of "minor." It is therefore not appropriate to dismiss Count XIV (parental liability).

## IV.   CONCLUSION

For the foregoing reasons, the joint motion of Willow Springs, Widlacki and Tabordon to dismiss is granted. J.S.'s and K.S.'s joint motion to dismiss is granted in part and denied in part. With respect to J.S. and K.S.: Counts VII (conspiracy to falsely arrest), VIII (malicious prosecution), and IX (state conspiracy to falsely arrest) are dismissed. The motion is denied as to

Counts VI (due process), VII (§ 1983 conspiracy to deprive of due process), IX (state conspiracy to deprive of due process), X (defamation), XI (intentional infliction of emotional distress), XII (false light), XIII (negligent supervision), and XIV (parental liability).

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 21, 2008