UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B.F.G., by his parents and next friends, | ) | |
| R.G. and B.G., and R.G. and B.G., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 1565 |
| | ) | |
| WILLIE BLACKMON, Investigator, et al., | ) | Judge Suzanne B. Conlon |
| | ) | |
| Defendants. | ) | Magistrate Judge Nolan |

**DEFENDANT CASADY'S REPLY BRIEF
IN FURTHER SUPPORT OF HER MOTION TO DISMISS**

Defendant, Rhonda Casady ("Casady"), by and through her undersigned attorneys, hereby submits this reply brief in further support of her motion to dismiss.

**I.      The Result in *Richardson* Is Distinguishable and Casady Is Entitled to Raise Prosecutorial and Qualified Immunities Defenses to Allegations Made Against Her**

Plaintiffs' response to defendant Casady's Motion to Dismiss relies heavily upon the Supreme Court's opinion in *Richardson v. McKnight*, 521 U.S. 399 (1997), to argue that Casady, a contract attorney representing the Illinois Department of Children and Family Services ("DCFS"), is not entitled to raise any immunity defense.  However, the *Richardson* Court made abundantly clear that its holding was to be construed "narrowly, in the context in which it arose." *Id*. at 413.  That context being "a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, undertake[n] ... for profit and potentially in competition with other firms." *Id*.  The Court further recognized the limitations of its opinion by remarking on the distinction between the *Richardson* context and that of "a private individual briefly associated with a governmental

body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision." *Id*. Casady's role in this case clearly falls in the latter category, thereby entitling her to immunity defenses afforded governmental employees.

The context of Casady's employment could not differ more from the circumstances addressed in *Richardson*. Casady, as alleged in the Amended Complaint, "was at all relevant times, an attorney, and an employee and/or independent contractor providing attorney services to the Illinois Department of Children and Family Services (DCFS). Defendant Casady represented DCFS in B.F.G.'s administrative appeal and acted under color of state law." (Am. Comp. ¶ 6). Casady was an individual attorney, hired to represent a governmental agency in a discrete proceeding, not a large corporate entity tasked with the management of an entire governmental institution.

Moreover, the *Richardson* Court addressed only the issue of qualified immunity raised by private individuals. Absolute immunity, such as that afforded prosecutors, judges, and testifying witnesses, was not even addressed. (*See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) "common law provided absolute immunity from subsequent damages liability for all persons - governmental or otherwise - who were integral parts of the judicial process.") In fact, Justice Scalia, in the *Richardson* dissent, pointed out that it would be "highly unlikely that we would deny prosecutorial immunity to those private attorneys increasingly employed by various jurisdictions in this country." 521 U.S. at 418. Because the result in *Richardson* is distinguishable from the circumstances here, Casady is entitled to raise both the affirmative defenses of absolute and qualified immunity.

Moreover, Plaintiffs' attempts to frame the issues in this case to comport with the result

-2-

in *Richardson* should be summarily rejected by this Court. Plaintiffs' characterization of Casady

as providing "child protective services" contradicts their own pleading that alleges that at all

times Casady was an attorney who provided legal services to the Department. Casady no more

provides "child protective services" than does an attorney at the SEC provide "stockbroker

services." Plaintiffs' attempts to recast Casady's role to escape the devastating effect of the

applicable authority is futile. Plaintiffs cannot hide from their own pleadings. The Amended

Complaint establishes that Casady was is an attorney who represents a governmental agency

charged with investigating and reporting child abuse and neglect. Essentially, Casady's function

was to prove, at a judicial proceeding, the Department's findings against B.F.G. Her role is

codified at 89 Ill. Adm. Code 336.100(e)[1], which states in pertinent part:

> **Rights and Responsibilities in Administrative Hearings**
> e) In an administrative hearing concerning child abuse or neglect reports:
>   1) the Department carries the burden of proof of justifying the refusal to amend, expunge or remove the record; and
>   2) the Department must prove that a preponderance of the evidence supports the indicated finding, or that the record of the report is being maintained in a manner consistent with the Abused and Neglected Child Reporting Act and in accordance with Department Rules, 89 Ill. Adm. Code 300, Reports of Child Abuse and Neglect.

Thus, Plaintiffs' attempts to frame the issue in the more generic "child protective

services" should be rejected by the Court.

Once the issue is properly framed, *Richardson* instructs that Casady is entitled to

immunity defenses. Indeed, the *Richardson* Court noted that "firmly rooted" traditions of

immunity are historically found in the law for "certain private defendants, such as doctors or

---

[1]Title 89, Part 336 of the Illinois Administrative Code, "Appeal of Child Abuse and Neglect Investigation Findings," is attached in its entirety as Exhibit A.

lawyers who performed services at the behest of the sovereign." 521 U.S. at 407. Such is the case here, where, at the behest of DCFS, an agency of the State of Illinois, Casady was employed to use her legal skills to advocate on behalf of the Agency in a judicial proceeding.

Plaintiffs' analysis of the purpose of the applicable immunity doctrines at issue in this case is similarly flawed. Plaintiffs seek to analogize a single contract attorney representing a state agency in a discrete judicial matter with that of a corporation taking over the complete governmental function of running an entire prison system. To suggest that an attorney representing a governmental agency charged with protecting the public from child abusers are subject to "ordinary market place pressures" is absurd. *Id*. at 409. Moreover, this is not a case where government and private industry engage in fundamentally similar activities. There is no private equivalent to the State Central Register for child abusers. This is a Registry mandated by state law for which state officials, and their designated agents, be they government attorney or private attorneys contracted by the government, are responsible for protecting the public welfare. This is not, as suggested by the *Richardson* Court like garbage collection, electricity production or prison management. *Id*. In contrast to the latter, Casady's function in representing DCFS in the expungement hearing is "special." It was her job to advocate for DCFS and substantiate the Department's decisions and basis for B.F.G.'s placement on the Registry before a judicial body. She was an integral part of the judicial process at issue in this case. Therefore, any "unwarranted timidity" should be of great concern and the status of Casady being a "contract attorney" does nothing to abate that concern.

Rather than denying immunity, a careful reading of *Richardson* actually dictates the applicability of immunity in this case. Thus, as discussed in Casady's Motion to Dismiss and

briefly below, all claims against Casady should be dismissed because she has immunity from suit.

## II.    Casady has Absolute Immunity for her Role in this Case

Plaintiffs' only argument in opposition to Casady's assertion of absolute prosecutorial immunity is that she did not "initiate the case and her sole role was to defend DCFS against B.F.G.'s appeal." Resp. at 7. Plaintiffs' extremely narrow focus on "initiation of proceedings" results in an inaccurate depiction of the fundamental nature of the proceedings and Casady's role in it. Plaintiffs' reliance on *Butz v. Economou,* 438 U.S. 478, 512-13 (1978), to support that narrow focus is wholly misplaced. The facts in *Butz*, as discussed in the Motion to Dismiss, actually mirror those in this case, clearly leading to the result that Casady is entitled to prosecutorial immunity.

As discussed in greater detail in Casady's Motion to dismiss, DCFS is the state agency responsible for placing persons on the State Central Register. Placement of a person on the Register is akin to criminal charges being lodged against an accused because it then triggers rights for the person put on the Register. In this context, pursuant to statute, that right is to an "administrative appeal." Therefore, it was clearly DCFS that "initiated" the proceedings against B.F.G.. B.F.G.'s decision to seek an administrative hearing is akin to a not-guilty plea to placement on the Register. As discussed above, 89 Ill. Adm. Code 336.100(e)(1) provides that, like a prosecutor in a criminal case, "the Department carries the burden of proof of justifying the refusal to amend, expunge or remove the record." *See* Ex. A. Thus, the burden is upon the Department, through its attorney, to prove its case or dismiss B.F.G. from the Registry. Viewed in this light, it is clear that Casady's role is squarely analogous to that of a prosecutor and she is,

therefore, entitled to prosecutorial immunity.

Plaintiffs also completely miss the mark in their argument that Casady's amending of the "indicated" charges constitutes non-prosecutorial "investigative" work, thereby precluding absolute immunity.  The Illinois Administrative Code, which governed Casady's conduct, establishes that the act of "amending" allegations is quintessential prosecutorial conduct.  Section 336.100(h) states that

> At any time prior to the commencement of the administrative hearing, the Department representative may add or amend the allegations which support the indicated finding against the appellant. The Department representative must notify the appellant and the Administrative Hearings Unit, in writing, of the new or amended allegation and provide the appellant with a concise statement of the facts that form the basis for the new or amended allegation. If the Department representative adds or amends an allegation after the pre-hearing conference, but prior to the commencement of the administrative hearing, the appellant, upon request, shall be entitled to a continuance for a reasonable period of time. This continuance shall not be attributed to the appellant.

*See* Ex. A, 89 Ill. Adm. Code 336.100(h).  The "Department representative" is defined in the Definitions section as "meaning the person who is responsible for presenting the Department's case."  *See* Ex. A, 89 Ill. Adm. Code 336.20.

By representing DCFS at the administrative hearing, Casady was clearly "presenting the Department's case."  Key to this inquiry then is the allegation that "[d]uring the pendency of the administrative... [hearing], Casady 'indicated' additional charges of 'sexual penetration,' 'sexual molestation,' 'substantial risk of sexual injury,' and 'substantial risk of physical injury' against B.F.G."  Am. Comp. ¶43(a).    The wrongful amending alleged against Casady took place during the pendency of the administrative hearing. Like a prosecutor who amends charges against a criminal defendant prior to or at trial, Casady was exhibiting pure prosecutorial discretion and decision making in presenting the Department's case to the court.  *See e.g. Mendenhall v.*

*Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995); *Millspaugh v. County Dept. of Public Welfare of Wabash County*, 937 F. 2d 1172, 1175-76 (7th Cir. 1991). Moreover, absolute immunity shields prosecutors even if they act "maliciously, unreasonable, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) *citing Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir. 1986).

Thus, for the reasons argued in the Motion to Dismiss and those above, Casady has absolute immunity from all of the allegations in this suit and should be dismissed as a defendant.

## III.    To the Extent Any of Casady's Conduct Is Found to Be Non-prosecutorial, She Is Still Entitled to Qualified Immunity on the Federal Claims

### A.    B.F.G. received a Fair Administrative Hearing for Due Process Purposes

There can be no doubt that B.F.G. received the fair hearing he was entitled under the due process clause, since he was essentially acquitted. *See* Am. Comp. ¶ 44. Plaintiffs have no substantive response to Casady's *Brady*-related agreements in seeking to dismiss Count VI. Instead, Plaintiffs try to argue that additional claims made in the Amended Complaint go beyond *Brady* to sufficiently state a due process violation. However, as discussed below, these arguments are unsupported by the law and should be rejected by the Court.

First, Plaintiffs try to distinguish their due process claim from a *Brady* claim by referring to allegations of conspiracy and lying about the evidence. However, all this relates back to the alleged exculpatory evidence claimed to be suppressed by Casady - namely a toy stick of butter. Interestingly, the arguments made in Plaintiffs' Response brief with respect to the toy stick of butter are not actually allegations contained in the Amended Complaint. These "facts," are outside the pleadings. However, they clarify that the allegations of conspiracy and lying in fact

all revolve around alleged exculpatory *Brady* material.  As more fully stated in Casady's Motion

to dismiss, *Brady* does not apply in civil cases and even if it does, Plaintiffs cannot establish

"materiality" of the alleged suppressed evidence since the hearing concluded in his favor.

Second, Plaintiffs argue that B.F.G.'s hearing was unnecessarily prolonged, thereby

violating his right to a fair hearing.  The only case relied upon by Plaintiffs in support of this

"unnecessarily prolonged administrative hearing" claim is *Van Kast v. Bd. of Educ. Of the City of

Chicago*, No. 87-C2582, 1988 WL 2791 (N.D. Ill. Jan 12, 1988).  Plaintiffs' reliance on *Van

Kast,* where "Plaintiff's claim clearly implicate[d] his procedural due process rights," *id*. at 1, has

no application here.  All of Plaintiffs' claims here are grounded in substantive due process.

Accordingly, the fact that a delay in a post-suspension hearing could become a constitutional

violation when a plaintiff has a protected property interest in continued employment pursuant to

state law, *id*., is inapposite.  Plaintiffs cite no law establishing the existence or contours of a

clearly established right to an "unnecessarily prolonged administrative hearing."  In fact, the

conduct and timing of the hearing is within the province of the Administrative Law Judge.  *See*

Ex. A, 89 Ill Admin. Code 336.150.  Without identifying any clearly established law recognizing

such a claim, its contours or what constitutes unnecessary prolonging of the hearing, qualified

immunity protects Casady for any alleged wrongdoing of this nature.

    2.    <u>There Was No Due Process Violation in Amending the Allegations Against B.F.G.</u>

Plaintiffs seek to allege a violation of Due Process on the allegation that Casady was

unauthorized to make amendments to the charges.  Plaintiffs' entire argument against Casady to

save this claim is that Casady was "outside her statutory authority," and therefore "unauthorized"

to add "indicated findings."  Resp. at 10. Plaintiffs cite not single case or statutory provision to

support their argument. That is because the argument is without merit. The law did authorize Casady, as discussed above, to amend the allegations against B.F.G. Section 336.100(h) of the Illinois Administrative Code expressly give Casady, in her role as the Department representative, the power to "add or amend the allegations which support the indicated finding." *See* Ex. A. Because Casady was "authorized" by statute to "add or amend" allegations, Plaintiffs only argument to save this purported claims fails.

However Plaintiffs may now seek to characterize this claim, they cannot cite any case that clearly establishes that in May, 2007, Casady's prosecutorial decision to amend the charges against B.F.G. clearly violated any constitutional right. Moreover, a reasonable official, standing in Casady's shoes, could have believed, based upon the specific facts confronting her, that her actions were well within the contours of the Constitution. Accordingly, Casady is entitled to qualified immunity on Count IV.

**IV.     The Conspiracy Claims Must be Dismissed**

Plaintiffs do not dispute that a conspiracy count cannot stand where the complaint fails to allege any injury over and above the underlying torts at issue or when the underlying claim is dismissed. Plaintiffs' Response addresses neither of these points and fails to establish how either of these claims survive a motion to dismiss. Therefore, these claims must be dismissed as to Casady.

**V.     The Malicious Prosecution Claim Must Be Dismissed**

Plaintiffs seek, without any legal authority, to have this Court "adapt" the test for malicious prosecution allegations related to DCFS administrative hearings. Resp. at 12. Defendants can conceive of no legal basis for this Court to amend long-standing, Illinois law on

this issue.  Instead, as stated in the motion, this claim should be dismissed for the reasons already ruled upon by the Court in its July 21, 2008 Order.

## VII.    The IIED Claim Must Be Dismissed

Plaintiffs' use of hyperbole to sensationalize the actual allegations made against Casady in the Amended Complaint should be rejected by the Court.  Casady's prosecutorial decisions, including amending the charges, seeking continuances, and/or presenting evidence, simply do not rise to the level of extreme and outrageous conduct.  Plaintiffs have failed to cite even one case to the contrary.

WHEREFORE, defendant Rhonda Casady respectfully requests the Court grant her motion to dismiss in its entirety, thereby dismissing her as a party in this action.


Dated:  August 26, 2008                    Respectfully submitted,

                                           **RHONDA CASADY**

                                           By:    s/ *Stacy A. Benjamin*
                                                  One of Her Attorneys


John J. Rock
Eileen E. Rosen
Stacy A. Benjamin
Silvia Mercado Masters
ROCK FUSCO, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60610
(312) 494-1000
(312) 494-1001 - facsimile
Atty no. 06255621

## <u>CERTIFICATE OF SERVICE</u>

I, Stacy A. Benjamin, one of the attorneys for Rhonda Casady, hereby state that I caused a copy of **Defendant Casady's Reply Brief in Further Support of Her Motion to Dismiss,** attached hereto, to be served upon:

James G. Sotos
Julie K. Bisbee
James G. Sotos & Assoc.
550 E. Devon, Suite 150
Itasca, IL 60143

Lance D. Northcutt
Berg Northcutt & Berg
2100 W. 35th Street
Chicago, IL 60609

Stacy McGlynn Atkins
Jason C. Callicoat
Paul A. Rettberg
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604

Daniel M. Noland
Sonia A. Desai
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606

Rhonda L. Casady
200 S. Michigan Ave., Ste. 1240
Chicago, IL 60604

Michael D. Ettinger
Cheryl A. Schroeder
Ettinger, Besbekos, Parisi
12413 S. Harlem, # 203
Palos Hills, IL 60453

Patrick Ross Grady
Law Offices of Wolf & Wolfe, Ltd.
25 E. Washington Street, Suite 700
Chicago, IL 60602

Barbara Lynn Greenspan
Attorney General's Office
100 W. Randolph Street, Suite 4-600
Chicago, IL 60601

Michael J. McGrath
Odelson & Sterk, Ltd.
3318 W. 95th Street
Evergreen Park, IL 60805

James C. Stevens, Jr.
Attorney General's Office
100 W. Randolph Street, Suite 11-200
Chicago, IL 60601

via E-FILING on Tuesday, August 26, 2008.

                               s/ *Stacy A. Benjamin*
                                 Stacy A. Benjamin

TITLE 89: SOCIAL SERVICES
CHAPTER III: DEPARTMENT OF CHILDREN AND FAMILY SERVICES
SUBCHAPTER b: PROGRAM AND TECHNICAL SUPPORT

**PART 336**
**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**

**Section**
336.10      Purpose
336.20      Definitions
336.30      Notice of Department Decision
336.40      Notice of the Right to Appeal and Receive an Administrative Hearing
336.50      Who May Appeal
336.60      What May Be Appealed
336.70      Appearance/Authorization to Represent
336.80      How to Request a Hearing/Sufficiency
336.85      Expedited Appeals
336.90      Confidentiality During the Expungement Process
336.100     Rights and Responsibilities in Administrative Hearings
336.110     The Administrative Hearing and Pre-Hearing Conference
336.120     The Administrative Law Judge
336.130     Consolidating and Severing Issues and Parties
336.140     Exchange of Information
336.150     Continuances
336.160     Attendance of Witnesses
336.170     Testimony by Telephone
336.180     Interpreters
336.190     Grounds for Dismissal
336.200     Abandonment of Appeal/Default
336.210     Record of an Administrative Hearing
336.220     Final Administrative Decision
336.230     Severability of This Part

AUTHORITY: Authorized by Section 5 of the Children and Family Services Act [20 ILCS 505/5]; implementing Section 7.16 of the Abused and Neglected Child Reporting Act [325 ILCS 5/7.16].

SOURCE: Adopted at 17 Ill. Reg. 1026, effective January 15, 1993; amended at 19 Ill. Reg. 3465; effective March 1, 1995; emergency amendments at 20 Ill. Reg. 4817, effective March 15, 1996, for a maximum of 150 days; amended at 20 Ill. Reg. 10317, effective August 1, 1996; amended at 24 Ill. Reg. 7660, effective June 1, 2000; emergency amendment at 25 Ill. Reg. 3700, effective February 23, 2001, for a maximum of 150 days; emergency expired on July 22, 2001; amended at 26 Ill. Reg. 4175, effective March 8, 2002; peremptory amendment at 29 Ill. Reg. 21091, effective December 8, 2005.



## APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
### Peremptory Amendments – December 8, 2005

**Section 336.10  Purpose**

The purpose of these rules is to explain the review and administrative hearing process the Department guarantees to persons requesting to amend/expunge identifying information from or remove the record of a child abuse or neglect report from the State Central Register.

**Section 336.20  Definitions**

"Abused child" means a child whose parent or immediate family member, or any person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent:

> *inflicts, causes to be inflicted, or allows to be inflicted upon such child physical* or mental *injury, by other than accidental means, which causes death, disfigurement, impairment of physical or emotional health, or loss or impairment of any bodily function;*

> *creates a substantial risk of physical* or mental *injury to such child by other than accidental means which would be likely to cause death, disfigurement, impairment of physical or emotional health, or loss or impairment of any bodily function;*

> *commits or allows to be committed any sex offense against such child, as such sex offenses are defined in the Criminal Code of 1961, as amended, and extending those definitions of sex offenses to include children under 18 years of age;*

> *commits or allows to be committed an act or acts of torture upon such child; or*

> *inflicts excessive corporal punishment, or*

> *commits or allows to be committed the offense of female genital mutilation, as defined in Section 12-34 of the Criminal Code of 1961, against the child.* [325 ILCS 5/3]

"Administrative hearing" in the context of this Part means a formal review of a decision made by a Department child protection investigator.

"Administrative Law Judge" means a licensed attorney who is appointed by the Director of the Department and is responsible for conducting the administrative hearing, including pre-hearings, and issuing a recommended decision.

"Amend" as used in this Part means changing an allegation contained in an indicated report of child abuse or neglect or changing identifying information regarding the subjects of an indicated child abuse or neglect report.

## APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
### Peremptory Amendments – December 8, 2005

"Appeal process" means the prehearing conference and formal administrative hearing.

"Appellant" means the person who requests a review or administrative hearing or in whose behalf a review and administrative hearing is requested.

"Authorized representative" means a person, including an attorney, authorized in writing by a party to assist in the appeals process. If the party is unable to reduce such authorization to writing, the Department, on request, shall assist the party in doing so.

"Chief Administrative Law Judge" means the person who is responsible for the supervision of the Administrative Law Judges and the coordination of the administrative hearing appeal process.

"Child care worker" means any person who works directly with children and any person who is an owner/operator of a child care facility, regardless of whether the facility is licensed by the Department.

"Child" means any person under the age of 18 years, unless legally emancipated by reason of marriage or entry into a branch of the United States armed services. [325 ILCS 5/31].

"Credible evidence of child abuse or neglect" means that the available facts, when viewed in light of surrounding circumstances, would cause a reasonable person to believe that a child was abused or neglected.

"Date of action" means the date on which any Department action becomes effective.

"Day", for purposes of computation of time, means calendar day.

"Department" means the Illinois Department of Children and Family Services.

"Department's representative" means the person who is responsible for presenting the Department's case.

"Discovery," for purposes of this Part, means the rights of any party to request and have access to, in advance of the pre-hearing, any documents and list of witnesses in the possession of any other party.

"Expedited appeal" means an appeal that may be requested only by a child care worker who is the subject of a Department determination of indicated child abuse and/or neglect. Expedited appeals require that the Director issue a final administrative decision within 35 days after the date of receipt by the Department's Administrative Hearings Unit of a written request for an expedited appeal. The 35 day time period excludes any time attributable to an appellant's request for a continuance or to any continuance or date set by the agreement of the parties. The

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

appellant must specifically request an expedited appeal in writing at the time of the initial request for appeal filed with the Unit. Any request for an appeal that is received by the Unit that does not expressly request an expedited appeal will automatically be treated as a regular appeal.

"Expunge", as used in this Part, means removing identifying information regarding the subjects of an indicated child abuse or neglect report from the computer file of the State Central Register and from paper records kept by the Department.

"Final administrative decision" means the Department's final decision, order or determination on an appealed issue rendered by the Director in a particular case, which affects the legal rights, duties or privileges of participants and which may be further appealed to the circuit court under the Administrative Review Law.

"Indicated report" means any report of child abuse or neglect made to the Department for which it is determined, after an investigation, that credible evidence of the alleged abuse or neglect exists.

"Individual legally acting on a person's behalf" means an individual who has been appointed by a court of competent jurisdiction to act on behalf of a person when the person is incompetent, incapacitated, or otherwise determined unable to represent himself or herself.

*"Neglected child" means any child who is not receiving the proper or necessary nourishment or medically indicated treatment including food or care denied solely on the basis of present or anticipated mental or physical impairment as determined by a physician acting alone or in consultation with other physicians or otherwise is not receiving proper or necessary support or medical or other remedial care recognized under State law as necessary for a child's well-being (including where there is harm or substantial risk of harm to the child's health or welfare), or other care necessary for a child's well-being, including adequate food, clothing and shelter; or who is abandoned by his or her parents or other person responsible for the child's welfare without a proper plan of care; or who is a newborn infant whose blood, urine or meconium contains any amount of controlled substance as defined in subsection (f) of Section 102 of the Illinois Controlled Substances Act or a metabolite thereof, with the exception of a controlled substance or metabolite thereof whose presence in the newborn infant is the result of medical treatment administered to the mother or the newborn infant. A child shall not be considered neglected for the sole reason that the child's parent or other person responsible for his or her welfare has left the child in the care of an adult relative for any period of time. A child shall not be considered neglected or abused for the sole reason that such child's parent or other person responsible for his or her welfare depends upon spiritual means through prayer alone for the treatment or cure of disease or remedial care under Section 4 of the Abused and Neglected Child Reporting Act. Where the circumstances indicate harm or substantial risk of harm to the child's health or welfare and necessary medical care is not being provided to treat or prevent that*

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
**Peremptory Amendments – December 8, 2005**

harm or risk of harm because such parent or other person responsible for the child's welfare depends upon spiritual means alone for treatment or cure, such child is subject to the requirements of this Act for the reporting of, investigation of, and provision of protective services with respect to such child and his health needs, and in such cases spiritual means through prayer alone for the treatment or cure of disease or for remedial care will not be recognized as a substitute for such necessary medical care, if the Department or, as necessary, a juvenile court determines that medical care is necessary. *A child shall not be considered neglected or abused solely because the child is not attending school in accordance with the requirements of Article 26 of the School Code.* [325 ILCS 5/3]

"Parents" means the child's legal parents whose rights have not been terminated.

"Parties" means the Department and those persons who have appealed the final decision(s) made by the Department.  No person may join in an appeal unless that person would have standing to appeal the decisions himself or herself.

*"Perpetrator" means a person who, as a result of investigation, has been determined by the Department to have caused child abuse or neglect.* [325 ILCS 5/3]

*"Person responsible for the child's welfare" means the child's parent, guardian, foster parent,* operator, supervisor, or employee of *a public or private residential agency or institution, or public or private profit or not-for-profit child care facility, or any other person responsible for the child's welfare at the time of the alleged abuse or neglect, or any person who came to know the child through an official capacity or position of trust, including but not limited to health care professionals, educational personnel, recreational supervisors, and volunteers or support personnel in any setting where children may be subject to abuse or neglect.* [325 ILCS 5/3]

"Preponderance of the evidence" means the greater weight of the evidence which renders a fact more likely than not.

<u>"Regular appeal" means an appeal that may be requested by a child care worker or any other person for whom the Department has determined that an allegation of child abuse and/or neglect is indicated.  Regular appeals require that the Director issue a final administrative decision within 90 days after receipt by the Department's Administrative Hearings Unit of a written request for the appeal.  The 90 day time period excludes any time attributable to an appellant's request for a continuance or to any continuance or date set by the agreement of the parties.  Any written request for an appeal that is received by the Unit that does not expressly request an expedited appeal will automatically be treated as a regular appeal.</u>

## APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
### Peremptory Amendments – December 8, 2005

"Request for an appeal" means the written request by an appellant for an administrative hearing to determine whether the record of the report should be amended, expunged, or removed on the grounds that it is inaccurate or being maintained in a manner inconsistent with the Abused and Neglected Child Reporting Act. If the appellant is unable to request an appeal in writing, the Agency shall help the appellant put the request in writing.

"State Central Register" means the specialized Department unit that receives and transmits reports of alleged child abuse and neglect.

"Stipulation" means an agreement by the parties that certain facts are true and can be introduced into evidence without further proof.

"Subject of report" means any child reported to the State Central Register, and his or her parent, personal guardian, or other person responsible for the child's welfare, who is also named in the report. [325 ILCS 5/3]

"Timely written notice" means a notice which complies with the requirements of Section 336.80(b) of this part.

*"Unfounded report" means any report of child abuse or neglect for which it is determined, after an investigation, that no credible evidence of the alleged abuse or neglect exists.* [325 ILCS 5/3]

"Unknown perpetrator" means a person who may have caused specific abuse or neglect, but has not been identified or made known to the authorities.

(Source: Peremptory amendment at 29 Ill. Reg. 21091, effective December 8, 2005)

## Section 336.30  Notice of Department Decision

The State Central Register shall provide a written notification of final disposition of each child abuse and neglect investigation to mandated reporters who reported suspected child abuse or neglect as well as the child's parent, personal guardian, or legal custodian; the Juvenile Court Judge (when a State ward is involved); the Cook County Public Guardian, Juvenile Division (Cook County Department wards only); and the alleged perpetrator.  The notice shall provide the following information:

a)     a specific statement whether the Department has determined the report indicated or unfounded as a result of an investigation;

b)     the name of the perpetrator;

c)     the allegation(s) determined indicated;

d)     length of time the indicated case shall be retained by the Department;

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

e)     a statement that a Department review of an indicated decision is available;

f)     a statement that, if a review of the Department's decision is desired, it must be requested in writing within 60 days after notification of the completion of the investigation by the Child Protective Service Unit, as determined by the date of the notifications sent by the Department; and

g)     the name and address of the individual who must be contacted in order to request a review of the Department's decision.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

**Section 336.40  Notice of the Right to Appeal and Receive an Administrative Hearing**

a)     The Department shall provide clear instructions on how to request and receive an administrative hearing.  This explanation shall be provided within 10 days after the final determination has been entered into the State Central Register.

b)     Language of Notices

All written notices used in this Part shall be in the primary language of the person to whom the notice is sent.

c)     To begin the appeal process the subject shall request in writing that the Department review its decision.  The request must be mailed or faxed to the address or fax number designated in the written notice within 60 calendar days after notification of the completion of the investigation by the Child Protective Services Unit, as determined by the date of the notification sent by the Department.

d)     Upon receipt of a timely request for an appeal, the Department shall send the appellant within 20 days of the receipt of the request a copy of the investigative file from which confidential information has been deleted in accordance with 89 Ill. Adm. Code 431, Confidentiality of Personal Information of Persons Served by the Department.

e)     When requested, Department staff shall assist the subjects of a child abuse or neglect report in preparing a written brief of appeal.

f)     The Department shall not hinder an appellant who wishes to proceed with the appeal process.

g)     Other Notices

The following notices shall be hand-delivered with a certificate of delivery or sent by certified mail, return receipt requested, to "the addressee only":

1)     notice of pre-hearing conference and administrative hearing dates; and

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
**Peremptory Amendments – December 8, 2005**

    2)     notice of final administrative decision.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

### Section 336.50  Who May Appeal

Any person who has been named as a subject in an indicated or unfounded report of child abuse or neglect has the right to appeal any of the actions or inactions listed in Section 336.60 of this Part. The appeal may be filed by:

    a)     the appellant personally; or

    b)     the appellant's authorized representative; or

    c)     an individual legally acting on a person's behalf.  If the appeal is filed by an individual legally acting on a person's behalf, the individual must provide a certified copy of the court order authorizing the individual to act on behalf of the appellant.

(Source: Amended at 24 Ill. Reg. 7660, Effective June 1, 2000)

### Section 336.60  What May Be Appealed

The following issues may be appealed through the appeal process:

    a)     an indicated finding of child abuse or neglect;

    b)     failure to remove an unfounded report of child abuse or neglect from the State Central Register involving the death of a child, the sexual abuse of a child, or serious physical injury to a child after the passage of three years from the date the final finding is entered into the State Central Register, unless the report is being retained as a false report at the subject's request;

    c)     failure to remove an unfounded report made by a mandated reporter involving a report designated as a Priority One or Two in Appendix B of 89 Ill. Adm. Code 300 (Reports of Child Abuse and Neglect) after the passage of 12 months from the date the final finding is entered into the State Central Register, unless the report is being retained longer under (b) of this Section or the report is being retained as a false report at the subject's request;

    d)     failure to remove an unfounded report made by a mandated reporter involving a report designated as a Priority Three in Appendix B of 89 Ill. Adm. Code 300 (Reports of Child Abuse and Neglect) after passage of 60 days from the date the final finding is entered into the State Central Register, unless the report is being retained longer under (b) or (c) of this Section or the report is being retained as a false report at the subject's request;

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
**Peremptory Amendments – December 8, 2005**

e)    failure to remove any other unfounded report, not retained for a longer period of time under any of the preceding subsections, within 30 days from the date the final finding is entered into the State Central Register, unless the report is being retained as a false report at the subject's request;

f)    failure to expunge or remove information about an indicated report of child abuse or neglect that the appellant believes is maintained in a manner inconsistent with the Abused and Neglected Child Reporting Act; and

g)    whether the Department determined retention period assigned to the indicated report is in accordance with 89 Ill. Adm. Code 431 (Confidentiality of Personal Information of Persons Served by DCFS).

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.70  Appearance/Authorization to Represent

a)    During the appeal, parties may represent themselves or may be represented by an Authorized Representative.

b)    No person shall be allowed to act as an Authorized Representative in any matter before the Administrative Hearings Unit without first filing a written authorization with the Administrative Hearings Unit. The authorization shall be effective only for the particular matter in which it is filed, unless the matter has been consolidated with other proceedings by order of the Chief Administrative Law Judge or the assigned Administrative Law Judge.

c)    No particular form is required to file a written authorization for representation. However, all authorizations filed with the Administrative Hearings Unit shall be notarized, signed by the appellant and Authorized Representative, and identify:

1)    the name, address, and phone number of the party represented;

2)    the name, address, and phone number of the authorized representative; and

3)    the appeal in which representation is authorized.

d)    An Authorized Representative may exercise the rights of the appellant in the appeal process.  These rights include the right to:

1)    review and copy material placed in record during the proceeding;

2)    receive Department and Administrative Hearing notices;

3)    request and receive discovery materials:

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

> 4)    speak, or otherwise be heard, on behalf of the appellant in the administrative hearing process;
>
> 5)    have an interpreter at the Department's expense; and
>
> 6)    take any other actions permitted an appellant during the appeal process.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

**Section 336.80  How to Request a Hearing/Sufficiency**

After the Department has indicated a report and issued a notice of a right to an administrative hearing, a subject of a report may appeal by filing a timely and sufficient written Request for Appeal at the offices of the Administrative Hearings Unit.

> a)    For purposes of determining timeliness, an appeal shall be deemed filed:
>
> > 1)    as of the date of the postmark; or
> >
> > 2)    as of the date of receipt by the Administrative Hearings Unit, if the appeal was filed in person at the office of Administrative Hearings Unit; or
> >
> > 3)    the date the appeal was received by electronic facsimile transmission at the Administrative Hearings Unit office.
>
> b)    When the last day for the filing of an appeal falls upon a day on which the Administrative Hearings Unit is not open for business, an appeal shall be deemed timely if filed by the first regular business day thereafter.
>
> c)    An appeal shall be deemed sufficient if it provides the following information in legible form:
>
> > 1)    name, address and phone number (if any) of the appellant and the SCR number; and
> >
> > 2)    name, address and phone number of the appellant's representative (if applicable).
>
> d)    In the event that the Chief Administrative Law Judge finds an appeal to be timely but not sufficient (see subsection c (1) and (2) above), the appeal and a request for the required missing information shall be returned to the appellant within five days of receipt by the Administrative Hearings Unit. If the appellant re-files a sufficient appeal within five days from the postmark of the date that appeal is returned, the appeal shall be considered timely.  The Administrative Hearings Unit shall not consider an appeal actionable until receipt of a sufficient appeal.  If the appeal does not have a legible name or address, the Chief Administrative Law Judge may dismiss the appeal.

## APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
### Peremptory Amendments – December 8, 2005

e)    Appellants unable to file a written request for an appeal may request and receive appropriate assistance from Department field office staff to ensure that a proper written request for an appeal is made.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

### Section 336.85  Expedited Appeals

a)    Child care workers who are the subject of a Department finding that an allegation of child abuse and/or neglect is indicated may request from the Department's Administrative Hearings Unit an expedited appeal. The written request for an appeal must specifically state that an expedited appeal is being requested. The Department may request that an appellant requesting an expedited appeal provide documentation to confirm his or her status as a child care worker.

b)    Within seven days after the Unit's receive of the request for an expedited appeal, the Department will set pre-hearing and hearing dates and send the appellant and his or her representative a notice by certified mail of the dates, along with a copy of the investigative file.

c)    The pre-hearing date will be set within 14 days after receipt of the request for expedited appeal. The parties should be prepared to have the Department issue any subpoenas after the conclusion of the pre-hearing conference.

d)    The hearing date will be set within seven days after the pre-hearing conference and within 21 days after receipt of the request for expedited appeal. The Department will set aside two consecutive days for the administrative hearing.

e)    The Administrative Law Judge will provide the Director with a recommended decision within seven calendar days or five working days after completion of the expedited appeal hearing.

f)    The Director will issue a final administrative decision within seven days after receipt of the Administrative Law Judge's recommended decision and the Director's decision will be sent to the appellant and his or her representative by certified mail within 35 days after the date on which the expedited appeal request was received.

(Source:  Added by peremptory amendment at 29 Ill. Reg. 21091, effective December 8, 2005)

### Section 336.90  Confidentiality During the Expungement Process

a)    The Department has an affirmative duty to protect the confidentiality of personal information, in accordance with 89 Ill. Adm. Code 431, Confidentiality of Personal Information of Persons Served by the Department, and the Adoption Assistance and Child Welfare Act of 1980 [42 U.S.C. par 671 9 (a)(8)]. Confidentiality shall be preserved throughout the administrative hearing, the transmittal of the

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

Administrative Law Judge's recommendation to the Director and the release of the final administrative decision.

b)  The Administrative Law Judge has the right to exclude any individual or agency who does not have the right of access to the information being presented in accordance with the Adoption Assistance and Child Welfare Act of 1980, the Children and Family Services Act, the Abused and Neglected Child Reporting Act, and any other pertinent Act.

c)  The Administrative Law Judge has the authority to bifurcate the hearing into separate segments which deal with issues of other parties in order to preserve confidentiality as mandated under applicable statutes and rules and to prohibit discussion or introduction of evidence that is outside of the scope of the issues being presented in that segment.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

**Section 336.100  Rights and Responsibilities in Administrative Hearings**

a)  An appellant may bring an Authorized Representative to the hearing. Expenses of a representative or of an appellant's witnesses shall be paid by the appellant.

b)  At the appellant's request, the Department shall arrange for an interpreter at no cost to the appellant if English is not the appellant's primary language or shall provide a sign interpreter or other assistance for communication if the appellant is hearing impaired.

c)  During the administrative hearing, the appellant and the Department have the right to:

    1)  present and question witnesses;

    2)  present any information relevant to the issues;

    3)  question or disprove any information, including an opportunity to question opposing witnesses; and

    4)  dispose of any disputed issue by mutually agreeing to a resolution any time prior to the conclusion of the administrative hearing.

d)  Before and during the administrative hearing:

    1)  the appellant may withdraw the appeal; and

    2)  the Department may expunge the indicated finding or amend the indicated finding to delete any information which identifies the appellant as a perpetrator.

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

e)    In an administrative hearing concerning child abuse or neglect reports:

1)    the Department carries the burden of proof of justifying the refusal to amend, expunge or remove the record; and

2)    the Department must prove that a preponderance of the evidence supports the indicated finding, or that the record of the report is being maintained in a manner consistent with the Abused and Neglected Child Reporting Act and in accordance with Department Rules, 89 Ill. Adm. Code 300, Reports of Child Abuse and Neglect.

f)    Hearings shall be recorded on audiotapes. However, any party wishing to have the proceedings recorded by a certified court reporter may do so at the party's own expense.

g)    The Department has an obligation to present evidence which creates a full and complete record, subject to Department rules and statutes on confidentiality.

h)    At any time prior to the commencement of the administrative hearing, the Department representative may add or amend the allegations which support the indicated finding against the appellant. The Department representative must notify the appellant and the Administrative Hearings Unit, in writing, of the new or amended allegation and provide the appellant with a concise statement of the facts that form the basis for the new or amended allegation. If the Department representative adds or amends an allegation after the pre-hearing conference, but prior to the commencement of the administrative hearing, the appellant, upon request, shall be entitled to a continuance for a reasonable period of time. This continuance shall not be attributed to the appellant.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

**Section 336.110  The Administrative Hearing and Pre-hearing Conference**

a)    The Chief Administrative Law Judge shall:

1)    upon notification from the Department's representative that a criminal or juvenile court action is pending based on the same facts as the administrative expungement appeal, issue a stay of the appeal process for all appellants named as defendants or respondents until a final judicial decision has been made. The time period, from the filing of the criminal charges or the juvenile petition, shall not be considered a delay on the part of the Department in issuing and implementing its final administrative decision.

A)    If the circuit court makes a final decision favorable to the appellant, the appellant shall notify the Administrative Hearings Unit in writing that a final order has been entered in the criminal or juvenile case and the Administrative Hearings Unit shall schedule a hearing on the

# APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
## Peremptory Amendments – December 8, 2005

appeal. The appellant shall notify the Administrative Hearings Unit within 45 days after any such decision. If the appellant fails to notify the Administrative Hearings Unit of these findings of fact within 45 days, the appellant shall not be entitled to a hearing under this Part.

B)   If the circuit court makes a finding that the alleged perpetrator abused or neglected a child, the Chief Administrative Law Judge or an Administrative Law Judge shall enter an order upholding each indicated finding based on the same facts as the court finding of abuse or neglect and the alleged perpetrator shall not be entitled to a hearing on those indicated findings. If, after entering such an order, there are no remaining indicated findings of abuse or neglect, the Chief Administrative Law Judge or an Administrative Law Judge shall dismiss the appeal.

C)   The Administrative Hearings Unit may schedule status hearings to determine the status of any appeal stayed because of circuit court action;

2)   in the absence of a pending criminal or juvenile court action or an agreement of the parties, schedule a pre-hearing conference at least 15 days before the first hearing date and a hearing at a date within 70 calendar days after the date of receipt of the appellant's request for an administrative hearing;

3)   ensure that the administrative hearing is scheduled at a time and place reasonably convenient for all parties;

4)   provide a written notice to the parties within 10 calendar days after the receipt of a sufficient request for an administrative hearing, which shall contain the following information:

A)   the date and time of the pre-hearing conference;

B)   the date, time, place and the nature of the hearing;

C)   the reasons which may be deemed an abandonment of the request for a hearing, thus constituting a waiver of the right to a hearing;

D)   a citation to the provision in the Abused and Neglected Child Reporting Act which grants the Department of Children and Family Services the legal authority and jurisdiction to hold this hearing;

E)   a reference to the particular Sections of the statutes and administrative rules involved;

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

    F)    the allegation(s) that was indicated;

    G)    the consequences of the appellant's failure to appear at the pre-hearing conference;

    H)    the docket number assigned to this case;

    I)    the name and mailing address of the Administrative Law Judge and all parties, unless the names or addresses are confidential under the Abused and Neglected Child Reporting Act or Department of Children and Family Services Act; and

    J)    a statement of the parties' rights during the administrative hearing.

b)    The Administrative Law Judge shall address the following issues during the pre-hearing conference:

    1)    Whether parties have exchanged lists of the persons who will provide testimony during the administrative hearing.

    2)    Whether children under 14 years of age may testify or be involved in the hearing.

        A)    Either party requesting that a child under 14 years of age be subpoenaed to testify or be involved in the hearing process must demonstrate at the pre-hearing conference that:

            i)    the child's testimony or involvement is essential to a determination of an issue on appeal; and

            ii)    there is no likelihood of inflicting emotional harm to the particular child involved; and

            iii)    no alternatives, such as stipulations or transcripts from prior court hearings, exist which may be used as a substitute for the child's testimony.

        B)    If an Administrative Law Judge allows a child to testify, the Administrative Law Judge may set any conditions or restrictions, and may use any techniques allowed in any juvenile, civil or criminal court (including but not limited to in camera interviews, questions submitted in writing, exclusion of parties to the proceedings including but not limited to the parents, or change of hearing room or location) that will help minimize any emotional impact on the child.

    3)    Whether witnesses should be scheduled to testify at specific times.

### APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
**Peremptory Amendments – December 8, 2005**

    4)    Whether the parties have or will have exchanged records or documents prior to the administrative hearing.

    5)    Whether the parties can agree upon any facts as true.

    6)    Motions filed by any party.

        A)    Any motions from the appellant or the Department shall be filed with the Administrative Law Judge at least 10 calendar days before the pre-hearing.

        B)    Copies of the motion shall be served upon the Administrative Law Judge, the Administrative Hearings Unit, and the opposing party at least 10 days before the date set for pre-hearing.

        C)    Any motion that is consistent with administrative practice and procedure and does not infringe upon the Director's authority may be heard.

    7)    The need for an interpreter for a party whose primary language is not English or who requires communication assistance.

    8)    Whether any juvenile or criminal cases related to the indicated finding on appeal are pending in circuit court.

c)    The pre-hearing conference shall be convened by telephone unless the Administrative Law Judge and the parties agree that the pre-hearing conference shall be held in person. The Administrative Law Judge shall place all telephone calls. The cost of telephone calls shall be borne by the Department. The Administrative Hearings Unit shall arrange for the appellant to use a telephone at a Department Field Office if the appellant has previously notified the Department that he/she does not have access to a telephone.

d)    The Administrative Law Judge may order the parties to attend the pre-hearing conference in person without the consent of all parties. If the Administrative Law Judge orders personal attendance, the Administrative Law Judge shall:

    1)    give written notice to the parties of the date, time and place of the pre-hearing conference; and

    2)    hold the pre-hearing conference at a place and time convenient for the parties.

(Source: Amended at 26 Ill. Reg., effective March 8, 2002)

## APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
### Peremptory Amendments – December 8, 2005

### Section 336.120  The Administrative Law Judge

a)    Appointment of the Administrative Law Judge

The Chief Administrative Law Judge shall select a trained, impartial Administrative Law Judge from the available pool to conduct the appeal hearing. The Administrative Law Judge shall:

1)    be an attorney licensed to practice law in the State of Illinois;

2)    possess knowledge and information acquired through training and/or experience relevant to the field of child and family welfare law, including familiarity with Department rules, procedures and functions;

3)    not have been involved in the decision to take the action being appealed or have rendered legal advice to the decision-maker on the issue; and

4)    not have a personal or professional interest that interferes with exercising objectivity or have any bias against the parties or issues appealed.  An adverse ruling, in and of itself, shall not constitute bias or conflict of interest.

b)    Functions of the Administrative Law Judge

The Administrative Law Judge shall have all authority allowed under the Illinois Administrative Procedure Act [5 ILCS 100].  This authority shall include, but is not limited to, the following:

1)    conduct a fair, impartial and formal hearing in which the strict rules of evidence do not apply;

2)    provide for the recording of the hearing;

3)    inform participants of their individual rights and their responsibilities;

4)    conduct pre-hearing telephone conferences between the parties or their authorized representative to provide information about the procedural aspects of the hearing, narrow the issues and discuss possible stipulations and contested points of law, in order to expedite the actual hearing;

5)    have the authority to recommend changes in the child abuse and neglect report in the State Central Register;

6)    take necessary steps to develop a full and fair record that contains all relevant facts;

7)    administer an oath or an affirmation to all witnesses;

### APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
**Peremptory Amendments – December 8, 2005**

8) quash or modify subpoenas for good cause, including but not limited to, relevance, scope, materiality and emotional harm or trauma to the subpoenaed witness;

9) allow into evidence all evidence helpful in determining whether an alleged perpetrator abused or neglected a child, including oral and written reports, which the Administrative Law Judge and the Director may rely upon to the extent of its probative value, even though not competent under the civil rules of evidence;

10) allow into evidence previous statements made by the child relating to abuse or neglect as hearsay exceptions;

11) preserve all documents and evidence for the record;

12) rule upon evidentiary issues and contested issues of law at the hearing or take matters under advisement pending issuance of the written opinion and recommendation;

13) order the removal of any person from the hearing room who is creating a disturbance whether by physical actions, profanity or conduct which disrupts the hearing;

14) identify the issues, consider all relevant facts and receive or request any additional information necessary to decide the matter in dispute, including but not limited to the submission of briefs, memoranda of law, affidavits or post-hearing briefs; and

15) present a written opinion and recommendation to the Director within 15 calendar days after the record of the administrative hearing is completed or transcript is received, whichever is later. This report shall include a recommended decision on whether there is a preponderance of evidence of abuse or neglect based on information in the administrative record. The opinion shall contain findings of fact, conclusions of law and a recommendation.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.130  Consolidating and Severing Issues and Parties

a) When common issues of fact or law are raised in more than one appeal, the Chief Administrative Law Judge may consolidate the appeals into a single group hearing. Individuals shall be permitted to present their own cases separately. Nothing in this section shall override confidentiality considerations.

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

b)   The Chief Administrative Law Judge may also combine all appeals and issues involving a single appellant, whether arising under this Part or any other part, into one hearing.

c)   The Chief Administrative Law Judge, if required for the fair and efficient administration of the hearing or to prevent possible prejudice to the appellant, may sever any party or any issue from the consolidated hearing. The party or issue severed from the consolidated hearing shall be heard separately.

d)   The Chief Administrative Law Judge shall decide the order in which to hear any appeal or issue which has been severed.

e)   The Chief Administrative Law Judge may delegate any decision under this section to any Administrative Law Judge who has been assigned to hear one or more of the appeals.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.140  Exchange of Information

a)   All requests for information must be in writing and sent to the party from whom the information is sought at least 10 days in advance of the pre-hearing conference. The requestor must send a copy of the request to the Administrative Hearings Unit. A party, without leave of the Administrative Law Judge, may request from any other party:

    1)   a list of witnesses to be called at the hearing; and

    2)   copies of all documents that a party intends to present to the Administrative Law Judge at the hearing. The Department does not need to send a copy of the investigative file to the appellant when the Department has previously sent a copy of the investigative file to the appellant pursuant to Section 336.40 (d).

b)   A party may not request this information until the first hearing date has been set. All requests for information shall be served on all other parties or their authorized representative. Copies of all requests for information shall be filed with the Administrative Hearings Unit. All requests for information shall be answered within 10 calendar days after receipt unless, upon good cause shown, leave is sought for additional time to answer.

c)   A party may exercise any rights to access any Department record under 89 Ill. Adm. Code 431 (Confidentiality of Personal Information of Persons Served by the Department).

d)   No discovery, described in Supreme Court Rule 201 et seq., shall be permitted prior to a hearing except by permission of the Administrative Law Judge.

### APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
#### Peremptory Amendments – December 8, 2005

e)   Hearings shall not be delayed to permit the exchange of information unless timeliness and due diligence is shown by the party seeking the information.

f)   If a party fails to answer a request for information, the Administrative Law Judge may enter any just and appropriate order to advance the disposition of the matter, including but not limited to:

 1)   stay any further proceeding until the request for information is answered;

 2)   bar the testimony of any witness not disclosed in the answer to the request for information; or

 3)   prohibit the introduction of, or any testimony concerning, any document or evidence not disclosed in an answer to the request for information.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.150  Continuances

a)   No continuance of a scheduled hearing or pre-hearing conference shall be granted by the Administrative Law Judge to any party except for good cause shown.  Good cause includes, but is not limited to:

 1)   sickness or death in the immediate family of the appellant, the Department representative or the authorized representative of the appellant;

 2)   court or administrative hearing dates scheduled prior to the issuance of the notice of hearing; and

 3)   the unavailability of a witness.

b)   No request for a continuance shall be granted without notice to all parties and an opportunity to object on the record.  All motions for continuance shall be disposed of by written order.

c)   If a continuance is requested or agreed to by an appellant, the time period between the request for continuance and the continued hearing date shall not be considered a delay on the part of the Department in issuing and implementing its final administrative decision.

d)   If a continuance is requested due to the lack of a certified court reporter or interpreter, the party seeking a continuance must demonstrate due diligence in seeking such service for the hearing date.

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
**Peremptory Amendments – December 8, 2005**

e)   Notices of a continued hearing date need not include any restatement of the rights of the parties.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.160   Attendance of Witnesses

a)   An appellant may require any child protective investigator who was part of the investigation being appealed to attend the hearing by writing to the Department representative no earlier than receipt of the notice of hearing and no later than 14 days before the hearing and requesting that the investigator, who must be identified by name, attend the hearing.

b)   The appellant may subpoena any other witness, no earlier than receipt of the notice of hearing and no later than 14 days before the hearing, by requesting that the Chief Administrative Law Judge issue a subpoena to compel the attendance of the witness. Witness fees and travel expenses for persons other than Department employees are the responsibility of the party requesting the subpoena.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.170   Testimony by Telephone

For good cause shown, the Administrative Law Judge may, on the judge's own motion or the motion of any party, allow a witness to testify at the administrative hearing by telephone.

(Source: Added at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.180   Interpreters

A party whose primary language is not English, or who requires communication assistance, may request an interpreter. The Department shall provide an interpreter at no cost to the party. Unless the interpreter has been requested at least 14 calendar days before the hearing, the time between the request for the interpreter and any continued hearing date occasioned by that request shall not be construed as delay on the part of the Department in issuing and implementing its decision.

(Source: Added at 24 Ill. Reg. 7660, effective June 1, 2000)

## Section 336.190   Grounds for Dismissal

a)   The Chief Administrative Law Judge or the Administrative Law Judge shall dismiss the appeal on his or her own motion or on the motion of any party when:

1)   the Department has already made a final administrative decision on the issue as a result of a previous appeal;

### APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
#### Peremptory Amendments – December 8, 2005

2)    the issue is not regarding a child abuse or neglect report as defined in 89 Ill. Adm. Code 300 (Reports of Child Abuse and Neglect);

3)    a court has made a judicial decision on the issue being appealed or a judicial finding of child abuse or neglect has been made on the issue and the appellant is requesting that the record of the report of child abuse or neglect be expunged, amended or removed;

4)    the request for the appeal was not received within 60 calendar days of the postmarked date of the notice that the report was indicated;

5)    the appeal has been withdrawn in writing;

6)    the appeal has been abandoned pursuant to 336.200; or

7)    the issue is not within the jurisdiction of the Administrative Hearing Unit as set forth in Section 336.60 of this Part.

b)    If the Chief Administrative Law Judge finds that the issue is not appealable under this Part but can be appropriately heard through another appeal process, in accordance with 89 Ill. Adm. Code 435 (Administrative Appeals and Hearings), the Department shall forward the appeal to the proper hearing authority and notify the appellant of this action.

(Source: Amended at 24 Ill. Reg. 7660, effective June 1, 2000)

### Section 336.200  Abandonment of Appeal/Default

a)    The Administrative Hearings Unit will declare that the appellant has abandoned the appeal when:

1)    the appellant or the appellant's authorized representative, without good cause, fails to appear at a hearing or pre-hearing without having received a continuance; or

2)    the appellant failed to notify the Chief Administrative Law Judge of a change of address and a notice of the administrative hearing, sent to the appellant's last known address, was returned as "undeliverable," "unclaimed," "refused," "moved," or "no forwarding address."

b)    Good cause for failure to appear includes, but is not limited to:

1)    death or serious illness in the immediate family of the appellant or the appellant's representative;

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

2)  failure of the Administrative Hearings Unit to give notice of the proceeding to the appellant or the appellant's representative at the last known address available to the Administrative Hearings Unit; or

3)  failure of the Administrative Hearings Unit to give notice by fax, inter-office mail or electronic mail, to the Department representative or the present supervisor of the child protection team with primary case responsibility for the investigation.

c)  When the Department fails to appear at a pre-hearing conference or hearing, without good cause, and without having received a continuance, the Administrative Law Judge may issue such orders as are appropriate, including, but not limited to, a finding of default for failure to appear.

d)  Any party seeking to vacate an order of abandonment shall file a motion within 14 days of notice of the entry of an order of abandonment or default, showing good cause why the party failed to appear or participate.

(Source: Added at 24 Ill. Reg. 7660, effective June 1, 2000)

**Section 336.210  Record of an Administrative Hearing**

The record of the administrative hearing and the final administrative decision shall be maintained by the Chief Administrative Law Judge.  All final administrative decisions shall be available to any party for public inspection during regular business hours.  However, confidential information shall be deleted in accordance with 89 Ill. Adm. Code 431 (Confidentiality of Personal Information of Persons Served by the Department).

(Source: Added at 24 Ill. Reg. 7660, effective June 1, 2000)

**Section 336.220  Final Administrative Decision**

a)  Making the Final Administrative Decision

1)  The Director of the Department shall receive the Administrative Law Judge's recommended decision within 35 days after receipt of a timely and sufficient request for an expedited appeal, unless extended by action of the appellant or a stay pending a final judicial decision of a criminal or juvenile court proceeding based upon the same set of facts.  Within the same 35 day time period, the Director shall receive and accept, reject, amend or return to the Administrative Hearings Unit for further proceedings the Administrative Law Judge's recommendation with respect to the expedited appeal.  The Director's decision is the final administrative decision of the Department.  If the decision requires corrective action by the Department, the Director shall insure compliance with the decision.

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
Peremptory Amendments – December 8, 2005

    2)    The Director of the Department shall receive the Administrative Law Judge's recommended decision 90 days after receipt of a timely and sufficient request for an appeal, unless extended by action of the appellant or a stay pending a final judicial decision of a criminal or juvenile court proceeding based upon the same set of facts. Within the same 90 day time period, the Director shall receive and accept, reject, amend or return to the Administrative Hearing Unit for further proceedings the Administrative Law Judge's recommendation. The 90 day time period may be extended by the actions of the appellant. The Director's decision is the final administrative decision of the Department. If the decision requires corrective action by the Department, the Director shall appoint a Department staff person who shall be responsible for insuring compliance with the decision.

b)    Notice of the Availability of Judicial Review

The Department shall include a notice to appellants as part of the final administrative decision. This notice shall include the name of the person responsible for compliance, if applicable, and shall advise the appellants that, under the provisions of the Administrative Review Law [735 ILCS 5/Art. III], they may seek judicial review of the Department's decision if it is unfavorable to them, within the statutory time frame.

c)    Who Receives Copies of the Final Administrative Decision

The appellant or authorized representative, the Department child protective investigation unit, the Department's representative, the Department's Office of Legal Services, the Administrative Law Judge, the Chief Administrative Law Judge, and the State Central Register shall receive a copy of the final administrative decision.

d)    Notifying Others of the Decision

    1)    The following persons shall receive a notice of the final administrative decision from the State Central Register:

        A)    the Illinois Department of Professional Regulation, district, regional and private school superintendents and the State Board of Education when they have been notified that an appeal has been filed in accordance with 89 Ill. Adm. Code 300 (Reports of Child Abuse and Neglect), Section 300.140;

        B)    administrators of child care facilities and Department licensing staff when the appellant is an employee of a child care facility;_and

        C)    supervisors or administrators notified in accordance with 89 Ill. Adm. Code 300.100 (i).

## APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS
### Peremptory Amendments – December 8, 2005

2)      The following persons shall receive a notice of the final administrative decision, if the decision amends, expunges or removes any record made under Section 7.11 of the Abused and Neglected Child Reporting Act [325 ILCS 5/7.17]:

   A)      parents or personal guardians of the child victims if they are not the same as the appellant;

   B)      the mandated reporter who originally made the report of child abuse or neglect;

   C)      the juvenile court judge and guardian ad litem (when a State ward is involved).

(Source: Amended at 26 Ill. Reg., effective March 8, 2002)

## Section 336.230  Severability of This Part

If any Court of competent jurisdiction finds that any Section, clause, phrase, or provision of this Part is unconstitutional or invalid for any reason whatsoever, this finding shall not affect the validity of the remaining portions of this Part.

(Source: Added at 24 Ill. Reg. 7660, effective June 1, 2000)

**APPEAL OF CHILD ABUSE AND NEGLECT INVESTIGATION FINDINGS**
**Peremptory Amendments – December 8, 2005**

This page intentionally left blank.